IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| GRETCHEN S. STUART, M.D., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | |
| JANICE E. HUFF, M.D., et al., ) | Case No. 1:11-cv-00804 |
| ) | |
| Defendants. ) | |

## PLAINTIFFS' MOTION FOR CLARIFICATION OF COURT'S PRELIMINARY INJUNCTION RULING

Plaintiffs hereby respectfully request that the Court clarify its October 25, 2011 Memorandum Opinion and Order (Docket No. 39) (hereafter "Opinion" or "Op.") with respect to one issue: who may do the counseling required by Section 90-21.82(1).

As this Court's Opinion recognized, N.C. Gen. Stat. § 90-21.82(1) repeatedly mandates that "a physician *or qualified professional*" orally inform the woman of certain information. Op. at 14 (emphasis added); *see* §§ 90-21.82(1), 90-21.82(1)(e). However, that same section elsewhere indicates that *precisely the same information* must be provided "during a consultation in which the *physician* is able to ask questions of the patient and the patient is able to ask questions of the physician," § 90-21.82(1) (emphasis added); *see also* Op. at 15.

In addressing Plaintiffs' vagueness challenge to these conflicting provisions, the Court recognized that they were "not a model of clarity," Op. at 15, but stated that the

1

statute was not vague because it "requires that a physician or qualified professional provide the listed information and that there be a consultation with a physician so that questions can be asked and answered." Op. at 15. If Plaintiffs are correctly understanding that statement in the Opinion, the Court appears to have determined that Section 90-21.82(1) consists of two separate requirements: (1) that there be a discussion 24 hours before the procedure in which a physician or qualified professional relays the statutorily mandated information to the patient; and (2) that there be a consultation 24 hours before the procedure that can only take place with a physician.[1]

But the statutory language does not support this two-event construction. Instead, the text identifies a single category of "information required by this subdivision"—that is, the information listed in subsections 90-21.82(1)(a)–(g)—and sets a series of requirements on how that information must be provided:

> *The information required by this subdivision shall be provided* in English and in each language that is the primary language of at least two percent (2%) of the State's population. *The information may be provided* orally either by telephone or in person, in which case the required information may be based on facts supplied by the woman to the physician and whatever other relevant information is reasonably available. *The information required by this subdivision* may not be provided by a tape recording but *shall be provided* during a consultation in which the physician is able to ask questions of the patient and the patient is able to ask questions of the physician.

---

[1] If the Court meant that a qualified professional could provide all of the information required by Section 90-21.82(1) and there only needs to be "a consultation with a physician" if the woman still needs to have "questions asked and answered," Op. 15, Plaintiffs respectfully request that the Court issue that clarification.

2

§ 90-21.82(1) (emphasis added). There is no basis in this text to suggest two different phone calls, meetings, or consultations, nor to suggest that, if the qualified professional provides the required information, the physician must also be present at that time. And given that the Act itself requires that the information be provided as part of a consultation that the Court seems to say must take place with a physician, it seems that the only way for providers to be sure to steer clear of violating the Act is to have a physician provide all of the information.

However, the legislature clearly contemplated a role for "qualified professionals." Indeed, these requirements all fall under the first sentence of section 90-21.82(1), which states that at least 24 hours before the abortion "a physician *or qualified professional* [must] orally inform[] the woman" of the listed information. *Id.* (emphasis added). But the Court's reading essentially reads their role out, turning section 90-21.82(1)'s repeated references to a "qualified professional" into mere surplusage. More specifically, if the information listed in subsections 90-21.82(1)(a)–(g) *must* be provided during a separate consultation involving a physician, then the repeated statement that a "qualified professional" may also provide the information would be meaningless. *See, e.g., Porsh Builders, Inc. v. City of Winston-Salem*, 276 S.E.2d 443, 447 (N.C. 1981) ("It is presumed that the legislature intended each portion to be given full effect and did not intend any provision to be mere surplusage."). That is, because the information listed in subsections 90-21.82(1)(a)–(g) "shall" be provided during a consultation, § 90-21.82(1), there would be no role under section 90-21.82(1) for a qualified professional except to

3

provide *precisely the same information* a second time or for a physician to sit idly by while the qualified professional provides the information. But there is absolutely no reason to think that the legislature intended either scenario, and such a requirement would make no sense. *See, e.g., State v. Jones*, 359 N.C. 832, 837 (2005) ("[I]n construing statutes courts normally adopt an interpretation which will avoid absurd or bizarre consequences, the presumption being that the legislature acted in accordance with reason and common sense and did not intend untoward results.") (quotation marks and citation omitted).

Because the Court cannot have intended to resolve section 90-21.82(1)'s vagueness in a manner that results in some language being superfluous and/or a purposeless repetition of the same information, Plaintiffs respectfully request that the Court clarify its decision. In particular, Plaintiffs request that the Court make it clear that *either* a qualified professional or a physician may satisfy *all* of the requirements of Section 90-21.82(1) in one phone call or meeting with the woman. Plaintiffs believe that this is the only possible construction that makes sense and gives meaning to all of the Act's terms.

October 26, 2011


Respectfully submitted,

4

Case 1:11-cv-00804-CCE-LPA   Document 42   Filed 10/26/11   Page 4 of 6

provide *precisely the same information* a second time or for a physician to sit idly by while the qualified professional provides the information. But there is absolutely no reason to think that the legislature intended either scenario, and such a requirement would make no sense. *See, e.g., State v. Jones*, 359 N.C. 832, 837 (2005) ("[I]n construing statutes courts normally adopt an interpretation which will avoid absurd or bizarre consequences, the presumption being that the legislature acted in accordance with reason and common sense and did not intend untoward results.") (quotation marks and citation omitted).

Because the Court cannot have intended to resolve section 90-21.82(1)'s vagueness in a manner that results in some language being superfluous and/or a purposeless repetition of the same information, Plaintiffs respectfully request that the Court clarify its decision. In particular, Plaintiffs request that the Court make it clear that *either* a qualified professional or a physician may satisfy *all* of the requirements of Section 90-21.82(1) in one phone call or meeting with the woman. Plaintiffs believe that this is the only possible construction that makes sense and gives meaning to all of the Act's terms.

October 26, 2011


Respectfully submitted,

s/ *Katherine Lewis Parker*
Katherine Lewis Parker
NC Bar #36263
Legal Director
American Civil Liberties Union
of North Carolina Legal Foundation
P.O. Box 28004
Raleigh, NC 27611
(919) 834-3466
(866) 511-1344 Fax
acluncklp@nc.rr.com

COUNSEL FOR ALL PLAINTIFFS

Bebe J. Anderson*
Senior Counsel
Center for Reproductive Rights
120 Wall Street, 14th Floor
New York, NY 10005
(917) 637-3687
(917) 637-3666 Fax
banderson@reprorights.org

COUNSEL FOR GRETCHEN S. STUART, M.D., DAVID A. GRIMES, M.D., AMY BRYANT, M.D., DECKER & WATSON d/b/a PIEDMONT CAROLINA MEDICAL CLINIC, & A WOMAN'S CHOICE OF RALEIGH, INC.

Andrew D. Beck*
Staff Attorney
American Civil Liberties Union
Foundation
125 Broad Street
New York, NY 10004
(212) 284-7318
(212) 549-2651 Fax
abeck@aclu.org

Helene T. Krasnoff*
Planned Parenthood Fed. of America
1110 Vermont Avenue NW, Suite 300
Washington, DC 20005
(202) 973-4800
(202) 296-3480 Fax
helene.krasnoff@ppfa.org

COUNSEL FOR JAMES R. DINGFELDER, M.D., SERINA FLOYD, M.D., TAKEY CRIST, M.D., & TAKEY CRIST, M.D., P.A., d/b/a CRIST CLINIC FOR WOMEN

COUNSEL FOR PLANNED PARENTHOOD OF CENTRAL NORTH CAROLINA & PLANNED PARENTHOOD HEALTH SYSTEMS, INC.

*By special appearance

# CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of October, 2011, I electronically filed the foregoing PLAINTIFFS' MOTION FOR CLARIFICATION OF COURT'S PRELIMINARY INJUNCTION RULING with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for all Defendants:

> **Thomas J. Ziko**
> tziko@ncdoj.gov
> Senior Deputy Attorney General
> **I. Faison Hicks**
> fhicks@ncdoj.gov
> Special Deputy Attorney General
> **Stephanie A. Brennan**
> sbrennan@ncdoj.gov
> Assistant Attorney General
>
> North Carolina Department of Justice
> 114 Edenton Street
> Post Office Box 629
> Raleigh, NC 27602
> Telephone: (919) 716-6400

>>> /s/ *Katherine Lewis Parker*
>>> Katherine Lewis Parker
>>> NC Bar No. 36263
>>> Legal Director, American Civil Liberties Union
>>> of North Carolina Legal Foundation
>>> Post Office Box 28004
>>> Raleigh, North Carolina 27611
>>> (919) 834-3466
>>> (866) 511-1344 Fax
>>> acluncklp@nc.rr.com