IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

|  |  |
|---|---|
| GRETCHEN S. STUART, M.D.; *et al.*, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) Civil Action No. 1:11-cv-804-CCE ) ) ) |
| JANICE E. HUFF, M.D. *et al.*, | ) ) |
| Defendants. | ) ) |

---

**MOTION TO INTERVENE OF PROPOSED DEFENDANT-INTERVENORS ("MOVANTS") DRS. JOHN M. THORP, JR.,M.D, FACOG; GREGORY J. BRANNON, M.D., FACOG; MARTIN J. MCCAFFREY, M.D.; CHIMERE COLLINS; DALLENE HALLENBECK; TRACIE JOHNSON;LANITA WILKS; ASHEVILLE PREGNANCY SUPPORT SERVICES AND THE PREGNANCY RESOURCE CENTER OF CHARLOTTE**

---

Proposed defendant-intervenors Drs. John M. Thorp, Jr., M.D., FACOG; Gregory J. Brannon, M.D., FACOG, Martin J. McCaffrey, M.D., *on behalf of themselves, individually, as licensed health care providers, and their patients* (collectively the "Medical Professionals"); Chimere Collins; Dallene Hallenbeck; Tracie Johnson, and Lanita Wilks, *on behalf of themselves, individually*, *as mothers, parents and former abortion patients* (collectively the "Post-Abortive Women"); and Asheville Pregnancy

1

Support Services ("APSS") and the Pregnancy Resource Center of Charlotte (PRCC), *as not-for-profit corporations duly organized under the laws of the State of North Carolina to provide, inter alia, limited ultrasound and pregnancy counseling services without charge to North Carolina's women and men who are facing an unexpected pregnancy or the adverse consequences of a prior abortion* (collectively the "Pregnancy Medical Centers" or "PMCs"), pursuant to Rule 24 (a)(2) [*Intervention of Right*] <u>and alternatively,</u> Rule 24 (b)(2) [*Permissive Intervention*] of the Federal Rules of Civil Procedure (FRCP) and, on the factual and legal grounds summarized below and set forth in greater detail in each Movant's accompanying declaration or argued in Movants' supporting memorandum of law, hereby move for leave to intervene as party Defendants in the above-captioned case.

Pursuant to FRCP, Rule 24 (c), as provided in FRCP, Rule 5 and L. R. 5.3 through the Court's CM/ECF filing system, Movants have served electronically their motion to intervene on the parties, as well as their accompanying proposed Answer setting out the claim and defenses for which intervention is sought.

## <u>Rule 24 (a) (2) – Intervention of Right</u>

Movants file this timely motion for intervention as of right under FRCP, Rule 24(a) (2) and rely on their supporting declarations filed along with this motion.

FRCP Rule 24 (a) (2) requires this Court to allow the Movants to intervene if they "claim[s] an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or

2

impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

In order to intervene, the Movants "must meet all four of the following requirements: (1) the application to intervene must be timely; (2) the applicant must have an interest in the subject matter of the underlying action; (3) the denial of the motion to intervene would impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties to the litigation." Houston General Insurance Co. v. Moore, 193 F.3d 838, 839 (4th Cir. 1999).

In support of their motion, the Movants set forth that:

1. This motion is timely and will not prejudice the interests of the other parties, particularly in view of the fact the case was filed less than 45 days ago and Movants are filing their proposed Answer, along with this motion and before the date set in the Scheduling Order for Defendants to file their Answer.

2. Movants are among the class of beneficiaries the North Carolina Legislature intended to benefit or protect by enacting the Act. The Medical Professionals and the PMCs possess a direct and substantial interest as they are committed to providing safe and responsible care to all their patients or clients, including the provision of the voluntary and informed consent they are authorized to certify under § 90-21.82 and § 90-21.88 of the Act for every woman who is considering whether to terminate or carry her pregnancy to term. The Post-Abortive Women are the essence of the Act. While these

3

three groups are the beneficiaries, none are named Defendants and, currently, may not make an appearance in this matter.

3. In addition, as "licensed health care providers" themselves or as organizations who employ "licensed health care providers" for women "upon whom an abortion has been performed or attempted to be performed in violation of the Act", the Medical Professionals and the PMCs have an additional direct and substantial interest as they enjoy separate legal rights and civil remedies under the Act pursuant to § 90-21.88 (b) which allows the Medical Professionals, PMCs and the Attorney General to seek injunctive relief.

4. The Post-Abortive Women, two of whom lobbied for the passage of the Act, possess a direct and substantial interest as they are all women whose abortions were coerced and/or uninformed in this State by some of the plaintiffs or by other abortionists in this state leading to the very adverse consequences that the Act was enacted to prevent or mitigate.

5. In addition, the Post-Abortive Women have an additional direct and substantial interest as they may seek the civil remedies under § 90-21.88 of the Act.

6. The Movants point out that all the named Defendants were sued in their official capacity, therefore, *none* of the named Defendants, in their official capacity, can avail themselves of the civil remedy set forth in § 90-21.88 (a) of the Act. The Post-Abortive Women are the *only ones* that can avail themselves of the remedy established by the Act. Therefore, the Post-Abortive Women have an additional

4

direct and substantial interest in the Act and the denial of intervention would significantly impair or impede their ability to protect their interest.

7. Movants' interests potentially diverge from those of the Defendants and may not be adequately protected by the Defendants. Movants point out that the Defendants were sued in their official capacity, and not as individuals, and they submitted no evidence in opposition to the Plaintiff's motion[1] that was heard on October 17, 2011 by this Court. In addition, much of the Court's October 25, 2011 Memorandum Opinion and Order had to do with the compelled speech issue. As the Court opined, "mandating speech that a speaker would not otherwise make necessarily alters the content of the speech" (Memorandum Opinion and Order page 5 citing *Riley v. Nat'l Fed'n of the Blind of N.C., Inc.,* 487 U.S. 781, 795 (1988)); however, the Medical Professionals and PMCs are much more suited to testify to what speech "a speaker would not otherwise make" as opposed to the Defendants, none of which are Medical Professionals or PMCs. Also, the Defendants put on no evidence as to this issue at the October 17, 2011 hearing. In addition, and again without putting on evidence, the Defendants argued that the Act did not create an undue burden on a woman's right to get an abortion (Memorandum Opinion and Order page 7). Again, the Post-Abortive Women would be much better suited to argue that point, and provide the supporting evidence, than the current Defendants.

---

[1] "Even though the Defendants did not state what kind of evidence they want to present nor did they explain why they were unable to present any evidence before the October 17 hearing, the Court recognizes that the motion was set for hearing on short notice soon after it was filed." Footnote 10, Memorandum and Opinion Order.

8. Furthermore, as indicated in the accompanying declarations, Movants possess and are bringing to the court the very evidence that actually contradicts the factual allegations and expert medical opinions which this Court deemed "uncontradicted" by Defendants in its October 25, 2011 Memorandum Opinion and Order. Movants' participation as Defendants in this action enables a fuller development of the factual and legal issues presented in this case. The Movants are ready, willing and able to fully present the facts, expert medical opinion and the law that are integral for this Court's full adjudication of the allegations raised in the Complaint.

9. As set forth in their accompanying declarations, the Movants have vital legal, professional, familial and personal interests in disproving the substantive allegations in the Complaint so that every provision of the Act can go into full force and effect. To grant the relief that Plaintiffs seek, that of enjoining enforcement of the key provisions of the Act, would nullify or impede Movants' ability to protect these interests. Thus, Applicants have a direct and substantial interest in defending the Act; denial of this motion to intervene will significantly impair or impede the Movant's ability to protect those interests; and, their interests are not being adequately protected by the current Defendants.

## **Alternative Motion - Rule 24 (b) (1) (B)**

Alternatively, the Movants seek permissive intervention pursuant to FRCP Rule 24(b) (1) (B) which says that this Court may permit the Movants to intervene if they have "a claim or defense that shares with the main action a common question of law or fact." FRCP Rule 24 (b) (1) (B).

Movants' claims and defenses and the present action share common questions of law and fact as set forth in the Movants' declarations. Movants participation will not delay or prejudice the adjudication of the rights of the parties; and this motion to intervene is timely.

## **Request for Expedited Review**

Movants request that the Court expedite its resolution of this motion so that Movants may be admitted to (1) timely respond to plaintiffs' pending motion for clarification of the Court's preliminary injunction; (2) participate in whatever hearings the Court now plans to conduct on December 5 and 6; and (3) move to vacate or modify the preliminary injunction as provided for in the Court's October 25 Scheduling Order.

Respectfully submitted, this the 8th day of November, 2011.

/s/ W. Eric Medlin
W. Eric Medlin
N.C. State Bar No. 29687
ROBERTSON, MEDLIN & BLOSS, PLLC
127 North Green Street, *Third Floor*
Greensboro, NC 27401
336-378-9881
Fax: 336-378-9886
eric.medlin@robertsonmedlin.com

Steven H. Aden*
D.C. Bar No. 466777
ALLIANCE DEFENSE FUND
801 G. Street, N.W., *Suite 509*
Washington, D.C. 20001
202-393-8690
Fax: 202-347-3622
saden@telladf.org

7

Samuel B. Casey*
Cal. Bar. No, 76022
JUBILEE CAMPAIGN-
LAW OF LIFE PROJECT
801 G. Street, N.W., *Suite 521*
Washington, D.C. 20001
202-586-5652
Fax: 703-349-7323
sbcasey@lawoflifeproject.org

*Attorneys for Proposed Defendant-Intervenors*


*\*Notice of Special Appearance
to be filed*

# CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of November, 2011, I caused a true and correct copy of the foregoing: MOTION TO INTERVENE OF PROPOSED DEFENDANT-INTERVENORS ("MOVANTS") DRS. JOHN M. THORP, JR., M.D, FACOG; GREGORY J. BRANNON, M.D., FACOG; MARTIN J. MCCAFFREY, M.D.; CHIMERE COLLINS; DALLENE HALLENBECK; TRACIE JOHNSON;LANITA WILKS; ASHEVILLE PREGNANCY SUPPORT SERVICES AND THE PREGNANCY RESOURCE CENTER OF CHARLOTTE, along with the accompanying Memorandum of Law, Proposed Answer and supporting Declarations of each of the Movants to be electronically served on the following appearing counsel for defendants and plaintiffs by means of the Court's CM/ECF system.

COUNSEL FOR DEFENDANTS:
Thomas J. Ziko (State Bar No. 8577)
*Senior Deputy Attorney General*
I. Faison Hicks (State Bar No. 10672)
Stephanie Brennan (State Bar No. 35955)
*Special Deputies Attorney General*
N.C. Department of Justice
114 W. Edenton Street, Post Office Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6900
Fax: (919) 716-6763
Email: tziko@ncdoj.gov
Email: fhicks@ncdoj.gov
Email: sbrennan@ncdoj.gov

COUNSEL FOR PLAINTIFFS:
Katherine Lewis Parker
ACLU OF NORTH CAROLINA
POB 28004
Raleigh, NC 27611-8004
919-834-3466
Fax: 866-511-1344
Email: kparker@acluofnc.org

Bebe J. Anderson
THE CENTER FOR REPRODUCTIVE RIGHTS
120 Wall St., 14th Floor
New York, NY 10005
917-637-3687
Fax: 917-637-3666
Email: banderson@reprorights.org

Andrew D. Beck
AMERICAN CIVIL LIBERTIES UNION
125 Broad St., 18th Floor
New York, NY 10004-2400
212-284-7318
Fax: 212-549-2650
Email: abeck@aclu.org

Helene T. Krasnoff
PLANNED PARENTHOOD FEDERATION OF AMERICA
1110 Vermont Ave., NW, Ste. 300
Washington, Dc 20005
202-973-4800
Fax: 202-296-3480
Email: helene.krasnoff@ppfa.org

Dated: November 8, 2011

/s/ W. Eric Medlin
W. Eric Medlin (State Bar No. 29687)
ROBERTSON, MEDLIN & BLOSS, PLLC
127 North Green Street, 3rd Floor
Greensboro, NC 27401
336-378-9886
Fax: 336-378-9886
Email: eric.medlin@robertsonmedlin.com

*One of Counsel for
Proposed Defendant-Intervenors*