# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| GRETCHEN S. STUART, M.D., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | |
| JANICE E. HUFF, M.D., et al., ) | Case No. 1:11-cv-00804 |
| ) | |
| Defendants. ) | |

## PLAINTIFFS' MOTION FOR MODIFICATION OF PRELIMINARY INJUNCTION RULING

Pursuant to the Court's October 25, 2011 Scheduling Order (Dockt. No. 41), Plaintiffs hereby respectfully move the Court for modification of one aspect of its Memorandum Opinion and Order (Dockt. No. 39) (hereafter "Opinion" or "Op.") and Preliminary Injunction (Dockt. No. 40) (hereinafter "Order") granting in part and denying in part Plaintiffs' motion for preliminary injunctive relief. Plaintiffs request that the Court modify its Opinion and Order with respect to its ruling on their vagueness challenge to N.C. Gen. Stat. § 90-21.82(1).

As argued in Plaintiffs' motion for preliminary injunctive relief, the informed consent requirements set forth in N.C. Gen. Stat. § 90-21.82 are internally inconsistent, rendering them vague: North Carolina Session Law 2011-405 ("the Act") repeatedly mandates that "a physician *or qualified professional*" orally inform the woman of certain information, §§ 90-21.82(1), 90-21.82(1)(e) (emphasis added); *see also* Op. at 14, but it

1

elsewhere indicates that *precisely the same information* must be provided "during a consultation in which the *physician* is able to ask questions of the patient and the patient is able to ask questions of the physician," § 90-21.82(1) (emphasis added). Because the Court's rejection of Plaintiffs' vagueness challenge to Section 90-21.82(1) is inconsistent with both the statutory text and principles of statutory interpretation, Plaintiffs respectfully ask the Court to modify its Order.[1]

## ARGUMENT

Due process prohibits laws so vague that persons of "common intelligence must necessarily guess at [their] meaning and differ as to [their] application." *Smith v. Goguen*, 415 U.S. 566, 572 n.8 (1974) (citations omitted). As this Court recognized, because the Act "create[s] wide-ranging civil remedies for violation of the law, N.C. Gen. Stat. § 90-21.89, and physicians are also subject to a number of harsh consequences as to their medical licenses if they perform abortions in violation of North Carolina law," Plaintiffs "are entitled to a statute that sets forth their obligations clearly." Op. at 14; *see also* Pls.' Br. in Supp. of Mot. for TRO and Prelim. Inj. (Dockt. No. 9) at 10-12 (citing cases). Section 90-21.82(1) manifestly fails to meet this requirement with respect to the issue of whether the actions mandated by that provision may all be satisfied by a qualified professional.

Section 90-21.82(1) begins by clearly stating "[a]t least 24 hours prior to the

---

[1] On October 26, 2011, Plaintiffs filed a Motion for Clarification addressing the Court's ruling regarding who may provide the information mandated by Section 90-21.82(1) in the required "consultation." (Dockt. No. 42.) That issue is also the subject of this motion and, therefore, a ruling on either of these motions would render the other moot.

2

abortion, a physician *or qualified professional* [must] orally inform[] the woman, by telephone or in person," of seven specified items of information. *See* § 90-21.82(1) (emphasis added). Following the listing of the mandated information, the provision provides for situations in which "the physician *or qualified professional* does not know" three of the specified items of information, and then sets forth details about the way in which the information must be provided. *Id.* (emphasis added). One of those details is: "[t]he information required by this subdivision may not be provided by a tape recording but *shall be provided* during a consultation in which the physician is able to ask questions of the patient and the patient is able to ask questions of the physician." *Id.* (emphasis added).

In addition, as to the mandated information itself, the provision uses language inconsistent with its clear prefatory statement that the mandated information may be provided by a qualified professional: it requires that the "probable gestational age" be provided, yet defines that term to be dependent on involvement of "the physician," §§ 90-21-82(1)(c), 90-21.81(7); it requires that information about the availability of ultrasounds and heart tone monitoring be provided, but then states that "[t]he physician performing the abortion, qualified technician, or referring physician" must inform the woman of the State's listing of facilities providing those services, followed by the statement that "the physician or qualified professional" must provide that listing to the woman if she requests it, § 90-21.82(e); and it states that the "required information may be based on facts supplied by the woman to the physician and whatever other relevant information is

3

reasonably available." § 90-21.82(1) (emphasis added).  Because the Act clearly authorizes a qualified professional to provide the mandated information, but then inconsistently includes and omits the term "qualified professional" in sentences detailing the content and manner of provision of the mandated information, abortion providers "must necessarily guess" at whether a qualified professional may satisfy Section 90-21.82(1)'s requirements or whether a physician must do so.  *Smith*, 415 U.S. at 572 n.8.

In addressing Plaintiffs' vagueness challenge to this conflicting language within Section 90-21.82(1), the Court recognized that the section is "not a model of clarity." Op. at 15.  The Court nonetheless found that Section 90-21.82(1) was not vague, instead reading the Act to "require[] that a physician or qualified professional provide the listed information and that there be a consultation with a physician so that questions can be asked and answered." Op. at 15.

Plaintiffs respectfully request that the Court reconsider that ruling and modify this aspect of its Opinion, which Plaintiffs believe is not supported by the language or structure of Section 90-21.82(1) and which does not cure the vagueness of that provision.[2]  The Court appears to have determined that Section 90-21.82(1) consists of two separate requirements: (1) that there be a discussion 24 hours before the procedure in which a physician or qualified professional relays the statutorily mandated information to the patient; and (2) that there be a consultation 24 hours before the procedure that must

---

[2] The Court has the authority to reconsider its preliminary injunction order.  *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983).  Interlocutory rulings should be reconsidered where they are "based on clear error." *Akeva, L.L.C. v. Adidas America, Inc.*, 385 F. Supp. 2d 559, 566 (M.D. N.C. 2005) (citations omitted).

4

take place with a physician. However, such a determination cannot be squared with the statutory text. Section 90-21.82(1) identifies a *single* category of "information required by this subdivision"—that is, the seven items of information listed in subsections 90-21.82(1)(a)–(g)—and sets forth a collective series of requirements on how that information is to be provided:

> *The information required by this subdivision shall be provided* in English and in each language that is the primary language of at least two percent (2%) of the State's population. *The information may be provided* orally either by telephone or in person, in which case the required information may be based on facts supplied by the woman to the physician and whatever other relevant information is reasonably available. *The information required by this subdivision may not be provided by a tape recording* but *shall be provided during a consultation* in which the physician is able to ask questions of the patient and the patient is able to ask questions of the physician.

§ 90-21.82(1) (emphasis added).[3]

This text simply cannot be read to require that there be one telephone call or meeting to "provide the listed information" and a separate telephone call or meeting to provide for "a consultation with a physician." Op. at 15. To the contrary, the statute states that "[t]he information required by this subdivision . . . shall be provided during a consultation." § 90-21.82(1). If this sentence means what it says—that the information listed in subsections 90-21.82(1)(a)–(g) *must* be provided *during* the consultation—and if the Court's reading that *only* physicians can satisfy the consultation requirement were

---

[3] The prohibition on providing the information by tape recording contrasts with the requirements of Section 90-21.82(2), which mandates that a "physician or qualified professional" provide additional, specified information to the woman "by telephone or in person" at least 24 hours before the abortion, but allows that information to be provided by a tape recording. *Compare* § 90-21.82(1), *with* § 90-21.82(2).

5

Case 1:11-cv-00804-CCE-LPA   Document 51   Filed 11/10/11   Page 5 of 11

correct, then it would appear that the only way for providers to comply with the Act would be for a physician, *not* a qualified professional, to inform patients of the information listed in subsections 90-21.82(1)(a)–(g).

However, the General Assembly clearly contemplated a role for "qualified professionals" in satisfying the requirements of Section 90-21.82(1). Indeed, the above-quoted requirements all fall under the first sentence of Section 90-21.82(1), which states that at least 24 hours before the abortion "a physician *or qualified professional* [must] orally inform[] the woman" of the listed information. *Id.* (emphasis added). The Court's construction of Section 90-21.82(1) essentially reads the qualified professional's role out of the provision altogether, turning Section 90-21.82(1)'s repeated references to a "qualified professional" into mere surplusage. If the information listed in subsections 90-21.82(1)(a)–(g) *must* be provided during a separate consultation involving a physician, then the repeated statement that a "qualified professional" can be an alternative source of the mandated information would be superfluous.

However, reading language out of a statute violates a basic principle of statutory construction. *See, e.g., Porsh Builders, Inc. v. City of Winston-Salem*, 276 S.E.2d 443, 447 (N.C. 1981) ("It is presumed that the legislature intended each portion to be given full effect and did not intend any provision to be mere surplusage."); *accord State v. Buckner*, 527 S.E.2d 307, 311 (N.C. 2000) ("If possible, a statute must be interpreted so as to give meaning to all its provisions."). Because the information listed in subsections 90-21.82(1)(a)–(g) "shall" be provided during a consultation, § 90-21.82(1), there would

6

be no role under Section 90-21.82(1) for a qualified professional except to provide *precisely the same information* a second time or for a physician to sit idly by while the qualified professional provided the information. But there is absolutely no reason to think that the General Assembly intended either scenario, and such a requirement would make no sense. *See, e.g., State v. Jones*, 616 S.E.2d 496, 499 (N.C. 2005) ("[I]n construing statutes courts normally adopt an interpretation which will avoid absurd or bizarre consequences, the presumption being that the legislature acted in accordance with reason and common sense and did not intend untoward results.") (quotation marks and citation omitted). In concluding that Section 90-21.82(1) is not vague, the Court employed a construction that either fails "to give meaning to all [the statutory] provisions," *Buckner*, 527 S.E.2d at 311, or that would lead to the "bizarre consequence[]" of having the same information pointlessly repeated, *Jones*, 616 S.E.2d at 499. Because such an interpretation is at odds with principles of statutory construction under North Carolina law, Plaintiffs respectfully submit that the Court has misinterpreted Section 90-21.82(1) and that its Opinion and Order must be modified accordingly.

It should be noted, moreover, that in concluding that the internal inconsistencies within Section 90-21.82(1) were not vague, the Court construed the statute in a manner at odds with Defendants' statements about the meaning of the provision. At the October 17, 2011 hearing, in response to Plaintiffs' argument that Section 90-21.82(1) is vague with respect to who can satisfy the requirements contained in that provision, Defendants made

Case 1:11-cv-00804-CCE-LPA Document 51 Filed 11/10/11 Page 7 of 11

clear that qualified professionals *should* be permitted to satisfy Section 90-21.82(1)'s requirements:

> Now, Your Honor, as to the vagueness arguments that have been made, I'm looking at page 9 of the Plaintiffs' reply brief, there are five bullets that are identified there . . . .
>
> The first one is *may a registered nurse who is a qualified professional provide all of the information required by .82?* Well, I take -- *I take that qualified professional registered nurse language as an alternative provision that the General Assembly has offered up, an option, something that makes the statute more convenient for the Plaintiffs*, not less so, and don't think the Court should enjoin the statute because the General Assembly is trying to make it easier for the Plaintiffs to comply. I mean, the General Assembly could simply say the physician has to do this.

Tr. from Prelim. Inj. Hr'g at 68-69 (Dockt. No. 43) (emphasis added). The Court's ruling that there must be a "consultation with a physician," Op. at 15, certainly does not "make the statute more convenient for the Plaintiffs." And, as Defendants acknowledged, the General Assembly did not "simply say the physician has to do this."

The fact that the parties and the Court reached different conclusions about how to construe Section 90-21.82(1) with respect to this issue further indicates that it should be declared vague. *See Smith*, 415 U.S. at 572 n.8 (a law is vague when persons of "common intelligence must necessarily guess at [a statute's] meaning and differ as to its application") (citation omitted).

## CONCLUSION

In sum, Plaintiffs respectfully submit that the Court erred in concluding that Section 90-21.82(1) is not vague. The Court should modify its Opinion and Order and either (1) enjoin Section 90-21.82(1) on the grounds that it is vague and enjoin any

8

requirements in Sections 90-21.82(3), 90-21.87 and 90-21.90(a) that the information in Section 90.21.82(1) be provided to comply with those provisions; or (2) construe Section 90-21.81(1) to mean that *either* a qualified professional *or* a physician may satisfy *all* of the requirements of Section 90-21.82(1). Plaintiffs believe that this is the only possible construction that both makes sense and gives meaning to all of the Section's terms.

November 10, 2011

Respectfully submitted,

*s/ Katherine Lewis Parker*
Katherine Lewis Parker
NC Bar #36263
Legal Director
American Civil Liberties Union
of North Carolina Legal Foundation
P.O. Box 28004
Raleigh, NC 27611
(919) 834-3466
(866) 511-1344 Fax
acluncklp@nc.rr.com

COUNSEL FOR ALL PLAINTIFFS

Bebe J. Anderson*
Senior Counsel
Center for Reproductive Rights
120 Wall Street, 14th Floor
New York, NY 10005
(917) 637-3687
(917) 637-3666 Fax
banderson@reprorights.org

COUNSEL FOR GRETCHEN S. STUART, M.D., DAVID A. GRIMES, M.D., AMY BRYANT, M.D., DECKER & WATSON d/b/a PIEDMONT CAROLINA MEDICAL CLINIC, & A WOMAN'S CHOICE OF RALEIGH, INC.

9

Andrew D. Beck*
Staff Attorney
American Civil Liberties Union
Foundation
125 Broad Street
New York, NY 10004
(212) 284-7318
(212) 549-2651 Fax
abeck@aclu.org

COUNSEL FOR JAMES R.
DINGFELDER, M.D., SERINA FLOYD,
M.D., TAKEY CRIST, M.D., & TAKEY
CRIST, M.D., P.A., d/b/a CRIST CLINIC
FOR WOMEN

Helene T. Krasnoff*
Planned Parenthood Fed. of America
1110 Vermont Avenue NW, Suite 300
Washington, DC 20005
(202) 973-4800
(202) 296-3480 Fax
helene.krasnoff@ppfa.org

COUNSEL FOR PLANNED
PARENTHOOD OF CENTRAL NORTH
CAROLINA & PLANNED
PARENTHOOD HEALTH SYSTEMS,
INC.

*By special appearance

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of November, 2011, I electronically filed the foregoing PLAINTIFFS' MOTION FOR MODIFICATION OF PRELIMINARY INJUNCTION RULING with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for all Defendants:

**Thomas J. Ziko**
tziko@ncdoj.gov
Senior Deputy Attorney General
**I. Faison Hicks**
fhicks@ncdoj.gov
Special Deputy Attorney General
**Stephanie A. Brennan**
sbrennan@ncdoj.gov
Assistant Attorney General

North Carolina Department of Justice
114 Edenton Street
Post Office Box 629
Raleigh, NC 27602
Telephone: (919) 716-6400


/s/ Katherine Lewis Parker
Katherine Lewis Parker
NC Bar No. 36263
Legal Director, American Civil Liberties Union
of North Carolina Legal Foundation
Post Office Box 28004
Raleigh, North Carolina 27611
(919) 834-3466
(866) 511-1344 Fax
acluncklp@nc.rr.com

11