IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| GRETCHEN S. STUART, M.D., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | |
| JANICE E. HUFF, M.D., et al., | ) | Case No. 1:11-cv-00804 |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF SARA NAFF-MLO, IN OPPOSITION TO PROPOSED DEFENDANT-INTERVENORS' MOTION FOR INTERVENTION

SARA NAFF-MLO, declares and states the following:

1. I am over the age of eighteen and am competent to testify. I submit this declaration in opposition to the motion for intervention filed by the Pregnancy Resource Center of Charlotte (PRCC) and the Asheville Pregnancy Support Services (APSS).

2. I am the Vice President for Medical Services for Planned Parenthood Health Systems (PPHS), one of the Plaintiffs in this case. I have been at PPHS since 1997 and in my current position for more than a decade. As Vice President for Medical Services, I am responsible for the content and quality of all of the health care services provided by PPHS.

3. PPHS operates six health centers in North Carolina (located in Asheville, Charlotte, Greensboro, Raleigh, Wilmington, and Winston-Salem), as well as health centers in South Carolina, Virginia, and West Virginia. Although PPHS provides

abortion services at two locations in North Carolina (Wilmington and Winston Salem), we do not provide abortion services in Asheville and Charlotte.

4. However, our Asheville and Charlotte health centers, like all of our health centers, provide a broad range of reproductive health services, including physical exams, contraception and contraceptive education, testing for HIV and STI's and STI treatment, and screening for cervical and breast cancer as well as pregnancy testing and options education, including providing referrals for abortion, adoption, and prenatal care, depending on the woman's wishes. In addition, both the Asheville and Charlotte health centers have ultrasound equipment and will provide ultrasounds to pregnant women who request that service in order to confirm and date a pregnancy.

5. It is part of my job to oversee the development and maintenance of a comprehensive list of community referrals and resources for all of our health centers. I work with the staff at each of our health centers each year to review that list as part of our quality and risk management program.

6. I understand that PRCC has asked to intervene in this case and in support of that request has submitted a declaration by Erin B. Forsythe, PRCC's Executive Director and CEO. In that declaration, at paragraph 13, Ms. Forsythe states that: "[w]e commonly serve women who have been referred to us by one of the plaintiffs in this case who do not provide abortion services in our area, for the purposes of providing these women with information regarding all of their options."

7. She also states, at paragraph 14, that PRCC is prepared to provide the information and ultrasounds required by the Act to "clients referred to PRCC from any

2

number of entities, including at least one of the plaintiffs in this action, Planned Parenthood Health Systems, Inc. that operates the Planned Parenthood: Charlotte Health who provide abortion referrals but who may not want to perform these certifications."

8. I understand that APSS has also asked to intervene in this case and in support of that request has submitted a declaration by Deborah W. Wood, APSS's Chief Executive Officer. In that declaration, at paragraph 9, Ms. Wood states that "we commonly serve women who have been referred to us by one of the plaintiffs in this case who do not provide abortion services in our area . . . for the purpose of providing these women with information regarding all of their options."

9. I believe that PPHS is the only Plaintiff in this case who has a health center in Asheville that does not provide abortions.

10. PPHS's referral list does not include, and has never included, either PRCC or APSS. Nor am I aware of any of our staff at any of our health centers ever making a referral to PRCC, APSS, or any crisis pregnancy center (CPC), for options counseling, ultrasound, or any other service. Moreover, PPHS does not have any plans to refer any of our patients to PRCC, APSS, or any other CPC in the future for options counseling, for the information required by Section 90-21.82 of the Act, the ultrasounds required by Section 90-21.85 of the Act, or any other service.

11. In addition, at PPHS, we are providing all of the information required by Section 90-21.82 ourselves. We have not and would not accept a certification from another provider, and especially not from a CPC, that the requirements of that section have been met. Nor did we have any plans prior to the preliminary injunction in this

3

case, or should that injunction be lifted, to accept certifications from other providers in lieu of performing the ultrasounds required by Section 90-21.85 ourselves.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28 day of November, 2011

_____
SARA NAFF-MLO