IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| GRETCHEN S. STUART, M.D.; JAMES R. DINGFELDER, M.D.; DAVID A GRIMES, M.D.; AMY BRYANT, M.D.; SERINA FLOYD, M.D.; DECKER & WATSON, INC., d/b/a PIEDMONT CAROLINA MEDICAL CLINIC; PLANNED PARENTHOOD OF CENTRAL NORTH CAROLINA; A WOMAN'S CHOICE OF RALEIGH, INC.; PLANNED PARENTHOOD HEALTH SYSTEMS, INC.; TAKEY CRIST, M.D.; And TAKEY CRIST, M.D., P.A., d/b/a CRIST CLINIC FOR WOMEN, on behalf of themselves and their patients seeking abortions, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 1:11-CV-00804 |
| Plaintiffs, | ) ) ) ) ) | **ANSWER OF THE DEFENDANTS TO THE PLAINTIFFS' AMENDED COMPLAINT** |
| – against – | ) ) ) | |
| JANICE E. HUFF, M.D., in her official capacity as President of the North Carolina Medical Board; ROY COOPER, in his official capacity as the Attorney General of North Carolina; LANIER M. CANSLER, in his official capacity as the Secretary of the North Carolina Department of Health and Human Services; JIM WOODALL, in his official capacity as District Attorney ("DA") for Prosecutorial District ("PD") 15B; TRACEY E. CLINE, in her official capacity as DA for PD 14; DOUG HENDERSON, in his official capacity as DA for PD 18; BILLY WEST, in his official capacity as DA for PD 12; C. COLON WILLOUGHBY, in his official capacity as DA for PD 10; BENJAMIN R. DAVID, in his official capacity as DA for PD | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ), ) ) | |

5; JIM O'NEILL, in his official capacity as          )
DA for PD 21; ERNIE LEE, in his official            )
capacity as DA for PD 4; and their employees,       )
agents and successors,                              )
                                                    )
                          Defendants.               )

For their Answer to the plaintiffs' Amended Complaint, the defendants, by

and through their undersigned counsel, state as follows:

## I.      INTRODUCTION

1.      For their response to the allegations contained in the first sentence of

paragraph 1 of the plaintiffs' Amended Complaint, including footnote 1 thereof

and the "citation sentence" that follows the first sentence of paragraph 1 of the

plaintiffs' Amended Complaint, the defendants refer the plaintiffs to their

Amended Complaint for Injunctive and Declaratory Relief (the "Amended

Complaint") for a statement of its terms, given that the plaintiffs' Amended

Complaint is a written document that speaks for itself. The defendants admit the

allegations contained in the second sentence of paragraph 1 of the plaintiffs'

Amended Complaint, including the citation sentence that follows the second

sentence of paragraph 1 of the plaintiffs' Amended Complaint. For their response

to the allegations contained in the third sentence of paragraph 1 of the plaintiffs'

Amended Complaint, including the citation sentence that follows the third sentence

of paragraph 1 of the plaintiffs' Amended Complaint, the defendants refer the

2

plaintiffs to Session Law 2011-405 (House Bill 854), N.C. Gen. Stat. §§90-21.80, *et seq.* (2011), a written document that speaks for itself. For their response to the allegations contained in the fourth sentence of paragraph 1 of the plaintiffs' Amended Complaint, the defendants refer the plaintiffs to Session Law 2011-405 (House Bill 854), N.C. Gen. Stat. §§90-21.80, *et seq.* (2011), a written document that speaks for itself.

2. For their response to the allegations contained in the last clause of the first sentence of paragraph 2 of the plaintiffs' Amended Complaint, reading "which Plaintiffs challenge in this lawsuit," the defendants refer the plaintiffs to their Amended Complaint for a statement of its terms, given that the plaintiffs' Amended Complaint is a written document that speaks for itself. For their response to the other allegations contained in the first sentence of paragraph 2 of the plaintiffs' Amended Complaint, and for their response to the allegations contained in the second sentence of paragraph 2 of the plaintiffs' Amended Complaint, the defendants refer the plaintiffs to Session Law 2011-405 (House Bill 854), N.C. Gen. Stat. §§90-21.80, *et seq.* (2011), a written document that speaks for itself. For their response to the allegations contained in the third sentence of paragraph 2 of the plaintiffs' Amended Complaint, the defendants refer the plaintiffs to their Amended Complaint for a statement of its terms, given that the plaintiffs' Amended Complaint is a written document that speaks for itself.

3

3.    For their response to the allegations contained in the first sentence of paragraph 3 of the plaintiffs' Amended Complaint, the defendants deny that N.C. Gen. Stat. §90-21.85 requires any woman to submit involuntarily to an ultrasound or to allow anyone to use her body against her wishes to provide any State-mandated ideological information using images, sound and/or words, and refer the plaintiffs to Session Law 2011-405 (House Bill 854), N.C. Gen. Stat. §§90-21.80, *et seq.* (2011), a written document that speaks for itself. The defendants deny the allegations contained in the second sentence of paragraph 3 of the plaintiffs' Amended Complaint.

4.    For their response to the allegations contained in the first and second sentences of paragraph 4 of the plaintiffs' Amended Complaint, the defendants refer the plaintiffs to Session Law 2011-405 (House Bill 854), N.C. Gen. Stat. §§90-21.90, *et seq.* (2011), a written document that speaks for itself. The defendants deny the remaining allegations contained in paragraph 4 of the plaintiffs' Amended Complaint.

5.    For their response to the allegations contained in the first sentence of paragraph 5 of the plaintiffs' Amended Complaint, the defendants refer the plaintiffs to Session Law 2011-405 (House Bill 854), N.C. Gen. Stat. §§90-21.80, *et seq.* (2011), a written document that speaks for itself. The defendants deny the

4

remaining allegations contained in paragraph 5 of the plaintiffs' Amended Complaint.

6. The defendants deny the allegations contained in paragraph 6 of the plaintiffs' Amended Complaint.

7. The defendants deny the allegation contained in paragraph 7 of the plaintiffs' Amended Complaint that Session Law 2011-405 (House Bill 854), N.C. Gen. Stat. §§90-21.80, *et seq*. (2011, deprives any of the plaintiffs of any of their constitutional rights. For their response to the remaining allegations contained in paragraph 7 of the plaintiffs' Amended Complaint, the defendants refer the plaintiffs to their Amended Complaint for a statement of its terms, given that the plaintiffs' Amended Complaint is a written document that speaks for itself.

## II.     JURISDICTION AND VENUE

8. The allegations contained in paragraph 8 of the plaintiffs' Amended Complaint state conclusions of law to which no responsive pleading is required.

9. To the extent that the allegations contained in paragraph 9 of the plaintiffs' Amended Complaint are factual allegations, the defendants deny said allegations. To the extent that the allegations contained in paragraph 9 of the plaintiffs' Amended Complaint state conclusions of law alone, no responsive pleading is required in response to such an allegation.

5

10.     In response to the allegations contained in paragraph   10  of the plaintiffs' Amended Complaint, the defendants do not challenge the venue of this action in the United States District Court for the Middle District of North Carolina, Greensboro Division.

## III.   THE PLAINTIFFS

11.     The defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph  11 of the plaintiffs' Amended Complaint and therefore deny said allegations.

12.     The defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph  12 of the plaintiffs' Amended Complaint and therefore deny said allegations.

13.     The defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph  13 of the plaintiffs' Amended Complaint and therefore deny said allegations.

14.     The defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph  14 of the plaintiffs' Amended Complaint and therefore deny said allegations.

15.     The defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph  15 of the plaintiffs' Amended Complaint and therefore deny said allegations.

6

16.     The defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the plaintiffs' Amended Complaint and therefore deny said allegations.

17.     The defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the plaintiffs' Amended Complaint and therefore deny said allegations.

18.     The defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the plaintiffs' Amended Complaint and therefore deny said allegations.

19.     The defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the plaintiffs' Amended Complaint and therefore deny said allegations.

20.     The defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the plaintiffs' Amended Complaint and therefore deny said allegations.

21.     The defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the plaintiffs' Amended Complaint and therefore deny said allegations.

22.     The defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first

7

sentence of paragraph 22 of the plaintiffs' Amended Complaint and therefore deny said allegations. In response to the allegations contained in the second sentence of paragraph 22 of the plaintiffs' Amended Complaint that the plaintiffs will be required in the future to perform abortions in conformity with Session Law 2011-405 (House Bill 854), N.C. Gen. Stat. §§90-21.80, *et seq.* (2011), the defendants admit that the plaintiffs are now required and will continue in the future to be required to conduct their professional, business and commercial activities in compliance with all applicable laws, including Session Law 2011-405 (House Bill 854), N.C. Gen. Stat. §§90-21.80, *et seq.* (2011). In response to the remaining allegations contained in paragraph 22 of the plaintiffs' Amended Complaint, the defendants deny the allegation that the plaintiffs will face criminal penalties and refer the plaintiffs to Session Law 2011-405 (House Bill 854), N.C. Gen. Stat. §§90-21.80, *et seq.* (2011), for a statement of its terms, given that Session Law 2011-405 (House Bill 854), N.C. Gen. Stat. §§90-21.80, *et seq.* (2011), is a written document that speaks for itself.

23. For their response to the allegations contained in paragraph 23 of the plaintiffs' Amended Complaint, the defendants refer the plaintiffs to their Amended Complaint for a statement of its terms, given that the plaintiffs' Amended Complaint is a written document that speaks for itself.

8

# IV. THE DEFENDANTS

24. For their response to the allegations contained in paragraph 24 of the plaintiffs' Amended Complaint, the defendants admit that the defendant, Janice E. Huff, M.D., is the President of the North Carolina Medical Board and that the plaintiffs' Complaint purports to sue Janice E. Huff, M.D., in her official capacity only. For their response to the remaining allegations contained in paragraph 24 of the plaintiffs' Amended Complaint, which characterize the terms, meaning, scope and purpose of N.C. Gen. Stat. §90-14(a)(2), the defendants refer the plaintiffs to said statute and to the case law interpreting it for a statement of its terms, meaning, scope and purpose, inasmuch as said statute and said cases are written documents that speak for themselves.

25. For their response to the allegations contained in paragraph 25 of the plaintiffs' Amended Complaint, the defendants admit that the defendant, Roy Cooper, is the Attorney General of North Carolina and that the plaintiffs' Amended Complaint purports to sue Roy Cooper in his official capacity only. For their response to the remaining allegations contained in paragraph 25 of the plaintiffs' Amended Complaint, which characterize the terms, meaning, scope and purpose of N.C. Gen. Stat. §90-21.88, the defendants refer the plaintiffs to said statute and to the case law interpreting it for a statement of its terms, meaning, scope and

9

purpose, inasmuch as said statute and said cases are written documents that speaks for themselves.

26. For their response to the allegations contained in paragraph 26 of the plaintiffs' Amended Complaint, the defendants admit that the defendant, Lanier M. Cansler, is the Secretary of the North Carolina Department of Health and Human Services and that the plaintiffs' Amended Complaint purports to sue Lanier M. Cansler in his official capacity only. For their response to the remaining allegations contained in paragraph 26 of the plaintiffs' Amended Complaint, which characterize the terms, meaning, scope and purpose of 10A N.C.A.C. Rule 14E.0101, *et seq.*, the defendants refer the plaintiffs to said administrative code provisions and to the case law interpreting them for a statement of their terms, meaning, scope and purpose, inasmuch as said administrative code provisions and said cases are written documents that speak for themselves.

27. For their response to the allegations contained in paragraph 27 of the plaintiffs' Amended Complaint, the defendants admit that the defendant, Jim Woodall, is the District Attorney for Prosecutorial District number 15B and that the plaintiffs' Amended Complaint purports to sue Jim Woodall in his official capacity only. For their response to the remaining allegations contained in paragraph 27 of the plaintiffs' Amended Complaint, which characterize the terms, meaning, scope and purpose of N.C. CONST. Art. IV, §18(1) and N.C. Gen. Stat.

10

§§7A-60 and 7A-61, the defendants refer the plaintiffs to said constitutional and statutory provisions and to the case law interpreting them for a statement of their terms, meaning, scope and purpose, inasmuch as said constitutional and statutory provisions and said cases are written documents that speak for themselves.

28.     For their response to the allegations contained in paragraph 28 of the plaintiffs' Amended Complaint, the defendants admit that the defendant, Tracey E. Cline, is the District Attorney for Prosecutorial District number 14 and that the plaintiffs' Amended Complaint purports to sue Tracey E. Cline in her official capacity only.   For their response to the remaining allegations contained in paragraph 28 of the plaintiffs' Amended Complaint, which characterize the terms, meaning, scope and purpose of N.C. CONST. Art. IV, §18(1) and N.C. Gen. Stat. §§7A-60 and 7A-61, the defendants refer the plaintiffs to said constitutional and statutory provisions and to the case law interpreting them for a statement of their terms, meaning, scope and purpose, inasmuch as said constitutional and statutory provisions and said cases are written documents that speak for themselves.

29.     For their response to the allegations contained in paragraph 29 of the plaintiffs' Amended Complaint, the defendants admit that the defendant, Doug Henderson, is the District Attorney for Prosecutorial District number 18 and that the plaintiffs' Amended Complaint purports to sue Doug Henderson in his official capacity only.   For their response to the remaining allegations contained in

11

paragraph 29 of the plaintiffs' Amended Complaint, which characterize the terms, meaning, scope and purpose of N.C. CONST. Art. IV, §18(1) and N.C. Gen. Stat. §§7A-60 and 7A-61, the defendants refer the plaintiffs to said constitutional and statutory provisions and to the case law interpreting them for a statement of their terms, meaning, scope and purpose, inasmuch as said constitutional and statutory provisions and said cases are written documents that speak for themselves.

30. For their response to the allegations contained in paragraph 30 of the plaintiffs' Amended Complaint, the defendants admit that the defendant, Billy West, is the District Attorney for Prosecutorial District number 12 and that the plaintiffs' Amended Complaint purports to sue Billy West in his official capacity only. For their response to the remaining allegations contained in paragraph 30 of the plaintiffs' Amended Complaint, which characterize the terms, meaning, scope and purpose of N.C. CONST. Art. IV, §18(1) and N.C. Gen. Stat. §§7A-60 and 7A-61, the defendants refer the plaintiffs to said constitutional and statutory provisions and to the case law interpreting them for a statement of their terms, meaning, scope and purpose, inasmuch as said constitutional and statutory provisions and said cases are written documents that speak for themselves.

31. For their response to the allegations contained in paragraph 31 of the plaintiffs' Amended Complaint, the defendants admit that the defendant, C. Colon Willoughby, Jr., is the District Attorney for Prosecutorial District number 10 and

12

that the plaintiffs' Amended Complaint purports to sue C. Colon Willoughby, Jr., in his official capacity only. For their response to the remaining allegations contained in paragraph 31 of the plaintiffs' Amended Complaint, which characterize the terms, meaning, scope and purpose of N.C. CONST. Art. IV, §18(1) and N.C. Gen. Stat. §§7A-60 and 7A-61, the defendants refer the plaintiffs to said constitutional and statutory provisions and to the case law interpreting them for a statement of their terms, meaning, scope and purpose, inasmuch as said constitutional and statutory provisions and said cases are written documents that speak for themselves.

32.     For their response to the allegations contained in paragraph 32 of the plaintiffs' Amended Complaint, the defendants admit that the defendant, Benjamin R. David, is the District Attorney for Prosecutorial District number 5 and that the plaintiffs' Amended Complaint purports to sue Benjamin R. David in his official capacity only. For their response to the remaining allegations contained in paragraph 32 of the plaintiffs' Amended Complaint, which characterize the terms, meaning, scope and purpose of N.C. CONST. Art. IV, §18(1) and N.C. Gen. Stat. §§7A-60 and 7A-61, the defendants refer the plaintiffs to said constitutional and statutory provisions and to the case law interpreting them for a statement of their terms, meaning, scope and purpose, inasmuch as said constitutional and statutory provisions and said cases are written documents that speak for themselves.

13

33.     For their response to the allegations contained in paragraph 33 of the plaintiffs' Amended Complaint, the defendants admit that the defendant, Jim O'Neill, is the District Attorney for Prosecutorial District number 21 and that the plaintiffs' Amended Complaint purports to sue Jim O'Neill in his official capacity only. For their response to the remaining allegations contained in paragraph 33 of the plaintiffs' Amended Complaint, which characterize the terms, meaning, scope and purpose of N.C. CONST. Art. IV, §18(1) and N.C. Gen. Stat. §§7A-60 and 7A-61, the defendants refer the plaintiffs to said constitutional and statutory provisions and to the case law interpreting them for a statement of their terms, meaning, scope and purpose, inasmuch as said constitutional and statutory provisions and said cases are written documents that speak for themselves.

34.     For their response to the allegations contained in paragraph 34 of the plaintiffs' Amended Complaint, the defendants admit that the defendant, Ernie Lee, is the District Attorney for Prosecutorial District number 4 and that the plaintiffs' Amended Complaint purports to sue Ernie Lee in his official capacity only. For their response to the remaining allegations contained in paragraph 34 of the plaintiffs' Amended Complaint, which characterize the terms, meaning, scope and purpose of N.C. CONST. Art. IV, §18(1) and N.C. Gen. Stat. §§7A-60 and 7A-61, the defendants refer the plaintiffs to said constitutional and statutory provisions and to the case law interpreting them for a statement of their terms, meaning, scope

14

and purpose, inasmuch as said constitutional and statutory provisions and said cases are written documents that speak for themselves.

## V.    STATUTORY FRAMEWORK

Current Statutory and Regulatory Requirements for the Performance of Abortions

35.    For their response to the allegations contained in paragraph 35 of the plaintiffs' Amended Complaint, which characterize the terms, meaning, scope and purpose of N.C. Gen. Stat. §90-21.13 and 10A N.C.A.C. Rule 14E.0305(a), the defendants refer the plaintiffs to said statutory and regulatory provisions and to the case law interpreting them for a statement of their terms, meaning, scope and purpose, inasmuch as said statutory and regulatory provisions and said cases are written documents that speak for themselves.

36.    The defendants admit the allegations contained in the first sentence of paragraph 36 of the plaintiffs' Amended Complaint. For their response to the remaining allegations contained in paragraph 36 of the plaintiffs' Amended Complaint, which characterize the terms, meaning, scope and purpose of 10A N.C.A.C. Rule 14E.0101, *et seq.*, the defendants refer the plaintiffs to said regulatory provisions and to the case law interpreting them for a statement of their terms, meaning, scope and purpose, inasmuch as said regulatory provisions and said cases are written documents that speak for themselves.

15

37. For their response to the allegations contained in paragraph 37 of the plaintiffs' Amended Complaint, which characterize the terms, meaning, scope and purpose of N.C. Gen. Stat. §90-21.13, 10A N.C.A.C. Rule 14E.0304(d) and 10A N.C.A.C. Rule 14E.0305(d), the defendants refer the plaintiffs to said statutory and regulatory provisions and to the case law interpreting them for a statement of their terms, meaning, scope and purpose, inasmuch as said statutory and regulatory provisions and said cases are written documents that speak for themselves.

38. For their response to the allegations contained in paragraph 38 of the plaintiffs' Amended Complaint, which characterize the terms, meaning, scope and purpose of N.C. Gen. Stat. §90-21.82, N.C. Gen. Stat. §90-21.85 and N.C. Gen. Stat. §90-21.88, the defendants refer the plaintiffs to said statutory provisions and the case law interpreting them for a statement of their terms, meaning, scope and purpose, inasmuch as said statutory provisions and said cases are written documents that speak for themselves.

<u>The Act's "Informed Consent to Abortion" Requirement</u>

39. For their response to the allegations contained in paragraph 39 of the plaintiffs' Amended Complaint, which characterize the terms, meaning, scope and purpose of N.C. Gen. Stat. §90-21.82 and N.C. Gen. Stat. §90-21.82(1), the defendants refer the plaintiffs to said statutory provisions and the case law interpreting them for a statement of their terms, meaning, scope and purpose,

16

inasmuch as said statutory provisions and said cases are written documents that speak for themselves.

40.    For their response to the allegations contained in paragraph 40 of the plaintiffs' Amended Complaint, which characterize the terms, meaning, scope and purpose of N.C. Gen. Stat. §90-21.82(1), the defendants refer the plaintiffs to said statute and the case law interpreting it for a statement of its terms, meaning, scope and purpose, inasmuch as said statute and said cases are written documents that speak for themselves.

41.    For their response to the allegations contained in paragraph 41 of the plaintiffs' Amended Complaint, which characterize the terms, meaning, scope and purpose of N.C. Gen. Stat. §90-21.82(2), the defendants refer the plaintiffs to said statute and the case law interpreting it for a statement of its terms, meaning, scope and purpose, inasmuch as said statute and said cases are written documents that speak for themselves.

42.    For their response to the allegations contained in paragraph 42 of the plaintiffs' Amended Complaint, which characterize the terms, meaning, scope and purpose of N.C. Gen. Stat. §90-21.83, N.C. Gen. Stat. §90-21.83(a)(2) and N.C. Gen. Stat. §90-21.84, the defendants refer the plaintiffs to said statutory provisions and the case law interpreting them for a statement of their terms, meaning, scope

17

and purpose, inasmuch as said statutory provisions and said cases are written documents that speak for themselves.

43. For their response to the allegations contained in paragraph 43 of the plaintiffs' Amended Complaint, which characterize the terms, meaning, scope and purpose of N.C. Gen. Stat. §90-21.81(8), the defendants refer the plaintiffs to said statute and the case law interpreting it for a statement of its terms, meaning, scope and purpose, inasmuch as said statute and said cases are written documents that speak for themselves.

44. For their response to the allegations contained in paragraph 44 of the plaintiffs' Amended Complaint, which characterize the terms, meaning, scope and purpose of N.C. Gen. Stat. §90-21.82(1), N.C. Gen. Stat. §90-21.82(2), N.C. Gen. Stat. §90-21.82(3) and N.C. Gen. Stat. §90-21.82(4), the defendants refer the plaintiffs to said statutory provisions and the case law interpreting them for a statement of their terms, meaning, scope and purpose, inasmuch as said statutory provisions and said cases are written documents that speak for themselves.

45. For their response to the allegations contained in paragraph 45 of the plaintiffs' Amended Complaint, which characterize the terms, meaning, scope and purpose of N.C. Gen. Stat. §90-21.82, N.C. Gen. Stat. §90-21.82(1), N.C. Gen. Stat. §90-21.90(a) and N.C. Gen. Stat. §90-21.90(b), the defendants refer the plaintiffs to said statutory provisions and the case law interpreting them for a

statement of their terms, meaning, scope and purpose, inasmuch as said statutory provisions are written documents that speak for themselves.

<u>The Act's "Display of Real-Time View Requirement"</u>

46. For their response to the allegations contained in paragraph 46 of the plaintiffs' Amended Complaint, which characterize the terms, meaning, scope and purpose of N.C. Gen. Stat. §90-21.85, N.C. Gen. Stat. §90-21.85(a), N.C. Gen. Stat. §90-21.85(a)(1), N.C. Gen. Stat. §90-21.85(a)(2), N.C. Gen. Stat. §90-21.85(a)(3), N.C. Gen. Stat. §90-21.85(a)(4), N.C. Gen. Stat. §90-21.85(a)(5) and N.C. Gen. Stat. §90-21.85(a)(6), the defendants refer the plaintiffs to said statutory provisions and the case law interpreting them for a statement of their terms, meaning, scope and purpose, inasmuch as said statutory provisions and said cases are written documents that speak for themselves.

47. For their response to the allegations contained in paragraph 47 of the plaintiffs' Amended Complaint, which characterize the terms, meaning, scope and purpose of N.C. Gen. Stat. §90-21.81(4) and N.C. Gen. Stat. §90-21.81(9), the defendants refer the plaintiffs to said statutory provisions and the case law interpreting them for a statement of their terms, meaning, scope and purpose, inasmuch as said statutory provisions and said cases are written documents that speak for themselves.

19

48. For their response to the allegations contained in paragraph 48 of the plaintiffs' Amended Complaint, which characterize the terms, meaning, scope and purpose of N.C. Gen. Stat. §90-21.85(a)(2) and N.C. Gen. Stat. §90-21.85(a)(3), the defendants refer the plaintiffs to said statutory provisions and the case law interpreting them for a statement of their terms, meaning, scope and purpose, inasmuch as said statutory provisions and said cases are written documents that speak for themselves.

49. For their response to the allegations contained in paragraph 49 of the plaintiffs' Amended Complaint, which characterize the terms, meaning, scope and purpose of N.C. Gen. Stat. §90-21.85(a)(2) and N.C. Gen. Stat. §90-21.85(a)(4), the defendants refer the plaintiffs to said statutory provisions and the case law interpreting them for a statement of their terms, meaning, scope and purpose, inasmuch as said statutory provisions and said cases are written documents that speak for themselves.

50. For their response to the allegations contained in paragraph 50 of the plaintiffs' Amended Complaint, which characterize the terms, meaning, scope and purpose of N.C. Gen. Stat. §90-21.85(a)(2), the defendants refer the plaintiffs to said statute and the case law interpreting it for a statement of its terms, meaning, scope and purpose, inasmuch as said statute and said cases are written documents that speak for themselves.

20

51.     For their response to the allegations contained in paragraph 51 of the plaintiffs' Amended Complaint, which characterize the terms, meaning, scope and purpose of N.C. Gen. Stat. §90-21.85 and N.C. Gen. Stat. §90-21.85(b), the defendants refer the plaintiffs to said statutory provisions and the case law interpreting them for a statement of their terms, meaning, scope and purpose, inasmuch as said statutory provisions and said cases are written documents that speak for themselves.

52.     For their response to the allegations contained in paragraph 52 of the plaintiffs' Amended Complaint, which characterize the terms, meaning, scope and purpose of N.C. Gen. Stat. §90-21.85(a), the defendants refer the plaintiffs to said statute and the case law interpreting it for a statement of its terms, meaning, scope and purpose, inasmuch as said statute and said cases are written documents that speak for themselves.

<u>Liability Under the Act</u>

53.     For their response to the allegations contained in paragraph 53 of the plaintiffs' Amended Complaint, which characterize the terms, meaning, scope and purpose of N.C. Gen. Stat. §90-21.88 and N.C. Gen. Stat. §90-21.88(a), the defendants refer the plaintiffs to said statutory provisions and the case law interpreting them for a statement of their terms, meaning, scope and purpose,

Case 1:11-cv-00804-CCE-LPA   Document 62   Filed 12/14/11   Page 21 of 37

inasmuch as said statutory provisions and said cases are written documents that speak for themselves.

54. For their response to the allegations contained in paragraph 54 of the plaintiffs' Amended Complaint, which characterize the terms, meaning, scope and purpose of N.C. Gen. Stat. §90-21.88(b), the defendants refer the plaintiffs to said statute and the case law interpreting it for a statement of its terms, meaning, scope and purpose, inasmuch as said statute and said cases are written documents that speak for themselves.

55. For their response to the allegations contained in paragraph 55 of the plaintiffs' Amended Complaint (including its citation sentence), which characterize the terms, meaning, scope and purpose of N.C. Gen. Stat. §90-14, the defendants refer the plaintiffs to said statute and the case law interpreting it for a statement of its terms, meaning, scope and purpose, inasmuch as said statute and said cases are written documents that speak for themselves.

56. The defendants deny the allegations contained in the first sentence of paragraph 56 of the plaintiffs' Amended Complaint, including its citation sentence. For their response to the allegations contained in the second sentence of paragraph 56 of the plaintiffs' Amended Complaint (including its citation sentence), which characterize the terms, meaning, scope and purpose of N.C. Gen. Stat. §14-44, N.C. Gen. Stat. §14-45.1 and N.C. Gen. Stat. §90-21.88(a), the

22

defendants refer the plaintiffs to said statutory provisions and the case law interpreting them for a statement of their terms, meaning, scope and purpose, inasmuch as said statutory provisions and said cases are written documents that speak for themselves.

## VI.    FACTUAL ALLEGATIONS

### Abortion Background

57.    The defendants admit that, depending upon the patient, the physician, the location and the available medical resources, a legal abortion can be a very safe medical procedure with rare complications. The defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 57 of the plaintiffs' Amended Complaint and therefore deny said allegations.

58.    The defendants admit the allegations contained in paragraph 58 of the plaintiffs' Amended Complaint.

59.    The defendants admit the allegations contained in paragraph 59 of the plaintiffs' Amended Complaint.

60.    The defendants do not know what the plaintiffs mean by their use of the undefined and subjective term "vast" and are therefore unable to respond to that aspect of the plaintiffs' allegations, but otherwise admit the allegations contained in paragraph 60 of the plaintiffs' Amended Complaint.

61.     The defendants admit the allegations contained in the first sentence of paragraph 61 of the plaintiffs' Amended Complaint and further admit that, at some gestational age, it is not possible to make fetal heart auscultation audible to a pregnant woman. The defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 61 of the plaintiffs' Amended Complaint and therefore deny said allegations.

62.     The defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 62 of the plaintiffs' Amended Complaint and therefore deny said allegations.

63.     The defendants admit the allegations contained in paragraph 63 of the plaintiffs' Amended Complaint.

### The Impact of the Display of Real-Time View Requirement on the Practice of Medicine

64.     The defendants admit that: in providing medical care, healthcare providers have an obligation to comply with standards of medical ethics; standards of medical ethics generally provide that the physician may not act upon the patient without his or her consent; standards of medical ethics generally provide that the physician must respect the patient's autonomy; and standards of medical ethics generally provide that the physician must act in the patient's best interests. The

24

defendants deny the remaining allegations contained in paragraph 64 of the plaintiffs' Amended Complaint.

65.     The defendants admit that ultrasounds are performed prior to abortions to determine the presence of an intrauterine pregnancy and to determine the gestational age of the fetus. The defendants further admit that it is acceptable medical practice for a trained but noncertified individual to perform such an ultrasound, provided the results are reviewed by the physician. The defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 65 of the plaintiffs' Amended Complaint and therefore deny said allegations.

66.     The defendants admit the allegations contained in paragraph 66 of the plaintiffs' Amended Complaint.

> Other Impacts of the Display of Real-Time
> View Requirement on Women Seeking
> Abortions and Abortion Providers

67.     The defendants admit that the Act requires that physicians, qualified professions or qualified technicians provide a woman considering an abortion with certain information about the fetus. The defendants deny the remaining allegations contained in paragraph 67 of the plaintiffs' Amended Complaint.

68.     The defendants deny the allegations contained in paragraph 68 of the plaintiffs' Amended Complaint.

69. The defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 69 of the plaintiffs' Amended Complaint and therefore deny said allegations.

70. The defendants deny the allegations contained in paragraph 70 of the plaintiffs' Amended Complaint.

71. The defendants deny the allegations contained in paragraph 71 of the plaintiffs' Amended Complaint.

72. The defendants admit that an ultrasound procedure requires the involvement of the patient. The defendants deny the remaining allegations contained in paragraph 72 of the plaintiffs' Amended Complaint.

73. The defendants admit that the Act may require a woman who had an ultrasound before telling the physician that she wanted an abortion to have a second ultrasound. The defendants deny the remaining allegations contained in paragraph 73 of the plaintiffs' Amended Complaint, and therefore deny said allegations.

74. The defendants deny the allegations contained in paragraph 74 of the plaintiffs' Amended Complaint.

75. The allegations contained in the first sentence of paragraph 75 of the plaintiffs' Amended Complaint oversimplify and thus mischaracterize a person's reasonable expectation of privacy in his or her body, such that the defendants deny

said allegations. The defendants deny the remaining allegations contained in paragraph 75 of the plaintiffs' Amended Complaint.

<u>The Act's Failure to Provide Adequate Notice of its Requirements</u>

76. The defendants deny the allegations contained in the first sentence of paragraph 76 of the plaintiffs' Amended Complaint. In response to the allegations contained in the second sentence of paragraph 76 of the plaintiffs' Amended Complaint, the defendants refer the plaintiffs to the defendants' responses set forth in the next several paragraphs of this Answer.

77. The defendants deny the allegations contained in paragraph 77 of the plaintiffs' Amended Complaint.

78. The defendants deny the allegations contained in paragraph 78 of the plaintiffs' Amended Complaint.

79. The defendants deny the allegations contained in paragraph 79 of the plaintiffs' Amended Complaint.

80. For their response to the allegations contained in the first sentence of paragraph 80 of the plaintiffs' Amended Complaint, including its citation sentence, which characterize the terms, meaning, scope and purpose of N.C. Gen. Stat. §90-21.85(a)(2), the defendants refer the plaintiffs to said statute and the case law interpreting it for a statement of its terms, meaning, scope and purpose, inasmuch as said statute and said cases are written documents that speak for

27

themselves. The defendants deny the remaining allegations contained in paragraph 80 of the plaintiffs' Amended Complaint.

81. For their response to the allegations contained in the first sentence of paragraph 81 of the plaintiffs' Amended Complaint, including its citation sentence, which characterize the terms, meaning, scope and purpose of N.C. Gen. Stat. §90-21.85(a), the defendants refer the plaintiffs to said statute and the case law interpreting it for a statement of its terms, meaning, scope and purpose, inasmuch as said statute and said cases are written documents that speak for themselves. The defendants deny the remaining allegations contained in paragraph 81 of the plaintiffs' Amended Complaint.

82. For their response to the allegations contained in the first, second and third sentences of paragraph 82 of the plaintiffs' Amended Complaint, including the citation sentences following the first, second and third sentences of paragraph 82 of the plaintiffs' Amended Complaint, which characterize the terms, meaning, scope and purpose of N.C. Gen. Stat. §90-21.82(2)(e) and N.C. Gen. Stat. §90-21.90(b), the defendants refer the plaintiffs to said statutes and the case law interpreting them for a statement of their terms, meaning, scope and purpose, inasmuch as said statutes and said cases are written documents that speak for themselves. The defendants deny the remaining allegations contained in paragraph 82 of the plaintiffs' Amended Complaint.

28

## Impacts of the Reading Requirement

83.     The defendants deny the allegations contained in paragraph 83 of the plaintiffs' Amended Complaint.

84.     The defendants deny the allegations contained in paragraph 84 of the plaintiffs' Amended Complaint.

85.     The defendants deny the allegations contained in paragraph 83 of the plaintiffs' Amended Complaint.

86.     The defendants deny the allegations contained in paragraph 83 of the plaintiffs' Amended Complaint.

## Irreparable Harms

87.     The defendants deny the allegations contained in paragraph 87 of the plaintiffs' Amended Complaint.

88.     The defendants deny the allegations contained in paragraph 88 of the plaintiffs' Amended Complaint.

89.     The defendants admit that compliance with the Act will cause some measure of delay in obtaining an abortion. The defendants deny the remaining allegations contained in paragraph 89 of the plaintiffs' Amended Complaint.

90.     The defendants deny the allegations contained in paragraph 90 of the plaintiffs' Amended Complaint.

91.     The defendants deny the allegations contained in paragraph 91 of the plaintiffs' Amended Complaint.

## ANSWER TO THE PLAINTIFFS' FIRST CLAIM FOR RELIEF
(Due Process of Law)

92.     The defendants here incorporate their responses set forth above to the allegations contained in paragraphs 1 through 91 of the plaintiffs' Amended Complaint as if fully set forth herein.

93.     The defendants deny the allegations contained in paragraph 93 of the plaintiffs' Amended Complaint.

## ANSWER TO THE PLAINTIFFS' SECOND CLAIM FOR RELIEF
(First Amendment Rights of Physicians)

94.     The defendants here incorporate their responses set forth above to the allegations contained in paragraphs 1 through 91 and 93 of the plaintiffs' Amended Complaint as if fully set forth herein.

95.     The defendants deny the allegations contained in paragraph 95 of the plaintiffs' Amended Complaint.

## ANSWER TO THE PLAINTIFFS' THIRD CLAIM FOR RELIEF
(First and Fourteenth Amendment Rights of Patients)

96.     The defendants here incorporate their responses set forth above to the allegations contained in paragraphs 1 through 91, 93 and 95 of the plaintiffs' Amended Complaint as if fully set forth herein.

30

97.     The defendants deny the allegations contained in paragraph 97 of the plaintiffs' Amended Complaint.

## ANSWER TO THE PLAINTIFFS' FOURTH CLAIM FOR RELIEF
(Fourteenth Amendment Right to Substantive Due Process)

98.     The defendants here incorporate their responses set forth above to the allegations contained in paragraphs 1 through 91, 93, 95 and 97 of the plaintiffs' Amended Complaint as if fully set forth herein.

99.     The defendants deny the allegations contained in paragraph 99 of the plaintiffs' Amended Complaint.

## ANSWER TO THE PLAINTIFFS' FIFTH CLAIM FOR RELIEF
(Fourteenth Amendment Right to Bodily Integrity)

100.    The defendants here incorporate their responses set forth above to the allegations contained in paragraphs 1 through 91, 93, 95, 97 and 99 of the plaintiffs' Amended Complaint as if fully set forth herein.

101.    The defendants deny the allegations contained in paragraph 101 of the plaintiffs' Amended Complaint.

## ANSWER TO THE PLAINTIFFS' SIXTH CLAIM FOR RELIEF
(Fourth Amendment Rights of Patients)

102.    The defendants here incorporate their responses set forth above to the allegations contained in paragraphs 1 through 91, 93, 95, 97, 99 and 101 of the plaintiffs' Amended Complaint as if fully set forth herein.

31

103. The defendants deny the allegations contained in paragraph 103 of the plaintiffs' Amended Complaint.

## ANSWER TO THE PLAINTIFFS' SEVENTH CLAIM FOR RELIEF
### (First Amendment Rights of Physicians)

104. The defendants here incorporate their responses set forth above to the allegations contained in paragraphs 1 through 91, 93, 95, 97, 99, 101 and 103 of the plaintiffs' Amended Complaint as if fully set forth herein.

105. The defendants deny the allegations contained in paragraph 105 of the plaintiffs' Amended Complaint.

## ANSWER TO THE PLAINTIFFS' EIGHTH CLAIM FOR RELIEF
### (First and Fourteenth Amendment Rights of Patients)

106. The defendants here incorporate their responses set forth above to the allegations contained in paragraphs 1 through 91, 93, 95, 97, 99, 101, 103 and 105 of the plaintiffs' Amended Complaint as if fully set forth herein.

107. The defendants deny the allegations contained in paragraph 107 of the plaintiffs' Amended Complaint.

## ANSWER TO THE PLAINTIFFS' NINTH CLAIM FOR RELIEF
### (Equal Protection – Discrimination Against Women Who Cannot Read State Materials)

108. The defendants here incorporate their responses set forth above to the allegations contained in paragraphs 1 through 91, 93, 95, 97, 99, 101, 103, 105 and 107 of the plaintiffs' Amended Complaint as if fully set forth herein.

32

109. The defendants deny the allegations contained in paragraph 109 of the plaintiffs' Amended Complaint.

## ANSWER TO THE PLAINTIFFS' TENTH CLAIM FOR RELIEF
### (Equal Protection – Discrimination Against Abortion Providers)

110. The defendants here incorporate their responses set forth above to the allegations contained in paragraphs 1 through 91, 93, 95, 97, 99, 101, 103, 105, 107 and 109 of the plaintiffs' Amended Complaint as if fully set forth herein.

111. The defendants deny the allegations contained in paragraph 111 of the plaintiffs' Amended Complaint.

## AFFIRMATIVE DEFENSE

The defendants plead the plaintiffs' lack of standing in complete bar to all of their claims against the defendants that are based on the purported constitutional rights of abortion (or other) patients.

WHEREFORE, the defendants respectfully pray that the Court dismiss the plaintiffs' Amended Complaint and each and every claim for relief asserted therein; that the Court deny the plaintiffs' prayer for injunctive relief in its entirety; that the Court deny the plaintiffs' prayer for an award of attorneys' fees for the plaintiffs; and that the Court grant the defendants such other and further relief as the Court may deem just and proper.

The defendants further respectfully request that all issues of fact presented by the plaintiffs' Amended Complaint be tried by a jury.

33

Respectfully submitted this 14th day of December 2011.

                                */s/  Thomas J. Ziko*
                                Thomas J.  Ziko
                                North Carolina State Bar Number 8577
                                *Attorney for the Defendants*

                                Senior Deputy Attorney General
                                North Carolina Department of Justice
                                114 West Edenton Street
                                Office Number 356
                                Raleigh, North Carolina 27603
                                Post Office Box 629
                                Raleigh, North Carolina 27602-0629
                                Telephone Number: 919/716-6900
                                Facsimile Number: 919/716-6763
                                Email Address: tziko@ncdoj.gov

                                */s/  I. Faison Hicks*
                                I. Faison Hicks
                                North Carolina State Bar Number 10672
                                *Attorney for the Defendants*

                                Special Deputy Attorney General
                                North Carolina Department of Justice
                                114 West Edenton Street
                                Office Number 349
                                Raleigh, North Carolina 27603
                                Post Office Box 629
                                Raleigh, North Carolina 27602-0629
                                Telephone Number: 919/716-6629
                                Facsimile Number: 919/716-6763
                                Email Address: fhicks@ncdoj.gov

34

_____/s/ Stephanie Brennan_____
Stephanie Brennan
North Carolina State Bar Number 35955
*Attorney for the Defendants*

Assistant Attorney General
North Carolina Department of Justice
114 West Edenton Street
Office Number 353
Raleigh, North Carolina 27603
Post Office Box 629
Raleigh, North Carolina 27602-0629
Telephone Number: 919/716-6929
Facsimile Number: 919/716-6763
Email Address: sbrennan@ncdoj.gov

35

## CERTIFICATE OF SERVICE

This is to certify that, on the 14th day of December 2011, I caused a copy of the foregoing to be electronically filed with the Office of the Clerk of Court of the United States District Court for the Middle District of North Carolina using the CM/ECF system, which will automatically send notification of such filing to the following CM/ECF participants:

> Katherine Lewis Parker, Esquire
> *Counsel for all Plaintiffs*
> Legal Director
> American Civil Liberties Union of
>   North Carolina Legal Foundation
> Post Office Box 28004
> Raleigh, North Carolina 27611
>
> Bebe J. Anderson, Esquire
> Senior Counsel
> Center for Reproductive Rights
> 120 Wall Street, 14[th] floor
> New York, New York 10005
>
> Andrew D. Beck, Esquire
> Staff Attorney
> American Civil Liberties Union Foundation
> 125 Broad Street
> New York, New York 10004

*Certificate of Service continued on next page*

Helene T. Krasnoff, Esquire
Planned Parenthood Federation of America
1110 Vermont Avenue NW, Suite 300
Washington, D.C. 20005


_/s/  Stephanie Brennan_
Stephanie Brennan

37