IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| GRETCHEN S. STUART, M.D.; *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>JANICE E. HUFF, M.D. *et al*.,<br><br>    Defendants. | Civil Action No. 1:11-cv-804-CCE<br><br>**DEFENDANT-INTERVENORS' [PROPOSED] ANSWER TO AMENDED COMPLAINT** |

**DEFENDANT-INTERVENORS [PROPOSED] ANSWER TO AMENDED COMPLAINT**

Proposed Defendant-Intervenors Drs. John M. Thorp, Jr., M.D., FACOG; Gregory J. Brannon, M.D., FACOG, Martin J. McCaffrey, M.D., *on behalf of themselves, individually, as licensed health care providers, and their patients* (collectively the "Medical Professions"); Chimere Collins; Dallene Hallenbeck; Tracie Johnson, and Lanita Wilks, *on behalf of themselves, individually*, *as mothers, parents and former abortion patients* (collectively the "Post-Abortive Women"); and Asheville Pregnancy Support Services ("APSS") and the Pregnancy Resource Center of Charlotte (PRCC), *not-for-profit corporations duly organized under the laws of the State of North Carolina to provide, inter alia, limited ultrasound and pregnancy counseling services without charge to North Carolina's women and men who are facing an unexpected pregnancy or the adverse consequences of a prior abortion* (collectively the "Pregnancy Medical

Centers" or "PMCs"), pursuant to Rules 7 (a)(2) [*Pleadings Allowed*] and 24 (c)[*Notice and Pleading Required*] of the Federal Rules of Civil Procedure by and through their undersigned attorneys, allege the following in response to the Amended Complaint (Document 57; hereafter "Complaint"), filed herein on December 1, 2011.

Admissions and Denials

1. In response to the allegations of paragraph 1 of the Complaint, Defendant-Intervenors deny that Plaintiffs have standing to challenge the constitutionality of North Carolina Session Law 2011-405 under the U.S. Constitution, 42 U.S.C. § 1983 or other authority, but admit the remaining allegations of paragraph 1.

2. In response to the allegations of paragraph 2, Defendant-Intervenors state that the Act speaks for itself.

3. In response to the allegations of paragraph 3, Defendant-Intervenors state that the Act speaks for itself. To the extent paragraph 3 contains factual allegations, Defendant-Intervenors deny them in their entirety.

4. In response to the allegations of paragraph 4, Defendant-Intervenors state that the Act speaks for itself. To the extent paragraph 4 contains factual allegations, Defendant-Intervenors deny them in their entirety.

5. In response to the allegations of paragraph 5, Defendant-Intervenors state that the Act speaks for itself. To the extent paragraph 5 contains factual allegations, Defendant-Intervenors deny them in their entirety.

6. Defendant-Intervenors deny the allegations of paragraph 6 of the Complaint.

7. Defendant-Intervenors admit plaintiffs seek declaratory and injunctive relief. Defendant-Intervenors deny all remaining allegations of paragraph 7 of the Complaint.

8. Defendant-Intervenors deny the allegations of paragraph 8 of the Complaint.

9. Defendant-Intervenors deny the allegations of paragraph 9 of the Complaint.

10. Defendant-Intervenors deny the allegations of paragraph 10 of the Complaint.

11. Defendant-Intervenors lack sufficient knowledge and information to admit or deny the allegations of paragraph 11 of the Complaint.

12. Defendant-Intervenors lack sufficient knowledge and information to admit or deny the allegations of paragraph 12 of the Complaint.

13. Defendant-Intervenors lack sufficient knowledge and information to admit or deny the allegations of paragraph 13 of the Complaint.

14. Defendant-Intervenors lack sufficient knowledge and information to admit or deny the allegations of paragraph 14 of the Complaint.

15. Defendant-Intervenors lack sufficient knowledge and information to admit or deny the allegations of paragraph 15 of the Complaint.

16. Defendant-Intervenors lack sufficient knowledge and information to admit or deny the allegations of paragraph 16 of the Complaint.

17. Defendant-Intervenors lack sufficient knowledge and information to admit or deny the allegations of paragraph 17 of the Complaint.

18. Defendant-Intervenors lack sufficient knowledge and information to admit or deny the allegations of paragraph 18 of the Complaint.

19. Defendant-Intervenors lack sufficient knowledge and information to admit or deny the allegations of paragraph 19 of the Complaint.

20. Defendant-Intervenors lack sufficient knowledge and information to admit or deny the allegations of paragraph 20 of the Complaint.

21. Defendant-Intervenors lack sufficient knowledge and information to admit or deny the allegations of paragraph 21 of the Complaint.

22. Defendant-Intervenors lack sufficient knowledge and information to admit or deny the allegations of the first sentence of paragraph 22 of the Complaint. In response to the allegations of the second sentence of paragraph 22, Defendant-Intervenors admit that absent injunctive relief, Plaintiffs will be required by law to provide services in compliance with the Act or face the penalties the Act imposes. Defendant-Intervenors deny the allegation that the Act contains criminal penalties.

23. In response to the allegations of paragraph 23 of the Complaint, Defendant-Intervenors deny that Plaintiffs have standing to bring this action, either on their own behalf or on behalf of their patients.

24. Defendant-Intervenors admit the allegations of paragraph 24 of the Complaint.

25. Defendant-Intervenors admit the allegations of paragraph 25 of the Complaint.

26. Defendant-Intervenors admit the allegations of paragraph 26 of the Complaint.

27. Defendant-Intervenors admit the allegations of paragraph 27 of the Complaint.

28. Defendant-Intervenors admit the allegations of paragraph 28 of the Complaint.

29. Defendant-Intervenors admit the allegations of paragraph 29 of the Complaint.

30. Defendant-Intervenors admit the allegations of paragraph 30 of the Complaint.

31. Defendant-Intervenors admit the allegations of paragraph 31 of the Complaint.

32. Defendant-Intervenors admit the allegations of paragraph 32 of the Complaint.

33. Defendant-Intervenors admit the allegations of paragraph 33 of the Complaint.

34. Defendant-Intervenors admit the allegations of paragraph 34 of the Complaint.

35. Defendant-Intervenors admit the allegations of paragraph 35 of the Complaint.

36. In response to the allegations contained in paragraph 36 of the Complaint, Defendant-Intervenors state that the regulatory provisions cited speak for themselves.

37. In response to the allegations contained in paragraph 37 of the Complaint, Defendant-Intervenors state that the regulatory provisions cited speak for themselves.

38. In response to the allegations contained in paragraph 38 of the Complaint, Defendant-Intervenors state that Act speaks for itself.

39. In response to the allegations contained in paragraph 39 of the Complaint, Defendant-Intervenors state that Act speaks for itself.

40. In response to the allegations contained in paragraph 40 of the Complaint, Defendant-Intervenors state that Act speaks for itself.

41. In response to the allegations contained in paragraph 41 of the Complaint, Defendant-Intervenors state that Act speaks for itself.

42. In response to the allegations contained in paragraph 42 of the Complaint, Defendant-Intervenors state that Act speaks for itself.

43. In response to the allegations contained in paragraph 43 of the Complaint, Defendant-Intervenors state that Act speaks for itself.

44. In response to the allegations contained in paragraph 44 of the Complaint, Defendant-Intervenors state that Act speaks for itself.

45. In response to the allegations contained in paragraph 45 of the Complaint, Defendant-Intervenors state that Act speaks for itself.

46. In response to the allegations contained in paragraph 46 of the Complaint, Defendant-Intervenors state that Act speaks for itself.

47. In response to the allegations contained in paragraph 47 of the Complaint, Defendant-Intervenors state that Act speaks for itself.

48. In response to the allegations contained in paragraph 48 of the Complaint, Defendant-Intervenors state that Act speaks for itself.

49. In response to the allegations contained in paragraph 49 of the Complaint, Defendant-Intervenors state that Act speaks for itself.

50. In response to the allegations contained in paragraph 50 of the Complaint, Defendant-Intervenors state that Act speaks for itself.

51. In response to the allegations contained in paragraph 51 of the Complaint, Defendant-Intervenors state that Act speaks for itself.

52. In response to the allegations contained in paragraph 52 of the Complaint, Defendant-Intervenors state that Act speaks for itself.

53. In response to the allegations contained in paragraph 53 of the Complaint, Defendant-Intervenors state that Act speaks for itself.

54. In response to the allegations contained in paragraph 54 of the Complaint, Defendant-Intervenors state that Act speaks for itself.

55. In response to the allegations contained in paragraph 55 of the Complaint, Defendant-Intervenors state that Act speaks for itself.

56. Defendant-Intervenors deny the allegations contained in paragraph 56 of the Complaint.

57. Defendant-Intervenors deny the allegations of paragraph 57 of the Complaint.

58. Defendant-Intervenors admit the allegations of paragraph 58 of the Complaint.

59. Defendant-Intervenors deny the allegations of paragraph 59 of the Complaint, but further state that the list it contains is not exhaustive of the reasons women seek abortion, which may also include, for example, a lack of information about the nature of the abortion procedure or physical and emotional coercion from a partner or relative.

60. In response to the allegations contained in paragraph 60, Defendant-Intervenors state that the phrase "vast majority" is inherently vague and ambiguous, and on that basis the statement is denied. Defendant-Intervenors admit, however, that the majority (i.e., 50% or greater) of abortions are committed in the first trimester.

61. Defendant-Intervenors admit the allegation contained in the first sentence of paragraph 61 of the Complaint. Defendant-Intervenors lack sufficient knowledge and information to admit or deny the allegation contained in the second sentence of paragraph. Defendant-Intervenors deny the allegation contained in the third sentence of paragraph 61.

62. Defendant-Intervenors deny the allegations contained in paragraph 62 of the Complaint.

63. In response to the allegations contained in paragraph 63, Defendant-Intervenors state that the phrase "very safe procedure" is inherently vague and ambiguous, and on that basis the statement is denied.

64. Defendant-Intervenors deny the allegations contained in the first two sentences of paragraph 64 of the Complaint. The allegations contained in the third sentence of paragraph 64 are inherently vague and ambiguous, and are denied on that basis. Defendant-Intervenors deny the allegations contained in the fourth sentence of paragraph.

65. Defendant-Intervenors deny the allegations contained in the first sentence of paragraph 65 of the Complaint. Defendant-Intervenors admit the allegations contained in the second sentence of paragraph 65. Defendant-Intervenors lack sufficient knowledge and information to admit or deny the allegations contained in the third and fourth sentence of paragraph 65, and deny same on that basis.

66. Defendant-Intervenors admit the allegations contained in paragraph 66 of the Complaint.

67. Defendant-Intervenors deny the allegations contained in paragraph 67.

68. Defendant-Intervenors deny the allegations contained in paragraph 68.

69. Defendant-Intervenors deny the allegations contained in paragraph 69.

70. Defendant-Intervenors deny the allegations contained in paragraph 70.

71. Defendant-Intervenors deny the allegations contained in paragraph 71.

72. Defendant-Intervenors deny the allegations contained in paragraph 72.

73. In response to the allegations contained in paragraph 73, Defendant-Intervenors state that the "Display of Real-Time View Requirement" may require some abortion

patients to undergo a second ultrasound, but deny that such an ultrasound would be "medically unnecessary."

74. Defendant-Intervenors deny the allegations contained in paragraph 74.

75. In response to the allegations contained in paragraph 75 of the Complaint, Defendant-Intervenors state that said allegations are not assertions of fact or law, but rather statements of political/ideological advocacy that are irrelevant to the claims and defenses in this proceeding.

76. Defendants-Intervenors deny the allegations contained in paragraph 76 of the Complaint.

77. In response to the allegations contained in paragraph 77 of the Complaint, Defendants-Intervenors state that the Act speaks for itself, and deny the substantive allegations of paragraph 77.

78. In response to the allegations contained in paragraph 78 of the Complaint, Defendants-Intervenors state that the Act speaks for itself, and deny that the Act contains "internal contradictions."

79. Defendants-Intervenors deny the allegations contained in paragraph 79 of the Complaint.

80. In response to the allegations contained in paragraph 80 of the Complaint, Defendants-Intervenors state that the Act speaks for itself, and deny the substantive allegations of paragraph 80.

81. In response to the allegations contained in paragraph 81 of the Complaint, Defendants-Intervenors state that the Act speaks for itself, and deny the substantive allegations of paragraph 81.

82. In response to the allegations contained in paragraph 82 of the Complaint, Defendants-Intervenors state that the Act speaks for itself, and deny the substantive allegations of paragraph 82.

83. Defendants-Intervenors deny the allegations contained in paragraph 83 of the Complaint.

84. Defendants-Intervenors deny the allegations contained in paragraph 84 of the Complaint.

85. Defendants-Intervenors deny the allegations contained in paragraph 85 of the Complaint.

86. Defendants-Intervenors deny the allegations contained in paragraph 86 of the Complaint.

87. Defendants-Intervenors deny the allegations contained in paragraph 87 of the Complaint.

88. Defendants-Intervenors deny the allegations contained in paragraph 88 of the Complaint.

89. Defendants-Intervenors deny the allegations contained in paragraph 89 of the Complaint.

90. Defendants-Intervenors deny the allegations contained in paragraph 90 of the Complaint.

91.     Defendants-Intervenors deny the allegations contained in paragraph 91 of the Complaint.

92.     No response is required to paragraph 92 of the Complaint.

93.     Defendants-Intervenors deny the allegations contained in paragraph 93 of the Complaint.

94.     No response is required to paragraph 94 of the Complaint.

95.     Defendants-Intervenors deny the allegations contained in paragraph 95 of the Complaint.

96.     No response is required to paragraph 96 of the Complaint.

97.     Defendants-Intervenors deny the allegations contained in paragraph 97 of the Complaint.

98.     No response is required to paragraph 98 of the Complaint.

99.     Defendants-Intervenors deny the allegations contained in paragraph 99 of the Complaint.

100.    No response is required to paragraph 100 of the Complaint.

101.    Defendants-Intervenors deny the allegations contained in paragraph 101 of the Complaint.

102.    No response is required to paragraph 102 of the Complaint.

103.    Defendants-Intervenors deny the allegations contained in paragraph 103 of the Complaint.

104.    No response is required to paragraph 104 of the Complaint.

105. Defendants-Intervenors deny the allegations contained in paragraph 105 of the Complaint.

106. No response is required to paragraph 106 of the Complaint.

107. Defendants-Intervenors deny the allegations contained in paragraph 107 of the Complaint.

108. No response is required to paragraph 108 of the Complaint.

109. Defendants-Intervenors deny the allegations contained in paragraph 109 of the Complaint.

110. No response is required to paragraph 110 of the Complaint.

111. Defendants-Intervenors deny the allegations contained in paragraph 111 of the Complaint.

In response to Plaintiffs' Request for Relief, Defendant-Intervenors respectfully submit that all requested relief should be denied and the Complaint dismissed, with Plaintiffs taking nothing.

## **Defenses**

1. The complaint fails to state a claim against Defendants upon which relief can be granted.

2. Plaintiffs lack standing, in whole or in part, to bring their claims.

3. There exists no justiciable case or controversy herein, as Plaintiffs' claims are unripe.

## Demand for Judgment

Accordingly, Defendants request that the Court reject Plaintiffs' claims, declare all challenged provisions of the Act constitutional, and grant such other relief as the Court may deem just and proper.

Dated: December 18, 2011

Respectfully submitted,


/s/ W. Eric Medlin
W. Eric Medlin
(N.C. State Bar No. 29687)
ROBERTSON, MEDLIN & BLOSS, PLCC
127 North Green Street, *3rd Floor*
Greensboro, NC 27401
336-378-9881
Fax: 336-378-9886
eric.medlin@robertsonmedlin.com

Samuel B. Casey*
(Cal. Bar. No, 76022)
JUBILEE CAMPAIGN-
LAW OF LIFE PROJECT
801 G. Street, N.W., *Suite 521*
Washington, D.C. 20001
202-586-5652
Fax: 703-349-7323
sbcasey@lawoflifeproject.org

Steven H. Aden*
(D.C. Bar No. 99326)1
ALLIANCE DEFENSE FUND
801 G. Street, N.W., *Suite 509*
Washington, D.C. 20001
202-393-8690
Fax: 202-347-3622
saden@telladf.org

*Attorneys for Proposed Defendant-Intervenors*

*By Notice of Special Appearance

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of December, 2011, I caused a true and correct copy of the foregoing:

**DEFENDANT-INTERVENORS PROPOSED ANSWER TO AMENDED COMPLAINT**

to be electronically served on the following appearing counsel for defendants and plaintiffs by means of the Court's CM/ECF system.

COUNSEL FOR DEFENDANTS:

Thomas J. Ziko (State Bar No. 8577)
*Senior Deputy Attorney General*
I. Faison Hicks (State Bar No. 10672)
Stephanie Brennan (State Bar No. 35955)
*Special Deputies Attorney General*
N.C. Department of Justice
114 W. Edenton Street, Post Office Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6900
Fax: (919) 716-6763
Email: tziko@ncdoj.gov
Email: fhicks@ncdoj.gov
Email: sbrennan@ncdoj.gov

COUNSEL FOR PLAINTIFFS:
Katherine Lewis Parker
ACLU OF NORTH CAROLINA
POB 28004
Raleigh, NC 27611-8004
919-834-3466
Fax: 866-511-1344
Email: kparker@acluofnc.org

Bebe J. Anderson
THE CENTER FOR REPRODUCTIVE RIGHTS
120 Wall St., 14th Floor
New York, NY 10005
917-637-3687
Fax: 917-637-3666
Email: banderson@reprorights.org

Andrew D. Beck
AMERICAN CIVIL LIBERTIES UNION
125 Broad St., 18th Floor
New York, NY 10004-2400
212-284-7318
Fax: 212-549-2650
Email: abeck@aclu.org

Helene T. Krasnoff
PLANNED PARENTHOOD FEDERATION OF AMERICA
1110 Vermont Ave., NW, Ste. 300
Washington, Dc 20005
202-973-4800
Fax: 202-296-3480
Email: helene.krasnoff@ppfa.org

Dated: December 18, 2011

/s/ W. Eric Medlin
W. Eric Medlin (State Bar No. 29687)
ROBERTSON, MEDLIN & BLOSS, PLCC
127 North Green Street, 3rd Floor
Greensboro, NC 27401
336-378-9881
Fax: 336-378-9886
Email: eric.medlin@robertsonmedlin.com

*One of Counsel for Proposed Defendant-Intervenor*