IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| GRETCHEN S. STUART, M.D., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:11CV804 |
| ) | |
| JANICE E. HUFF, M.D., et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER MODIFYING MEMORANDUM OPINION AND ORDER**

Plaintiffs have moved to modify the preliminary injunction issued by this Court on October 25, 2011, (Doc. 51) and to clarify its October 25, 2011 opinion. (Doc. 42.) The Court held oral argument on the motions on December 5, 2011, and has considered the briefs and arguments of the parties. The Court concludes that the motion to modify the preliminary injunction should be denied, but will grant Plaintiffs' motion to clarify.

Part III/B of the Court's October 25 opinion is modified by deleting the third paragraph (beginning "While not a model of clarity,") and replacing it with these two paragraphs:

> The Defendants interpret the statute to require that a physician or qualified professional provide the listed information and, if a qualified professional provides the information, that a physician be available to ask and answer questions within the statutory timeframe upon request of the patient or the qualified professional. The Defendants further contend that this provision does not require that the physician must always personally meet with the patient during this advance consultation, and agree that the physician can be available personally, electronically, or telephonically.

The Defendants' interpretation is a reasonable interpretation of the statutory language, and avoids the problems the Plaintiffs identify. *See Berry v. Atlantic Greyhound Lines, Inc.*, 114 F.2d 255, 257 (4th Cir. 1940) ("It is a well-known principle of statutory interpretation that, when possible, a statute should be so interpreted as to give meaning to all its parts and so as to prevent seeming contradictions between these parts"). "A statute should . . . be interpreted both as a whole and also in the light of its general scope, tenor and purpose." *Id.* at 257-58. As such, this provision, while not a model of clarity, is not confusing or vague and thus the Plaintiffs are unlikely to succeed in their challenge to section 90-21.82.

IT IS ORDERED that the Motion to Modify (Doc. 51) is DENIED and the Motion to Clarify (Doc. 42) is GRANTED. The Court will issue an Amended Opinion this date.

This the 19th day of December, 2011.

_____
UNITED STATES DISTRICT JUDGE

2