IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| GRETCHEN S. STUART, M.D., et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>JANICE E. HUFF, M.D., et al., )<br>)<br>Defendants. ) | 1:11-cv-804 |

**MEMORANDUM OPINION AND ORDER**

CATHERINE C. EAGLES, District Judge.

A group of medical professionals, a group of interested women, and a group of pregnancy counseling centers (collectively, "the proposed intervenors") have moved to intervene as Defendants in a constitutional challenge to the Woman's Right to Know Act ("the Act") (Doc. 44.) While the Court recognizes the general interests of the proposed intervenors, it will deny the Motion to Intervene because those interests are adequately represented by existing Defendants and intervention would unnecessarily complicate the case and cause undue delay.

**I**

The Act was passed by the North Carolina General Assembly in 2011 to regulate certain aspects of the practice of abortion in the state. Several North Carolina physicians and health care providers ("Plaintiffs") filed suit in this Court challenging the constitutionality of the Act. The Plaintiffs moved for a preliminary injunction seeking to enjoin specific provisions of the Act. This Court enjoined Section 90-21.85 of the Act, which required physicians to show patients seeking abortions a real-time display of the fetus and to orally describe to the patients what could be seen on the display. The remainder of the Act became effective on October 26, 2011.

After the Court enjoined part of the Act, the proposed intervenors filed a motion to be added as Defendants in the action. They seek to intervene as a matter of right, pursuant to Rule 24(a)(2), or permissively, pursuant to Rule 24(b)(1)(B).

## II

Federal Rule of Civil Procedure 24(a)(2) states that:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The Fourth Circuit has interpreted Rule 24(a)(2) to require intervention if three conditions are met. *Teague v. Bakker*, 931 F.2d 259, 260-61 (4th Cir. 1991). First, the proposed intervenors must prove an interest in the subject matter of the litigation. *Id.* at 260-61. Second, the proposed intervenors must show that the protection of their interests would be impaired because of the litigation. *Id.* at 261. Finally, the proposed intervenors must demonstrate that their interests are not being adequately represented by the existing Defendants. *Id.* Though the Fourth Circuit construes the standard for intervention liberally, the proposed intervenors still must meet every element of the test. *See Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986).

To prevail on the first element of the standard, the proposed intervenors must show "a significantly protectable interest." *Teague*, 931 F.2d at 261 (internal quotation marks omitted). It is questionable that each of the three groups which constitute the proposed intervenors have "an interest in the subject matter of the litigation" as that term has been defined. Certainly all three groups are interested in the subject matter of the litigation, but that is not the same thing. *See Diamond v. Charles*, 476 U.S. 54, 66-67 (1986) (O'Connor, J., concurring). The medical

professionals and pregnancy counseling centers perhaps have a tangible interest in providing the kinds of services the Act requires and perhaps have some civil enforcement rights under the statute. Whether this is enough is doubtful. *See Hazardous Waste Treatment Council v. South Carolina* (*In Re Sierra Club*), 945 F.2d 776, 779 n.8 (4th Cir. 1991).

It is not necessary to decide this point, however, since the proposed intervenors clearly have not met the third element of the test: they have not shown that their interests are not being properly represented by the current Defendants. "When the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented. . . ." *Virginia v. Westinghouse Electric Corp.*, 542 F.2d 214, 216 (4th Cir. 1976). A "very strong showing of inadequacy" is needed when the existing Defendant is a "governmental agency." 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1909 (3d ed. 2007). "Acting in a type of representative capacity is a basic governmental function, and the business of the government could hardly be conducted if, in matters of litigation, individual citizens could usually or always intervene and assert individual points of view." 6 Moore's Federal Practice, § 24.03[4][a][iv][A] (3d ed. 2011).

Here, the proposed intervenors and the existing Defendants, represented by the North Carolina Department of Justice, a governmental agency, have precisely the same goal: to uphold the Act as constitutionally permissible. Because the proposed intervenors and the existing Defendants share the same ultimate objective, the movants ordinarily must show "adversity of interest, collusion, or nonfeasance" to rebut the presumption. *Westinghouse*, 542 F.2d at 216; *see also U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978) (affirming the denial of a postal union to intervene in litigation in a constitutional challenge to a statute because the union and the existing defendants had the same goal of upholding the constitutionality of the law).

3

The presumption has not been rebutted. The proposed intervenors have not alleged adversity of interest, collusion, or nonfeasance, nor does any appear in the record.

The proposed intervenors assert that the existing Defendants' decision not to present evidence at a preliminary injunction hearing demonstrates that their interests are not being adequately represented. They also contend that they would offer additional compelling state interests in support of the Act that the Defendants have not brought to the Court's attention. The hearing on the motion for temporary restraining order was held less than three weeks after the Complaint was filed and only two weeks after service. During that two weeks, the Attorney General's office prepared and filed a detailed, thorough, and substantial brief addressing the legal questions presented by the Plaintiffs' claim for injunctive relief. (Doc. 29.) At the hearing, counsel for the Defendants argued zealously in opposition to the motion for injunctive relief on substantive grounds. While the proposed intervenors may have disagreed with the Defendants' tactical decisions, such a disagreement does not rebut the presumption of adequacy. *See Chiglo v. City of Preston*, 104 F.3d 185, 188 (8th Cir. 1997) ("[T]he proposed intervenor cannot rebut the presumption of representation by merely disagreeing with the litigation strategy. . . .").

The Defendants have vigorously defended the constitutionality of the Act in their pleadings and in the courtroom. They are adequately and thoroughly representing the same interests the proposed intervenors have. Therefore, the Court will deny the proposed intervenors' motion to intervene as a matter of right.

## III

In the alternative, the proposed intervenors seek permissive intervention. Rule 24(b)(1) provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Rule 24 also

4

requires that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Adding three groups of intervenors would necessarily complicate the discovery process and consume additional resources of the court and the parties. *See Crosby Steam Gage & Valve Co. v. Manning, Maxwell & Moore, Inc.*, 51 F. Supp. 972, 973 (D. Mass. 1943). "Undue delay or prejudice to the rights of the original parties has been the focal point of most decisions dealing with permissive intervention." *Wooten v. Moore*, 42 F.R.D. 236, 240 (E.D.N.C. 1967) (collecting cases).

While the intervention of additional parties does not constitute undue delay in all cases, here it seems highly likely that intervention would result in undue delay in adjudication of the merits, without a corresponding benefit to existing litigants, the courts, or the process. *See United States v. Pitney Bowes, Inc.,* 25 F.3d 66, 69 (2d Cir. 1994); *United States. v. Tex. E. Transmission Corp.*, 923 F.2d 410, 412 (5th Cir. 1991). The existing Defendants are zealously pursuing the same ultimate objectives as the movants. *See City of Stilwell v. Ozarks Rural Electric Coop. Corp.*, 79 F.3d 1038, 1043 (10th Cir. 1996) (denying permissive intervention where existing party would adequately represent proposed intervenors' constitutional concerns). Therefore, the Court concludes in its discretion that permissive intervention is not warranted.

## IV

For the foregoing reasons, the movants' Motion to Intervene (Doc. 44) is **DENIED**.

This the 22nd day of December, 2011.

_____
UNITED STATES DISTRICT JUDGE