IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| GRETCHEN S. STUART, M.D., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | |
| JANICE E. HUFF, M.D., et al., | ) | Case No. 1:11-cv-00804 |
| | ) | |
| Defendants. | ) | |
| | ) | |

## JOINT RULE 26(f) REPORT

1. Pursuant to Fed.R.Civ.P. 26(f) and LR 16.1(b), meetings were held on February 9 and 13, 2012, via teleconference and were attended by Katherine Lewis Parker, Bebe J. Anderson, and Helene T. Krasnoff for Plaintiffs, and I. Faison Hicks and Stephanie Brennan for Defendants.

2. Discovery Plan. The parties propose to the Court the following discovery plan:

   At this time, the parties intend to take discovery on the following subjects:

   - The State interests which Defendants believe are furthered by the challenged provisions of the Act (including documents, information, and witnesses which allegedly support the Defendants' assertions that the challenged provisions further such interests);

1

- The rights and/or interests which Plaintiffs believe are infringed upon by the Act (including documents, information, and witnesses which allegedly support the Plaintiffs' assertions that the challenged provisions infringe upon such rights and/or interests);
- Factual issues related to Defendants' interpretation and/or enforcement of provisions of the Act which Plaintiffs assert are vague; and
- Witnesses, including expert witnesses, whose testimony the parties will seek to rely on in this case.

Discovery shall be placed on a case-management track established in LR26.1. The parties agree that the appropriate plan for this case (with the stipulated modifications by the parties set out below) is **Complex**, as designated in LR26.1 (a). The date for the completion of all discovery is: **August 27, 2012**. Stipulated modifications to the case management track include:

- The parties stipulate that they will make their initial disclosures on or before **March 16, 2012**.
- By **April 16, 2012**, Plaintiffs will disclose to Defendants the identity of any witness they may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705. Such disclosure will be accompanied by a report or by information pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) and (C).
- By **May 16, 2012**, Defendants will disclose to Plaintiffs the identity of any witness – including, but not limited to rebuttal witnesses – they may use at trial to present

2

evidence under Federal Rules of Evidence 702, 703, or 705. Such disclosure will be accompanied by a report or by information pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) and (C).

- By **June 15, 2012**, Plaintiffs will disclose to Defendants the identity of any rebuttal witness they may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705. Such disclosure will be accompanied by a report or by information pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) and (C).
- Interrogatories (including subparts) and requests for admissions combined will be limited to a total of **20** on each side.

Supplementations under Rule 26(e) are due: in a timely manner as required by Rule 26(e)(1)(A) and, unless otherwise ordered or as noted herein, no less than thirty days before the due date for filing dispositive motions or, if learned after dispositive motions are fully briefed, no less than thirty days before trial. Supplemental disclosures governed by Rule 26(e)(2) are due no later than the time that the party's pretrial disclosures under Rule 26(a)(3) are due.

3. Mediation. The parties do not believe that this case (which challenges the constitutionality of a state statute) is appropriate for mediation. However, the parties would consider any potential for mediation of the matter or issues therein as the case progresses and, if such potential arises.

4. Preliminary Deposition Schedule. Preliminarily, the parties agree that all depositions will be completed by **August 15, 2012**.

5. Other items.

The parties should be allowed until **March 9, 2012** to request leave to join additional parties or amend pleadings. After that date, the Court will consider, *inter alia,* whether the granting of leave would delay trial or otherwise prejudice any party.

The parties have discussed special procedures for managing this case, and do not believe that this case is appropriate for referral to a Magistrate Judge under 28 U.S.C. § 636(c), or for appointment of a master.

The parties have not identified any unusual issues relating to disclosure or discovery of electronically stored information. However, once discovery is served, the parties agree to meet and confer regarding any electronic discovery issues that may arise.

Trial of the action is expected to take approximately one week. A jury trial was demanded by Defendants. However, only equitable relief (injunctive and declaratory) is sought in this action and therefore, Plaintiffs believe this case is not appropriate for submission to a jury.

Dated: February 22, 2012

/s/ Katherine Lewis Parker
Katherine Lewis Parker, NC Bar #36263
Legal Director
American Civil Liberties Union of North
 Carolina Legal Foundation
P.O. Box 28004
Raleigh, NC 27611
(919) 834-3466

Dated: February 22, 2012

/s/ Katherine Lewis Parker for
I. Faison Hicks
Special Deputy Attorney General
N.C. Department of Justice
114 W. Edenton Street
P.O. Box 629
Raleigh, NC 27602
(919) 716-6900

4

(866) 511-1344 Fax
kparker@aclunc.org

Attorney for Plaintiffs

(919) 716-6763 Fax
fhicks@ncdoj.gov

Attorney for Defendants