IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GRETCHEN S. STUART, M.D., et al.,       )
                                         )
           Plaintiffs,                   )
                                         )
v.                                       )   CIVIL ACTION
                                         )
RALPH C. LOOMIS, M.D., et al.,           )   Case No. 1:11-cv-00804
                                         )
           Defendants.                   )


MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE
THE DECLARATIONS OF DRS. THORP, MCCAFFREY, AND
BRANNON, AND PORTIONS OF THE DECLARATIONS OF CHIMERE
COLLINS, DANELLE HALLENBECK, AND TRACIE JOHNSON

Plaintiffs respectfully move pursuant to Rules 56(c)(2) and 37(c)(1), Fed. R. Civ. P., to strike the previously undisclosed expert declarations of Drs. John M. Thorp, Martin J. McCaffrey, and Gregory J. Brannon, which Defendants cite in their Motion for Summary Judgment, dated October 3, 2012. Plaintiffs further move pursuant to Federal Rule of Civil Procedure 56(c)(2) to strike improper opinion and hearsay testimony from the declarations of Chimere Collins, Danelle Hallenbeck, and Tracie Johnson, likewise cited by Defendants in their Motion for Summary Judgment.

## INTRODUCTION

A party may not rely at the summary judgment stage upon evidence that would be inadmissible at trial. Inadmissible evidence includes the opinions of experts whose identities or opinions the party has failed properly to disclose in discovery, as well as improper hearsay or lay opinion testimony.

In their summary judgment motion, Defendants seek to rely upon precisely such inadmissible evidence. First, Defendants seek to rely on the expert opinions of Drs. John M. Thorp, Martin J. McCaffrey, and Gregory J. Brannon. Defendants made none of the disclosures for these purported expert witnesses that Federal Rule of Civil Procedure 26(a)(2) requires—they did not identify these physicians as experts upon whose opinions they intended to rely at trial and did not provide written reports setting forth the witnesses' expert opinions. Indeed, the first indication Plaintiffs had that Defendants intended to rely on these witnesses for expert opinions was in Defendants' summary judgment motion itself. These

1

undisclosed expert opinions are inadmissible, and the Court should strike these declarations from the summary judgment record. Second, Defendants seek to rely upon the declarations of Chimere Collins, Danelle Hallenbeck, and Tracie Johnson (Dkt. #45-4 through 45-6). Each of these declarations contains improper lay opinion testimony about the needs, interests, and experiences of abortion patients in general, as well as inadmissible hearsay. Such testimony is likewise inadmissible and must likewise be stricken.

## ARGUMENT

### I. The Undisclosed Expert Opinion Testimony of Drs. Thorp, McCaffrey, and Brannon Must Be Stricken.

In their summary judgment motion, Defendants seek to rely on the expert opinions of Drs. Thorp, McCaffrey, and Brannon, even though Defendants did not disclose these physicians as expert witnesses upon whose opinion they would rely at trial. Def.'s Mot. Summ. J., Dkt. #117, at 1. The opinions of these three physicians are inadmissible, and the Court should strike them from the record. *See, e.g., Hoyle v. Freightliner, LLC*, 650 F.3d 321, 330 (4th Cir. 2011) (where summary judgment brief relies upon declaration of undisclosed witness, declaration should be stricken from the summary judgment record); *White v. Howmedica, Inc.*, 490 F.3d 1014, 1016 (8th Cir. 2007) (where litigant "only proffered [expert's] affidavit in response to the motion for summary judgment," it should be stricken); *Smith v. Atkins*, 777 F. Supp. 2d 955, 962-63 (E.D.N.C. 2011) (striking undisclosed expert declarations from summary judgment record).

2

Federal Rule of Civil Procedure 26(a)(2) makes clear that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Further, "this disclosure must be accompanied by a written report" containing six specified categories of information. Fed. R. Civ. P. 26(a)(2)(B). "The expert disclosure requirements are not merely aspirational, and courts must deal decisively with a party's failure to adhere to them." *Lohnes v. Level 3 Commc'ns, Inc.*, 272 F.3d 49, 60 (1st Cir. 2001). As the Fourth Circuit has explained:

> Rule 26 disclosures are often the *centerpiece* of discovery in litigation that uses expert witnesses. A party that fails to provide these disclosures unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case . . . .
>
> Every litigant in federal court is plainly entitled under Rule 26(a)(2)(B) to be given the information spelled out therein, and none shoulder the burden to independently investigate and ferret out that information as best they can and at the expense of their client . . . The available penalty for failure to comply with Rule 26(a)(2)(B) is equally plain, and if a litigant refuses to comply with the requirements of the rule, he does so at his peril.

*Carr v. Deeds*, 453 F.3d 593, 604-05 (4th Cir. 2006) (emphasis in original) (some citations omitted).

Where a party fails to comply with Rule 26(a)(2)'s disclosure requirements, the undisclosed testimony must be stricken except under narrow circumstances not applicable here. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party *is not*

3

*allowed to use that . . . witness to supply evidence on a motion*, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.") (emphasis added); *see also* Fed. R. Civ. P. 37(c) advisory committee's note (1993) (describing the mandatory exclusion requirement as "self-executing" and "automatic"); *cf. Lohnes*, 272 F.3d at 60 (mandatory exclusion of undisclosed expert testimony "applies with equal force to motions for summary judgment"); *accord Hoyle*, 650 F.3d at 330 (affirming district court order striking undisclosed witness from summary judgment record). "[T]he baseline rule is that the required sanction in the ordinary case is mandatory preclusion." *Harriman v. Hancock Cnty.*, 627 F.3d 22, 29 (1st Cir. 2010) (citation omitted) (internal quotation marks omitted).

The Fourth Circuit has identified five factors to guide this Court's Rule 37(c)(1) exclusion analysis: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the [proceedings]; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *S. States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). "It is the burden of the party facing sanctions to show that the failure to comply was either substantially justified or harmless." *Carr*, 453 F.3d at 602 (citation omitted).

Defendants cannot possibly satisfy that burden here. First, Defendants' failure to disclose these physicians as expert witnesses upon whom they would

4

rely at trial unquestionably comes as an unfair surprise to Plaintiffs. *See S. States*, 318 F.3d at 597. In its Order approving the parties' joint Rule 26(f) report, the Court established deadlines for the parties to exchange expert disclosures. *See* Order Approving Joint 26(f) Report, Dkt. #73, at 1. The parties subsequently agreed to extend these disclosure deadlines, making Defendants' expert disclosures due on May 23, 2012. On that deadline, Defendants disclosed an expert witness, Dr. Watson A. Bowes, and provided an expert report from him, but did not disclose or provide expert reports from Drs. Thorp, McCaffrey, and Brannon. *See* Email from Stephanie Brennan to Bebe Anderson and Katy Parker (May 23, 2012) (attached hereto as Exhibit A). Thus, contrary to the purpose of the civil rules governing expert disclosure, Plaintiffs did not have the opportunity to decide whether to submit expert testimony to rebut the opinions of Drs. Thorp, McCaffrey, and Brannon, or to test the opinions of these physicians through depositions. The surprise to Plaintiffs in Defendants' last-minute effort to rely upon these three experts is self-evident. *See Lohnes*, 272 F.3d at 60 (Attempted reliance at summary judgment upon undisclosed expert's declaration "deprived [the opponent] of the opportunity to depose the proposed expert, challenge his credentials, solicit [rebuttal] expert opinions of its own, or conduct expert-related discovery."); *accord Reese v. Herbert*, 527 F.3d 1253, 1264-65 (11th Cir. 2008).

The fact that the proposed intervenors filed the physicians' declarations on the docket in support of their unsuccessful intervention motion does not eliminate the surprise to Plaintiffs. In *Carr*, the Fourth Circuit did not hesitate to find unfair

surprise where an expert's opinions were appended to the plaintiff's own complaint but not disclosed under Rule 26(a). *See* 453 F.3d at 605. The surprise here is more extreme than in *Carr*, in that Plaintiffs had *no indication* that Defendants would seek to rely upon the opinions of the attempted intervenor-physicians at the summary judgment stage or at trial.[1]

Second—and for similar reasons—as a result of Defendants' eleventh-hour reliance upon undisclosed expert declarations, Plaintiffs are in no position to "cure the surprise." *S. States*, 318 F.3d at 597. Discovery in this case is complete, summary judgment briefing is well underway, and Plaintiffs have had no opportunity to depose the undisclosed experts or submit rebuttal expert reports. *See Carr*, 453 F.3d at 605; *Lohnes*, 272 F.3d at 60. Where Plaintiffs "prepared and filed a summary judgment motion premised on evidence submitted before the discovery deadline," and Defendants countered with declarations of expert witnesses "whom [they] had not provided the [Plaintiffs] an opportunity to depose," *Harriman*, 627 F.3d at 31, there simply can be no cure apart from striking the undisclosed declarations.

Third, allowing Defendants to rely upon the undisclosed experts would unquestionably disrupt these proceedings. *See S. States*, 318 F.3d at 597. This Court would be compelled to reopen discovery in order for Defendants to make

---

[1] Because Defendants made no Rule 26 disclosures for Drs. Thorp, McCaffrey, and Brannon, Plaintiffs could not depose these witnesses. *See Carr*, 453 F.3d at 605 ("Indeed, Rule 26 provides that '[i]f a report from [an] expert is required under subdivision (a)(2)(B), the deposition *shall not be conducted* until after the report is provided.'") (quoting Fed. R. Civ. P. 26(b)(4)) (emphasis in original).

their belated Rule 26(a)(2)(B) disclosures, for Plaintiffs to designate any rebuttal witnesses, and for the parties to conduct depositions of the newly-designated experts. The parties would then be required to begin anew with summary judgment motion practice upon an ever-evolving factual record. Grinding the litigation to a halt in this manner would be disruptive in the extreme and would impose substantial burdens on both Plaintiffs' and this Court's resources.

Fourth, the undisclosed opinions of Drs. Thorp, McCaffrey, and Brannon certainly are not important enough to justify such disruption of the proceedings. *See S. States*, 318 F.3d at 597. These physicians offer opinions on, *inter alia*, the nature of the sexual relationships of women who seek abortions, whether abortion causes breast cancer, and whether abortion is associated with preterm labor—topics that are far removed from, and legally irrelevant to, the challenged portions of the Act. Nevertheless, if the opinions of these three physicians were included in the summary judgment record, Plaintiffs would be forced to rebut and challenge these opinions, which are irrelevant, unfounded, and contrary to the weight of scientific evidence.

Finally, Defendants have provided no "explanation for [their] failure to disclose the evidence." *S. States*, 318 F.3d at 597. Defendants have known about Drs. Thorp, McCaffrey, and Brannon at least since the intervention motion was filed in November 2011, but they did not take the steps necessary to notify Plaintiffs that they intended to rely on these physicians' purported expert opinions at trial. It would be insufficient for Defendants to claim that their failure do so

7

was an honest mistake—"[f]or the sanction of exclusion to apply, Rule 37(c)(1) does not require a finding of bad faith or callous disregard of the discovery rules." *Hoyle*, 650 F.3d at 330 (citation omitted).

In sum, having failed to make any of the appropriate Rule 26 disclosures for Drs. Thorp, McCaffrey, and Brannon, Defendants simply are "not allowed to use th[ose] . . . witness[es] to supply evidence on a motion, at a hearing, or at a trial." Fed. R. Civ. P. 37(c)(1). Because Defendants cannot rely upon these declarations on their motion or at trial, the declarations of Drs. Thorp, McCaffrey, and Brannon must be stricken from the summary judgment record. *See* Fed. R. Civ. P. 56(c)(2); *Hoyle*, 650 F.3d at 330; *Lohnes*, 272 F.3d at 60-61.

## II. The Court Should Strike the Hearsay and Lay Opinion Statements of Chimere Collins, Danelle Hallenbeck, and Tracie Johnson.

Defendants likewise seek to rely upon the declarations of Chimere Collins, Danelle Hallenbeck, and Tracie Johnson. In their declarations, Collins, Hallenbeck, and Johnson describe their abortion experiences and express opinions about the needs and experiences of abortion patients in general. Although Plaintiffs do not object to Defendants' reliance upon the admissible portions of these declarations, many of the statements contained therein are either improper lay opinion testimony or hearsay. Such statements would be inadmissible at trial and must be stricken from the summary judgment record. *See, e.g., Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996) (citations

8

omitted) (portions of declarations that are conclusory or hearsay should be stricken from the summary judgment record).

First, the declarations of Collins, Hallenbeck, and Johnson go well beyond describing each woman's own abortion experience to include broad generalized opinions about the needs of women and abortion patients,[2] speculative statements about the practices of abortion providers in general,[3] and opinions on matters of medicine and medical ethics that these lay witnesses are not qualified to offer.[4]

---

[2] *See* Collins Decl. ¶ 23 ("I am particularly sure from my own experience that women like me are not told what an ultrasound examination is revealing to the abortionist and why a woman like me might want to not only see her ultrasound but also have what was being seen clearly explained to her, as the Act requires."); *id.* at ¶ 26 ("Based on my personal experience, I believe that sharing the information provided by the ultrasound with the woman is necessary in order to allow her to make a fully informed and voluntary decision about whether to continue or terminate her pregnancy not only for the sake of her health, but also for the sake of her child's health."); *see also* Hallenbeck Decl. ¶¶ 26-28; Johnson Decl. ¶¶ 19-20.

[3] *See* Collins Decl. ¶ 23 ("Based upon my own experience . . ., I would conclude that abortionists in North Carolina, including at least some of the plaintiffs in this case, do not give women . . . enough information for them to make a truly voluntary and fully informed decision about what an abortion is and what risks and adverse complications can arise from abortion."); Hallenbeck Decl. ¶ 22 ("Based on my own experience set forth above, as well as my interviews and discussion with many post-abortive women in North Carolina, I would conclude that abortionists in North Carolina, including at least some of the plaintiffs in this case, do not give women enough information for them to make a truly voluntary and fully informed decision about what an abortion is and what risks and adverse complications can arise from abortion.").

[4] *See* Hallenbeck Decl. ¶ 11 ("I believe that the complications that I endured [during third pregnancy] were a direct result of my abortion."); Johnson Decl. ¶ 18 ("Based on my own experiences . . ., I believe that I did not give a truly voluntary and fully informed consent to the abortion of my second child."); *id.* at ¶ 21 ("Based upon my own personal experience . . ., I conclude [that] a woman can be too sedated to make a truly voluntary and informed decision about what an abortion is and what risks and adverse complications can arise from abortion. The Act would make such an occurrence unlawful.").

9

None of these statements is admissible. Under Federal Rule of Evidence 701, a witness who is not an expert is precluded from offering opinion testimony unless the opinion is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or determining a fact in issue; *and* (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701 (emphasis added). Courts interpreting this Rule have consistently held that lay witnesses may not offer opinion testimony that is speculative or conclusory, or that draws generalized conclusions beyond what the witness could know from her own perceptions. *See, e.g., United States v. Johnson*, 617 F.3d 286, 293 (4th Cir. 2010) (lay witness cannot draw general conclusions based on "second-hand information"); *Hirst v. Inverness Hotel Corp.*, 544 F.3d 221, 226-27 (3d Cir. 2008) (lay witness cannot offer speculative testimony); *United States v. Mock*, 523 F.3d 1299, 1303 (11th Cir. 2008) (lay witness not permitted to offer opinion testimony about what she "believed"); *Washington v. Dep't of Transp.*, 8 F.3d 296, 300 (5th Cir. 1993) ("Under the Federal Rules of Evidence, speculative opinion testimony by lay witnesses—*i.e.*, testimony not based upon the witness's perception—is generally considered inadmissible.").

The portions of the declarations of Collins, Hallenbeck, and Johnson that Plaintiffs have moved to strike are not "rationally based on the witness[es'] perception[s]." Fed. R. Evid. 701. Rather, the statements Plaintiffs challenge consist entirely of generalizations, conclusions based on second-hand information,

speculation, and opinions on matters beyond a layperson's competence. These statements "cannot be presented in a form that would be admissible in evidence," Fed. R. Civ. P. 56(c)(2), and they must accordingly be stricken. *See Evans*, 80 F.3d at 962.

Similarly, these declarations contain numerous statements that consist of inadmissible hearsay. Hearsay is a statement that "the declarant did not make while testifying at the current trial or hearing" and that "a party offers in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). "[S]ummary judgment affidavits cannot be . . . based upon hearsay," and such hearsay statements must be stricken from the summary judgment record. *Evans*, 80 F.3d at 962 (citation omitted).

The declarations of Collins, Hallenbeck, and Johnson contain numerous references to statements by other people, including alleged statements by unidentified staff at medical clinics,[5] and alleged statements by other unidentified women about their own abortion experiences.[6] These statements are inadmissible hearsay because they are statements by persons other than the declarants offered to prove the truth of the matters asserted. The Court should accordingly strike these hearsay statements from the declarations of Collins, Hallenbeck, and Johnson.

## CONCLUSION

---

[5] *See* Collins Decl. ¶¶ 4-5, 7, 9-11, 13, 15, 17, 22; Hallenbeck Decl. ¶¶ 6, 8; Johnson Decl. ¶¶ 4, 6, 12.

[6] *See* Collins Decl. ¶ 19; Hallenbeck Decl. ¶¶ 13, 15-21, 25-28.

11

For the foregoing reasons, Plaintiffs respectfully request that the Court strike the declarations of Drs. Thorp, McCaffrey, and Brannon in their entirety and strike the challenged portions of the Collins, Hallenbeck, and Johnson declarations from the summary judgment record.


Dated: December 3, 2012

Respectfully submitted,

/s/ *Christopher Brook*
Christopher Brook, NC Bar #33838
American Civil Liberties Union
of North Carolina Legal Foundation
P.O. Box 28004
Raleigh, NC 27611
(919) 834-3466
(866) 511-1344 Fax
cbrook@acluofnc.org

/s/ *Julie Rikelman*
Julie Rikelman
Center for Reproductive Rights
120 Wall Street, 14th Floor
New York, NY 10005
(917) 637-3670
(917) 637-3666 Fax
jrikelman@reprorights.org

COUNSEL FOR ALL PLAINTIFFS

Helene T. Krasnoff
Planned Parenthood Fed. Of America
1110 Vermont Avenue NW, Suite 300
Washington, DC 20005
(202) 973-4800
helene.krasnoff@ppfa.org

Diana O. Salgado
Planned Parenthood Fed. of America
434 W. 33rd Street
New York, NY 10001
(212) 541-7800
(212) 247-6811 Fax
diana.salgado@ppfa.org

COUNSEL FOR PLANNED
PARENTHOOD OF CENTRAL

Walter Dellinger
O'Melveny & Myers LLP
1625 Eye Street NW
Washington, DC 20006
(202) 383-5300
(202) 383-5414 Fax
wdellinger@omm.com

Anton Metlitsky
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036
(212) 326-2000
(212) 326-2061 Fax
ametlitsky@omm.com

12

NORTH CAROLINA & PLANNED
PARENTHOOD HEALTH SYSTEMS,
INC.

Andrew D. Beck
American Civil Liberties Union
Foundation
125 Broad Street
New York, NY 10004
(212) 284-7318
(212) 549-2651 Fax
abeck@aclu.org

COUNSEL FOR JAMES R.
DINGFELDER, M.D., SERINA
FLOYD, M.D., TAKEY CRIST, M.D.,
& TAKEY CRIST M.D., P.A. d/b/a
CRIST CLINIC FOR WOMEN

COUNSEL FOR GRETCHEN S.
STUART, M.D., DAVID A. GRIMES,
M.D., AMY BRYANT, M.D.,
DECKER & WATSON d/b/a
PIEDMONT CAROLINA MEDICAL
CLINIC, & A WOMAN'S CHOICE
OF RALEIGH, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of December, 2012, I electronically filed the foregoing Motion to Strike with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing.

/s/ Christopher Brook
Christopher Brook, NC Bar #33838
American Civil Liberties Union
of North Carolina Legal Foundation
P.O. Box 28004
Raleigh, NC 27611
(919) 834-3466
(866) 511-1344 Fax
cbrook@acluofnc.org

COUNSEL FOR ALL PLAINTIFFS

14