IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| GRETCHEN S. STUART, M.D., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| – against – ) | Case No. 1:11-CV-00804 |
| ) | |
| RALPH LOOMIS, M.D., et al., ) | |
| ) | |
| Defendants. ) | |

**THE DEFENDANTS' RESPONSE TO THE PLAINTIFFS' MOTION TO STRIKE THE DECLARATIONS OF DRS. THORP, McCAFFREY AND BRANNON, AND PORTIONS OF THE DECLARATIONS OF CHIMERE COLLINS, DANELLE HALLENBECK AND TRACIE JOHNSON**

Pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure and Rule 7.3(f) of this Court's Local Rules, the State of North Carolina, acting by and on behalf of all of the defendants in this case, respectfully submits this response to the plaintiffs' Motion to Strike the Declarations of Drs. Thorp, McCaffrey and Brannon and the Declarations of Chimere Collins, Danelle Hallenbeck and Tracie Johnson. For the reasons set forth below, the defendants ask this Court to deny the plaintiffs' Motion.

I.

**The Plaintiffs' Motion to Strike the Expert Declarations of Drs. Thorp, McCaffrey and Brannon Should Be Denied.**

The gravamen of the plaintiffs' Motion to Strike the expert Declarations of Drs. Thorp, McCaffrey and Brannon is that: (i) the defendants "did not disclose" to the plaintiffs that the defendants intended to rely upon these expert Declarations in their summary judgment papers, *see, e.g.,* Plaintiffs' Memorandum in Support of Their Motion to Strike (Docket # 129) at page 5; (ii) the plaintiffs had "*no indication* that [the] Defendants would seek to rely upon the opinions

of the attempted intervenor-physicians [Drs. Thorp, McCaffrey and Brannon] at the summary judgment stage or at trial, *id.* at page 6 (emphasis in original); and (iii) consequently, the "Plaintiffs ... had no opportunity to depose the undisclosed experts or [to] submit rebuttal expert reports." *Id.*

As purported proof for this assertion, the plaintiffs cite this Court to a May 23, 2012 email message from Stephanie A. Brennan, Esquire, an Assistant Attorney General of North Carolina and, at that time, one of the attorneys for the State of North Carolina in this case, to Katherine Lewis Parker, Esquire, the then lead attorney for all of the plaintiffs in this case and the then Legal Director of the American Civil Liberties Union of North Carolina Legal Foundation, and Bebe J. Anderson, Esquire, the then Director of U.S. Legal Programs for the Center for Reproductive Rights and then one of the other attorneys for the plaintiffs in this case.

This email message, which the plaintiffs attach to their Motion to Strike as Exhibit A, stated as follows:

> Subject: expert report
>
> Bebe and Katy,
>
> We continue to believe that this case does not turn on any factual evidence or possible expert testimony. However, we are submitting the attached report of Dr. Watson Bowes in rebuttal to the reports that you submitted. We are sending a copy by mail as well.
>
> Regards,
>
> Stephanie

The plaintiffs argue that this email message did not alert them to the fact that the defendants would or might rely upon the Declarations of the proposed intervenors. But the

plaintiffs fail to mention to the Court or to provide the Court with a copy of the letter that Ms. Brennan mailed that same day to Ms. Parker and Ms. Andersen. That letter stated as follows:

> Re: *Stuart, et al. v. Huff, et al.*, 1:11-cv-804-MDNC
>
> Dear Counsel:
>
> We continue to believe that this case does not turn on any factual evidence or possible expert testimony. However, we are submitting the attached report of Dr. Watson Bowes in rebuttal to the reports that you submitted. *We also reserve the right to rely on materials already in the record, including the declarations submitted by the proposed intervenors.*
>
> Please do not hesitate to contact me if you have any questions.
>
> Regards,
>
> Stephanie A. Brennan
> Assistant Attorney General

(Emphasis supplied) Exhibit A to the Defendants' Response to the Plaintiffs' Motion to Strike. *See* Affidavit of Stephanie A. Brennan in Opposition to the Plaintiffs' Motion to Strike, sworn to December 21, 2012, ¶¶ 5-6.

As the record in this case reveals, the "declarations of the proposed intervenors" included the Declarations of Drs. Thorp, McCaffrey and Brannon. All of these declarations had been a part of the official record in this case since well before May 23, 2012. The plaintiffs had had all of these declarations in their possession since the date they were first filed by the proposed intervenors.

Therefore, it is not true that the defendants did not timely disclose to the plaintiffs the fact that the defendants might rely upon these three experts' declarations in their summary judgment papers.

It is likewise untrue that the plaintiffs did not know prior to the deadline for expert disclosures (May 23, 2012) what these experts might say in their expert testimony. The plaintiffs not only knew what these experts *might* say, they knew exactly what these experts *would* say, because they possessed the very declarations that Ms. Brennan's May 23, 2012 letter told the plaintiffs the defendants might rely upon in their summary judgment papers.[1]

If the plaintiffs had concluded that they needed to depose these experts, they could easily have done so – and could have done so before the expiration of the discovery period. The plaintiffs simply elected not to do so, evidently because they concluded that these declarations are "not important." Plaintiffs' Memorandum in Support of Their Motion to Strike at page 7. Indeed, in their Memorandum in Support of Their Motion to Strike, the plaintiffs claim that these Declarations are not important because they contain opinions on "topics that are far removed from, and legally irrelevant to, the challenged portions of the Act." *Id.*

Accordingly, the plaintiffs' claim that they were surprised and prejudiced by the defendants' use of these Declarations in connection with their summary judgment motion, like their claim that the defendants did not timely and properly disclose to them the fact that the defendants might use these Declarations in their summary judgment papers, is not true. For this reason, the plaintiffs' Motion to Strike should be denied.

---

[1] Furthermore, as Ms. Brennan stated in her May 23, 2012 letter and the plaintiffs' attorneys independently knew, Drs. Thorp, McCaffrey and Brannon were not the defendants' experts, whether retained or otherwise. They were the proposed intervenors' experts. Hence, Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, requiring a party proposing to use one or more *retained* experts to provide the other party with a detailed written report concerning the retained experts and their proposed testimony, did not even apply to the defendants at the time they made their disclosures concerning Drs. Thorp, McCaffrey and Brannon. Instead, Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure applied. That Rule merely requires that a party "disclose to [the] other parties the *identity* of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." The defendants unquestionably fulfilled their obligations under Rule 26(a)(2)(A).

## II.

### The Plaintiffs' Motion to Strike the Declarations of Chimere Collins, Danelle Hallenbeck and Tracie Johnson Should Be Denied.

Rule 701 of the Federal Rules of Evidence permits a non-expert to give opinion testimony where the opinion is: (a) rationally based on the witness' perception; (b) helpful to clearly understanding the witness' testimony or to determining a fact in issue; and (c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702.

Federal district courts have broad discretion in determining whether to admit or exclude this type of testimony. This discretion applies both to the general decision to admit or exclude the evidence, *e.g., Hansard v. Pepsi-Cola Metro. Bottling Co.*, 865 F.2d 1461, 1467 (5th Cir. 1989), and to the subsidiary questions included in that determination. *E.g., Mattison v. Dallas Carrier Corp.*, 947 F.2d 95, 110 (4th Cir. 1991) (district court's discretion applies to the determination of the questions whether the lay opinion is based on the witness' personal perception and whether the opinion will assist the trier of fact in understanding the witness' testimony or in determining a fact in issue); *United States v. Phillips*, 593 F.2d 553, 557 (4th Cir. 1978) (district court's discretion applies to the determination of the question whether the opinion is rationally connected to the witness' personal perceptions); *Bohannon v. Pegelow*, 652 F.2d 729, 732 (7th Cir. 1981) (district court's discretion applies to the determination of the question whether the probative value of the testimony outweighs its potential prejudicial effect). J. Weinstein, *Weinstein's Federal Evidence* §701.06 at page 4-701 (2012).

The issues to be determined on the parties' cross-motions for summary judgment will not be decided by a jury. They will be weighed and evaluated by an experienced trial judge who can and will sift through the written testimonial evidence, apply to it the rules of evidence and assign

it the weight that the Court concludes it merits. Thus, the lay testimony at issue on the plaintiffs' Motion to Strike does not threaten to confuse or unduly sway the fact finder and it does not threaten to prejudice any party.

The written testimonial evidence challenged by the plaintiffs comes from women who have themselves undergone abortions. The relevancy of this evidence seems plain. Given that the Court can review it, evaluate it and assign it the weight that the Court believes it merits, the Court should deny the plaintiffs' Motion to Strike this evidence.

In addition, this is a case of significant public interest and importance. It deals with issues that are hotly debated in this State and elsewhere in this country. In such cases, the public has an interest in ensuring that all of the facts are brought to the attention of the decision-maker. Under these circumstances, the Court should err on the side of including, not excluding, evidence from members of the public who have themselves undergone abortions and who simply wish to speak out and let the Court know and understand their experiences and how those experiences have affected them.

Accordingly, the plaintiffs' Motion to Strike the Declarations of Chimere Collins, Danelle Hallenbeck and Tracie Johnson should be denied.

WHEREFORE, for each of the foregoing reasons, the State of North Carolina, acting by and on behalf of all of the defendants in this case, respectfully prays that the Court deny the plaintiffs' Motion to Strike the Declarations of Drs. Thorp, McCaffrey and Brannon, as well as the Declarations of Chimere Collins, Danelle Hallenbeck and Tracie Johnson.

Respectfully submitted this 21st day of December 2012.

        /S/ Thomas J. Ziko
        Thomas J. Ziko
North Carolina State Bar Number 8577
*Attorney for the State of North Carolina*

Senior Deputy Attorney General
North Carolina Department of Justice
114 West Edenton Street
Raleigh, North Carolina 27603
Post Office Box 629
Raleigh, North Carolina 27602-0629
Telephone number: 919/716-6900
Facsimile number: 919/716-6763
Email address: tziko@ncdoj.gov


        /S/ I. Faison Hicks
        I. Faison Hicks
North Carolina State Bar Number 10672
*Attorney for the State of North Carolina*

Special Deputy Attorney General
North Carolina Department of Justice
114 West Edenton Street
Raleigh, North Carolina 27603
Post Office Box 629
Raleigh, North Carolina 27602-0629
Telephone number: 919/716-6629
Facsimile number: 919/716-6763
Email address: fhicks@ncdoj.gov

Case 1:11-cv-00804-CCE-LPA   Document 134   Filed 12/21/12   Page 7 of 10

# EXHIBIT A

(May 23, 2012 letter from Stephanie A. Brennan, Esquire, to Katherine Lewis Parker, Esquire, and Bebe J. Anderson, Esquire)



## State of North Carolina

ROY COOPER
ATTORNEY GENERAL

Department of Justice
PO Box 629
Raleigh, North Carolina
27602

REPLY TO:
Stephanie A. Brennan
(919) 716-6920
FAX: 716-6764

May 23, 2012

Katherine Lewis Parker, Esquire
Counsel for all Plaintiffs
Legal Director
American Civil Liberties Union
of North Carolina Legal Foundation
Post Office Box 28004
Raleigh, NC 27611

Bebe J. Anderson, Esquire
Director of U.S. Legal Programs
Center for Reproductive Rights
120 Wall Street, 14th floor
New York, New York 10005

Re: *Stuart, et al. v. Huff, et al.*, 1:11-cv-804 - MDNC

Dear Counsel:

We continue to believe that this case does not turn on any factual evidence or possible expert testimony. However, we are submitting the attached report of Dr. Watson Bowes in rebuttal to the expert reports that you submitted. We also reserve the right to rely on materials already in the record, including the declarations submitted by the proposed intervenors.

Please do not hesitate to contact me if you have any questions.

Regards,

Stephanie A. Brennan
Assistant Attorney General

SAB:ckd
Enclosure

## CERTIFICATE OF FILING AND SERVICE

This is to certify that, on the 21st day of December 2012, I caused a copy of the foregoing to be electronically filed with the Office of the Clerk of Court of the United States District Court for the Middle District of North Carolina using the CM/ECF system, which will automatically send notification of such filing to all registered CM/ECF participants, including counsel for each of the parties in this action.

/S/ I. Faison Hicks<br>
I. Faison Hicks