IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GRETCHEN S. STUART, M.D., et al., )
)
Plaintiffs, )
)
v. )  CIVIL ACTION
)
RALPH C. LOOMIS, M.D., et al., )  Case No. 1:11-cv-00804
)
Defendants. )

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE THE DECLARATIONS OF DRS. THORP, MCCAFFREY, AND BRANNON, AND PORTIONS OF THE DECLARATIONS OF CHIMERE COLLINS, DANELLE HALLENBECK, AND TRACIE JOHNSON**

As set forth in Plaintiffs' opening memorandum, Defendants seek to rely upon two types of inadmissible evidence: (1) the opinions of expert witnesses for whom Defendants did not disclose the reports that the parties' Joint Rule 26(f) Report and Federal Rule of Civil Procedure 26(a)(2)(B) require, and (2) various improper lay opinion and hearsay statements of non-expert witnesses. Both categories of evidence are inadmissible and should be stricken from the summary judgment record. Nothing in Defendants' opposition supports a contrary conclusion.

**I.     The Court Should Strike the Declarations of Drs. Thorp, McCaffrey, and Brannon.**

Defendants seek to include in the summary judgment record the opinions of experts whom they claim they did not retain, for whom they did not submit expert reports, and whose opinions they reference only minimally in support of their

summary judgment motion. The discovery rules are clear that such opinions cannot be part of the record.

The parties' Joint Rule 26(f) Report established deadlines for the disclosure of expert witnesses *and expert reports*.[1] Consistent with their obligations under the Federal Rules of Civil Procedure and the Joint Rule 26(f) Report, Plaintiffs made timely disclosures—including the reports and information required by Rule 26(a)(2)—for all of their expert witnesses, *including* those experts for whom Plaintiffs had previously filed declarations at the preliminary injunction stage. By contrast, Defendants complied with these obligations for only one expert witness: Dr. Watson Bowes. Under the express terms of the Joint Rule 26(f) Report, Defendants were required to "disclose to Plaintiffs the identity of any witness – including, but not limited to rebuttal witnesses – they may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705. *Such disclosure will be accompanied by a report or by information pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) and (C).*" Joint Rule 26(f) Report, Dkt. # 72, at 2-3 (emphasis added). The only expert report Defendants submitted was signed by Dr. Bowes.

Defendants do not dispute that they failed to submit expert witness reports containing the six categories of information specified by Fed. R. Civ. P.

---

[1] The Joint Rule 26(f) Report required Plaintiffs to disclose these materials by April 16, 2012 and Defendants to disclose these materials by May 16, 2012. By agreement of the parties, these disclosure deadlines were extended to April 23, 2012 and May 23, 2012, respectively.

2

26(a)(2)(B) for Drs. Thorp, McCaffrey, and Brannon, as required by the discovery rules and the parties' Joint Rule 26(f) Report. Nor, of course, do they dispute that when a party fails to disclose a required expert witness report, the expert's testimony must be stricken from the summary judgment record. *See* Fed. R. Civ. P. 37(c) advisory committee's note (1993) (describing Rule 37(c)(1)'s mandatory exclusion requirement as "self-executing" and "automatic"); *Carr v. Deeds*, 453 F.3d 593, 605 (4th Cir. 2006) ("The available penalty for failure to comply with Rule 26(a)(2)(B) is . . . plain, and if a litigant refuses to comply with the requirements of the rule, he does so at his peril.").

Instead, Defendants erroneously contend that they did not need to produce reports for Drs. Thorp, McCaffrey, and Brannon because (1) these physicians were the attempted intervenors' experts, not Defendants', and (2) Defendants informed Plaintiffs that they "reserve[d] the right" to rely upon any "materials in the record," including the declarations of these physicians that the attempted intervenors filed in support of their unsuccessful motion to intervene.[2] Exhibit A to Opp. Br. Both of these arguments are unavailing.

---

[2] Plaintiffs apologize to the Court for a misstatement in their opening memorandum, which was the result of an honest oversight. In Plaintiffs' opening memorandum, Plaintiffs stated that Defendants had given no notice of their intent to rely upon the declarations of Drs. Thorp, McCaffrey, and Brannon; this statement was premised upon Plaintiffs' review of the May 23, 2012 email from defense counsel disclosing the expert report of Dr. Watson Bowes, which made no mention of the unsuccessful intervenors' filings. As Defendants noted in their opposition brief, in a separate cover letter to the hard copy of Dr. Bowes' report mailed that same day, defense counsel included an additional sentence stating that Defendants "reserve[d] the right to rely on materials already in the record,

3

First, Defendants are unquestionably incorrect when they contend that they did not have to submit Rule 26(a)(2)(B) reports for Drs. Thorp, McCaffrey, and Brannon because these physicians "were not the defendants' experts, whether retained or otherwise," but were instead "the proposed intervenors' experts." Opp. Br. at 4 n.1. The "proposed intervenors" are not parties to this lawsuit and never have been. In December 2011—*months before the deadline for disclosing expert witnesses and submitting expert reports*—this Court denied the attempted intervenors' motion to intervene. *See* Dkt. #67. The unsuccessful intervenors, as non-parties, could not introduce expert witness testimony into this case—they are in all relevant respects strangers to this litigation. If any party were going to "use [these witnesses] at trial to present evidence under Federal Rule of Evidence 702," Fed. R. Civ. P. 26(a)(2)(A), it was Defendants, and Defendants were therefore required to comply fully with the parties' Joint Rule 26(f) Report and Rule 26(a)(2)'s requirements for disclosure of expert witness testimony.

Those requirements clearly mandated the production of expert reports for Drs. Thorp, McCaffrey, and Brannon if Defendants intended to rely upon those physicians' opinions at summary judgment or trial. Rule 26(a)(2)(B) makes clear that expert disclosures "*must* be accompanied by a written report—prepared and

---

including the declarations submitted by the proposed intervenors." Exhibit A to Opp. Br. Plaintiffs' apologize for failing to note the inconsistency between Defendants' May 23, 2012 email and letter. However, as Plaintiffs explain, *infra*, the fact that Defendants purported to reserve the right to rely on the intervenors' filings does not excuse their failure to comply with Rule 26 and does not alter the outcome of Plaintiffs' motion to strike.

4

signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case . . . ." Fed. R. Civ. P. 26(a)(2)(B) (emphasis added). A litigant cannot circumvent this requirement simply by asserting that it did not "retain" the expert.[3] Courts have repeatedly held that Rule 26(a)(2)(B)'s "retained or specially employed" language is simply meant to distinguish a witness "who is actually involved in the events giving rise to the litigation" and who "happens to be an expert" (such as a treating physician), on the one hand, from "a prototypical expert witness," for whom expert reports are required. *Downey v. Bob's Discount Furniture Holdings, Inc.*, 633 F.3d 1, 6-7 (1st Cir. 2011); *accord Indura S.A. v. Engineered Controls Int'l Inc.*, No. 1:10-cv-457, 2011 WL 3862083, at *8 n.8 (M.D.N.C. Sept. 1, 2011).[4] A court in this District stated the rule plainly when it held that an expert witness "falls outside [the expert

---

[3] If Defendants could introduce these physicians' declarations simply by labeling the physicians the rejected intervenors' experts, then any litigant could circumvent Rule 26(a)(2)(B)'s expert report requirement by relying upon the declaration of a non-party expert whom the litigant declined to "retain." Rule 26 does not permit such end runs around its disclosure requirements. *Indura S.A. v. Engineered Controls Int'l Inc.*, No. 1:10-cv-457, 2011 WL 3862083, at *8 n.8 (M.D.N.C. Sept. 1, 2011). Indeed, if these physicians are not Defendants' expert witnesses, then they are not witnesses at all—their testimony could not be admitted into evidence at trial and, as such, cannot be relied upon at summary judgment. *See, e.g., Evans v. Techns. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996) (at summary judgment, a party may only rely upon evidence that would be admissible at trial).

[4] *Cf. Saline River Props., LLC v. Johnson Controls, Inc.*, No. 10-cv-10507, 2011 WL 6031943, at *7 (E.D. Mich. Dec. 5, 2011) ("Whether a witness falls within the Rule 26(a)(2)(B) requirement is determined primarily by the scope, substance, and source of the intended testimony—not on whether the witness is being compensated.") (brackets, quotation marks, and citation omitted).

Case 1:11-cv-00804-CCE-LPA Document 136 Filed 01/07/13 Page 5 of 13

report requirement of] Federal Rule of Civil Procedure 26(a)(2)(B) *only if* 'his opinion testimony arises not from his enlistment as an expert but, rather, from his ground-level involvement in the events giving rise to the litigation.'" *Indura*, 2011 WL 3862083, at *8 n.8 (emphasis added) (quoting *Downey*, 633 F.3d at 7).

It is abundantly apparent that Drs. Thorp, McCaffrey, and Brannon were not "actually involved in the events giving rise to the litigation" in the way that, *e.g.*, a treating physician in a torts case would be. *Downey*, 633 F.3d at 7. They are instead "prototypical expert witness[es]," *id.* at 6, who purport to opine not about their on-the-scene treatment of a particular plaintiff-patient, but about such generalized—and irrelevant, *see* Pls.' Mem. in Supp. of Mot. to Strike ("Pls.' Br."), at 7—topics as whether abortion causes breast cancer or preterm labor. In order for a party to introduce such opinions, Rule 26(a)(2)(B) mandates the submission of an expert witness report. Defendants made no such submission for Drs. Thorp, McCaffrey, or Brannon, meaning that the declarations containing their opinions must be stricken from the record. *See Carr*, 453 F.3d at 605.

Defendants' only remaining argument to the contrary is to point out that they wrote Plaintiffs to state that they reserved the right to rely on any materials in the record, including the rejected intervenors' declarations.[5] In so arguing, Defendants contend in effect that they should be permitted to evade their Rule

---

[5] As noted, *supra* at Note 2, Defendants did not include this reference to the unsuccessful intervenors' declarations in their May 23, 2012 email producing their expert report for Dr. Watson Bowes; they referenced the declarations in a cover letter to the hard copy of the report that they mailed to Plaintiffs.

6

26(a)(2)(B) obligations and the clear command of the parties' Joint Rule 26(f) Report. But the parties' Joint Report and Rule 26(a)(2)(B)'s requirements are plain, and the law is clear that Defendants cannot escape those requirements—to Plaintiffs' detriment—by inventing their own alternative discovery protocols.

In *Carr*, for instance, the Fourth Circuit held that an expert's opinions were properly stricken from the summary judgment record where the plaintiff did not submit a Rule 26(a)(2)(B) expert report but had instead attached to the complaint a report containing some but not all of the information required by Rule 26(a)(2)(B). *Id.* at 604. As in *Carr*, the declarations filed by the unsuccessful intervenors here contained no information about "other cases in which [these physicians] had testified as . . . expert[s]," no information about "the compensation [they] would be paid for [their] work and testimony," and (at least for Dr. McCaffrey) no information about "any publications authored by him," *id.* at 604, and thus did not comply with the expert report requirements of Rule 26. As the Court explained in *Carr*:

> Every litigant in federal court is plainly entitled under Rule 26(a)(2)(B) to be given the information spelled out therein, and none shoulder the burden to independently investigate and ferret out that information as best they can and at the expense of their client. Indeed, Rule 26 provides that "[i]f a report from [an] expert is required under subdivision (a)(2)(B), the deposition *shall not be conducted* until after the report is provided." Fed. R. Civ. P. 26(b)(4) (emphasis added).

*Id.* at 605.

7

So too here: If Defendants intended to rely upon the expert opinions of these physicians, Plaintiffs were entitled to complete Rule 26(a)(2)(B) reports, which Defendants did not submit. And—though Defendants make an unsupported assertion to the contrary—because "Rule 26(a)(2)(B) require[d] . . . report[s] from the[se] expert[s]," Plaintiffs could depose the witnesses "only after the report[s] [were] provided." Fed. R. Civ. P. 26(b)(4)(A); *accord Carr* 453 F.3d at 605.

In sum, Defendants were required to produce Rule 26(a)(2)(B) reports for Drs. Thorp, McCaffrey, and Brannon; they did not do so; and they are thus "not allowed to use th[ose] . . . witness[es] to supply evidence" at summary judgment. Fed. R. Civ. P. 37(c)(1). These physicians' declarations should be stricken from the record.

## II. The Court Should Strike the Hearsay and Lay Opinion Statements of Chimere Collins, Danelle Hallenbeck, and Tracie Johnson.

As Plaintiffs' opening brief makes clear, Pls.' Br. at 8-11, portions of the declarations of Chimere Collins, Danelle Hallenbeck, and Tracie Johnson consist of inadmissible hearsay and lay opinion testimony that must be stricken from the summary judgment record. *See, e.g., Evans v. Techns. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996) (evidence that would be inadmissible at trial must be stricken from summary judgment record); *accord Greensboro Prof'l Fire Fighters Ass'n, Local 3157 v. City of Greensboro*, 64 F.3d 962, 967 (4th Cir. 1995); *Md. Highways Contractors Ass'n, Inc. v. State of Maryland*, 933 F.2d

8

1246, 1251-52 (4th Cir. 1991). Defendants' arguments to the contrary are unavailing.

First, Defendants contend that these witnesses' inadmissible statements should not be stricken because district courts have discretion to determine whether to admit evidence, particularly when the issues in the case will not be decided by a jury. But while the Court's evidentiary rulings are indeed discretionary, Defendants' brief is *completely silent* as to how in any reasonable exercise of its discretion this Court could possibly conclude that the identified statements are admissible. There simply can be no argument—and Defendants offer none—that these lay witnesses are in any way qualified to offer opinions about medical causation, the practices of all abortion providers in North Carolina, the needs of all women seeking abortions, or any of the other expert opinions that these witnesses offer in their declarations. *See* Pl.'s Br. at 9-11. And the conclusion is likewise unavoidable that these witnesses' declarations are replete with inadmissible hearsay statements that have no place in the summary judgment record, *see Greensboro*, 64 F.3d at 967. *See* Pl.'s Br. at 11. Defendants have no answer to these evidentiary deficiencies.

Defendants next contend that the inadmissible statements should not be stricken because they are "relevan[t]." Defs.' Br. at 6. But this is again beside the point, as Plaintiffs' argument is not based on relevancy (although the challenged statements are also entirely irrelevant to the legal issues in this case). At summary judgment, a party may not rely upon inadmissible lay opinion testimony and

9

hearsay, regardless of whether it is relevant. *See, e.g., Hilburn v. N.J. Dept. of Corr.*, No. 07–6064, 2012 WL 3133890, at *16 (D.N.J. July 31, 2012) ("Hearsay evidence is not ordinarily admissible even when relevant.").

Finally, Defendants argue that this Court should not strike these declarants' inadmissible statements because "this is a case of significant public interest and importance." Defs.' Br. at 6. But the importance of this case is all the more reason for this Court to ensure that the record consists of admissible evidence, not unqualified expert opinions from lay witnesses and hearsay.[6]

## CONCLUSION

For the foregoing reasons and those set forth in Plaintiffs' opening brief, Plaintiffs respectfully request that the Court strike the declarations of Drs. Thorp, McCaffrey, and Brannon in their entirety and strike the challenged portions of the Collins, Hallenbeck, and Johnson declarations from the summary judgment record.

Dated: January 7, 2013

Respectfully submitted,

/s/ Christopher Brook            /s/ Julie Rikelman

---

[6] To the extent Defendants wish for the Court to "know and understand [these witnesses'] experiences and how those experiences have affected them," Defs.' Br. at 6, it must be emphasized that Plaintiffs have only moved to strike these witnesses' improper lay opinions and hearsay statements. Plaintiffs do not object to those portions of the declarations that comply with the Federal Rules of Evidence.

10

Christopher Brook, NC Bar #33838
American Civil Liberties Union
of North Carolina Legal Foundation
P.O. Box 28004
Raleigh, NC 27611
(919) 834-3466
(866) 511-1344 Fax
cbrook@acluofnc.org

Julie Rikelman
Center for Reproductive Rights
120 Wall Street, 14th Floor
New York, NY 10005
(917) 637-3670
(917) 637-3666 Fax
jrikelman@reprorights.org

COUNSEL FOR ALL PLAINTIFFS

Helene T. Krasnoff
Planned Parenthood Fed. Of America
1110 Vermont Avenue NW, Suite 300
Washington, DC 20005
(202) 973-4800
helene.krasnoff@ppfa.org

Diana O. Salgado
Planned Parenthood Fed. of America
434 W. 33rd Street
New York, NY 10001
(212) 541-7800
(212) 247-6811 Fax
diana.salgado@ppfa.org

COUNSEL FOR PLANNED
PARENTHOOD OF CENTRAL
NORTH CAROLINA & PLANNED
PARENTHOOD HEALTH SYSTEMS,
INC.

Andrew D. Beck
American Civil Liberties Union
Foundation
125 Broad Street
New York, NY 10004
(212) 284-7318
(212) 549-2651 Fax
abeck@aclu.org

COUNSEL FOR JAMES R.
DINGFELDER, M.D., SERINA

Walter Dellinger
O'Melveny & Myers LLP
1625 Eye Street NW
Washington, DC 20006
(202) 383-5300
(202) 383-5414 Fax
wdellinger@omm.com

Anton Metlitsky
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036
(212) 326-2000
(212) 326-2061 Fax
ametlitsky@omm.com

COUNSEL FOR GRETCHEN S.
STUART, M.D., DAVID A. GRIMES,
M.D., AMY BRYANT, M.D.,
DECKER & WATSON d/b/a
PIEDMONT CAROLINA MEDICAL
CLINIC, & A WOMAN'S CHOICE
OF RALEIGH, INC.

FLOYD, M.D., TAKEY CRIST, M.D.,
& TAKEY CRIST M.D., P.A. d/b/a
CRIST CLINIC FOR WOMEN

# CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of January, 2013, I electronically filed the foregoing Reply in Support of Motion to Strike with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing.

/s/ Christopher Brook
Christopher Brook, NC Bar #33838
American Civil Liberties Union
of North Carolina Legal Foundation
P.O. Box 28004
Raleigh, NC 27611
(919) 834-3466
(866) 511-1344 Fax
cbrook@acluofnc.org

COUNSEL FOR ALL PLAINTIFFS