IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| GRETCHEN S. STUART, M.D., *et al.*, ) | CIVIL ACTION NO. |
| ) | 1:11-CV-804 |
| Plaintiffs, ) | |
| ) | |
| – against – ) | |
| ) | |
| JANICE E. HUFF, M.D., *et al.*, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' CONTENTIONS OF UNDISPUTED MATERIAL FACTS

Pursuant to numbered paragraph 4 at page 3 of the Court's August 19, 2013 Order Modifying July 9, 2013 Order (Document 153), the State of North Carolina, by and through its undersigned counsel and acting for and on behalf of all the defendants named in this action, respectfully submits this list of its contentions of what the undisputed material facts are in this case as regards the parties' cross motions for summary judgment.

### I.

### THE STATE'S CONTENTIONS AS TO WHICH OF THE MATTERS IDENTIFIED BY THE PLAINTIFFS AS UNDISPUTED MATERIAL FACTS ARE, IN FACT, UNDISPUTED MATERIAL FACTS

**The Plaintiffs**

1. The plaintiffs include North Carolina obstetricians-gynecologists who practice in private clinics as well as major hospitals, including the University of North Carolina. *See, e.g.*, Declaration of Gretchen S. Stuart, M.D., M.P.H. & T.M., In Support of Plaintiffs' Motion for Summary Judgment at ¶ 5 (Sept. 27, 2012) (the "Stuart Decl."), Dkt. No. 107; Declaration of James R. Dingfelder, M.D. at ¶ 2 (Sept. 28, 2012) (the "Dingfelder Decl."), Dkt. No. 111.

2. The plaintiffs perform abortions, among other medical procedures. *See, e.g.*, Stuart

Decl. at ¶ 4, Dkt. No. 107; Dingfelder Decl. at ¶ 2, Dkt. No. 111.

**Abortions in North Carolina**

3. Depending upon the conditions under which it is performed, the training, experience, knowledge and skill of the practitioner performing it, the facilities where it is performed and the degree to which the pregnant woman's prior consent to it is fully informed, among possibly other factors, abortion is a very safe medical procedure for the pregnant patient. *See* Dingfelder Decl. at ¶ 4, Dkt. No. 111.

4. The vast majority of abortions in North Carolina occur during the first trimester of pregnancy. *Id*. at ¶ 6, Dkt. No. 111.

5. As is true nation-wide, more than 60% of North Carolina women obtaining abortions already have at least one child. *See* www.schs.state.nc.us/schs/data/pregnancies/2010/abortioncharacteristics.pdf. *See also* Stuart Decl. at ¶ 19, Dkt. No. 107.

6. Women seek abortions for a variety of reasons. *See, e.g.*, Stuart Decl. at ¶ 8, Dkt. No. 107; Dingfelder Decl. at ¶ 5, Dkt. No. 111.

**Plaintiffs' Current Medical Practices**

7. _____.

8. _____.

9. Under current North Carolina law, which existed prior to the enactment of the Woman's Right to Know Act (the "Act") and which still exists, all abortion providers must perform an ultrasound before performing an abortion. *See* 10A N.C. Admin. Code 14E.0305(d).

10. _____.

11. _____.

12. In the absence of the Act, Plaintiffs would not display and describe ultrasound images to a patient seeking an abortion unless the patient requested it. *See* Stuart Decl. at ¶ 14, 22, Dkt. No. 107; Dingfelder Decl. at ¶¶ 9, 15, Dkt. No. 111.

**The Statutory Framework**

13. _____.

14. During the ultrasound procedure, the woman typically either (i) exposes the lower portion of her abdomen, or (ii) is naked from the waist down, covered by a drape. *See* Stuart Decl. at ¶ 13, Dkt. No. 107.

15. If the patient states that she does not want to see the ultrasound images, hear the fetal heart beat or hear the description and explanation concerning the ultrasound images, she (the pregnant woman) may avert her eyes from the ultrasound screen. Furthermore, the abortion provider may provide the patient with eye blinders and earphones so that, as a practical matter, she may avoid seeing and hearing the ultrasound images, the fetal heartbeat and/or the description and explanation concerning the ultrasound images. *See* Deposition of Watson Allen Bowes at 87:1-3 (Aug. 10, 2012) (the "Bowes Dep."), Dkt. No. 113-1.

**Potential Effect of the Act on Plaintiffs' Medical Practices**

16. _____.
17. _____.
18. _____.
19. _____.
20. _____.
21. _____.

22. _____.

23. _____.

24. _____.

25. It does not improve the quality of informed consent to require physicians to comply with the Display of Real-Time View Requirement and display and describe ultrasound images to patients who ask not to see the images or hear the description. *See, e.g.*, Bowes Dep. at 140:5-13, Dkt. No. 113-1; Stuart Decl. at ¶ 23, Dkt. No. 107.

## II.

### THE STATE'S OTHER CONTENTIONS OF UNDISPUTED MATERIAL FACTS

26. The plaintiffs generally charge their patients some monetary amount or other thing of value in consideration for performing abortions and for their other abortion-related services. *See, e.g.*, http://www.eastowneobgyn.com.

27. The plaintiffs, or at least some of them, advertise their abortion-related services to the public. *See, e.g.*, http://www.eastowneobgyn.com.

*Signature line appears on the following page.*

Respectfully submitted this 20th day of August 2013.

                /S/ I. Faison Hicks
                  I. Faison Hicks
             North Carolina State Bar No. 10672
             *Attorney for the State of North Carolina*

             Special Deputy Attorney General
             North Carolina Department of Justice
             114 West Edenton Street
             Office number 349
             Raleigh, North Carolina 27603
             Post Office Box 629
             Raleigh, North Carolina 27602-0629
             Telephone number: 919/716-6629
             Facsimile number: 919/716-6763
             Email address: fhicks@ncdoj.gov

## CERTIFICATE OF SERVICE

This is to certify that, on the 20th day of August 2013, I caused a copy of the foregoing to be electronically filed with the Office of the Clerk of the United States District Court for the Middle District of North Carolina using the CM/ECF filing system, which will automatically provide notice and service of the foregoing to all counsel of record herein.

                                                  /S/ I. Faison Hicks
                                                   I. Faison Hicks