IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| GRETCHEN S. STUART, M.D., *et al.*, | ) | CIVIL ACTION NO. |
| | ) | 1:11-CV-804 |
| Plaintiffs, | ) | |
| | ) | |
| – against – | ) | |
| | ) | |
| JANICE E. HUFF, M.D., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**THE DEFENDANTS' RESPONSE TO THE PLAINTIFFS' AUGUST 19, 2013 CONTENTIONS OF UNDISPUTED MATERIAL FACTS**

Pursuant to numbered paragraph 5 at page 3 of the Court's August 19, 2013 Order Modifying July 9, 2013 Order (Document Number 153), the State of North Carolina, by its undersigned counsel and acting for all of the defendants in this action, respectfully responds to the plaintiffs' August 19, 2013 Contentions of Undisputed Material Facts as follows:

**PLAINTIFFS' CONTENTION OF UNDISPUTED MATERIAL FACT NUMBER 1:**

Plaintiffs include North Carolina obstetrician-gynecologists who practice in private clinics as well as major hospitals, including the University of North Carolina. *See, e.g.*, Declaration of Gretchen S. Stuart, M.D., M.P.H. & T.M., In Support of Plaintiffs' Motion for Summary Judgment at ¶ 5 (Sept. 27, 2012) (the "Stuart Decl."), Dkt. No. 107; Declaration of James R. Dingfelder, M.D. at ¶ 2 (Sept. 28, 2012) (the "Dingfelder Decl."), Dkt. No. 111.

**DEFENDANTS' RESPONSE:** This statement is an undisputed material fact.

**PLAINTIFFS' CONTENTION OF UNDISPUTED MATERIAL FACT NUMBER 2:**

Plaintiffs offer a range of medical services to their patients, including abortions for patients who make that decision. See, e.g., Stuart Decl. at ¶ 4, Dkt. No. 107; Dingfelder Decl. at ¶ 2, Dkt. No. 111.

**DEFENDANTS' RESPONSE:** Disagree as to wording only, not substance.

**PLAINTIFFS' CONTENTION OF UNDISPUTED MATERIAL FACT NUMBER 3:**

Abortion is a very safe medical procedure. *See* Dingfelder Decl. at ¶ 4, Dkt. No. 111.

**DEFENDANTS' RESPONSE:** Disagree as to wording only, not substance.

**PLAINTIFFS' CONTENTION OF UNDISPUTED MATERIAL FACT NUMBER 4:**

The vast majority of abortions in North Carolina occur during the first trimester of pregnancy. *Id*. at ¶ 6, Dkt. No. 111.

**DEFENDANTS' RESPONSE:** This statement is an undisputed material fact.

**PLAINTIFFS' CONTENTION OF UNDISPUTED MATERIAL FACT NUMBER 5:**

As is true nation-wide, more than 60% of North Carolina women obtaining abortions already have at least one child. *See* www.schs.state.nc.us/schs/data/pregnancies/2010/abortion characteristics.pdf. *See also* Stuart Decl. at ¶ 19, Dkt. No. 107.

**DEFENDANTS' RESPONSE:** This statement is an undisputed material fact.

**PLAINTIFFS' CONTENTION OF UNDISPUTED MATERIAL FACT NUMBER 6:**

Women seek abortions for a variety of reasons, including family circumstances and the health of the woman or fetus. *See, e.g*., Stuart Decl. at ¶ 8, Dkt. No. 107; Dingfelder Decl. at ¶ 5, Dkt. No. 111.

**DEFENDANTS' RESPONSE:** Disagree as to wording only, not substance.

**PLAINTIFFS' CONTENTION OF UNDISPUTED MATERIAL FACT NUMBER 7:**

Plaintiffs currently obtain a patient's informed consent to an abortion by discussing, among other things, (i) the nature of the procedure, (ii) the procedure's risks and benefits, and (iii) alternatives available to the patient, along with their respective risks and benefits. *See, e.g*., Stuart Decl. at ¶¶ 10, 19, Dkt. No. 107; Dingfelder Decl. at ¶ 7, Dkt. No. 111.

**DEFENDANTS' RESPONSE:** This statement is an undisputed, but immaterial, fact.

**PLAINTIFFS' CONTENTION OF UNDISPUTED MATERIAL FACT NUMBER 8:**

Plaintiffs also currently counsel each patient to ensure that she is certain about her decision to have an abortion. *See, e.g.*, Dingfelder Decl. at ¶ 8, Dkt. No. 111; Stuart Decl. at ¶ 11, Dkt. No. 107.

**DEFENDANTS' RESPONSE:** This statement is an undisputed, but immaterial, fact.

**PLAINTIFFS' CONTENTION OF UNDISPUTED MATERIAL FACT NUMBER 9:**

Under current North Carolina law, all abortion providers must already perform an ultrasound before providing an abortion. *See* 10A N.C. Admin. Code 14E.0305(d).

**DEFENDANTS' RESPONSE:** Disagree only slightly as to wording, not substance.

**PLAINTIFFS' CONTENTION OF UNDISPUTED MATERIAL FACT NUMBER 10:**

Plaintiffs perform such an ultrasound for diagnostic purposes to (i) confirm the pregnancy, (ii) determine the location of the embryo or fetus, and (iii) establish the gestational age of the embryo or fetus. *See, e.g.,* Stuart Decl. at ¶ 13, Dkt. No. 107; Dingfelder Decl. at ¶ 9, Dkt. No. 111.

**DEFENDANTS' RESPONSE:** This statement is an undisputed, but immaterial, fact.

**PLAINTIFFS' CONTENTION OF UNDISPUTED MATERIAL FACT NUMBER 11:**

Even before the Woman's Right to Know Act, (the "Act"), it was and continues to be Plaintiffs' practice to (i) offer patients an opportunity to view the ultrasound, and (ii) answer any questions that their patients may have about the ultrasound images. *See, e.g.*, Stuart Decl. at ¶ 14, Dkt. No. 107; Dingfelder Decl. at ¶¶ 12, 15, Dkt. No. 111.

**DEFENDANTS' RESPONSE:** This statement is an undisputed, but immaterial, fact.

**PLAINTIFFS' CONTENTION OF UNDISPUTED MATERIAL FACT NUMBER 12:**

In the absence of the Act, Plaintiffs would not display and describe ultrasound images to a patient seeking an abortion unless the patient requested it. *See* Stuart Decl. at ¶¶ 14, 22, Dkt. No. 107; Dingfelder Decl. at ¶¶ 9, 15, Dkt. No. 111.

**DEFENDANTS' RESPONSE:** This statement is an undisputed material fact.

**PLAINTIFFS' CONTENTION OF UNDISPUTED MATERIAL FACT NUMBER 13:**

> To comply with the Display of Real-Time View Requirement, the physician or qualified technician must perform an ultrasound on the woman, which requires that she lie on an examination table while, depending on the stage of pregnancy, the physician or qualified technician (i) inserts an ultrasound probe into her vagina, or (ii) places an ultrasound probe on her abdomen. *See, e.g.*, Stuart Decl. ¶ 13, Dkt. No. 107; Dingfelder Decl. at ¶¶ 10-11, Dkt. No. 111.

**DEFENDANTS' RESPONSE:** This statement is a disputed fact [Citation: *See* text of the Act itself, which does not mandate a vaginal ultrasound] and also immaterial.

**PLAINTIFFS' CONTENTION OF UNDISPUTED MATERIAL FACT NUMBER 14:**

> During the ultrasound procedure, the woman must either (i) expose the lower portion of her abdomen, or (ii) be naked from the waist down, covered only by a drape. *See* Stuart Decl. at ¶ 13, Dkt. No. 107.

**DEFENDANTS' RESPONSE:** Disagree only slightly as to wording, not substance.

**PLAINTIFFS' CONTENTION OF UNDISPUTED MATERIAL FACT NUMBER 15:**

> If the patient does not want to see the images or hear the simultaneous explanation, "[the patient] can not look at the screen, she can ask that somebody put earmuffs on her or something like that. I mean she's not required to hear [the speech]— [the physician] is required to provide [the speech]." Deposition of Watson Allen Bowes at 87:1-3 (Aug. 10, 2012) (the "Bowes Dep."), Dkt. No. 113-1.

**DEFENDANTS' RESPONSE:** Not quoted correctly; legal conclusion; immaterial.

**PLAINTIFFS' CONTENTION OF UNDISPUTED MATERIAL FACT NUMBER 16:**

> All physicians in North Carolina have an ethical obligation to (i) exercise their medical judgment and discretion, and (ii) practice medicine based on the specific needs of an individual patient. *See, e.g.*, Declaration of Carol Getker Shores, M.D., PH.D., F.A.C.S. at ¶ 22 (Sept. 10, 2012) (the "Shores Decl."), Dkt. No. 112; Declaration of Amy Weil, M.D., In Support of Plaintiffs' Motion for

–4–

Summary Judgment at ¶ 14 (Sept. 24, 2012) (the "Weil Decl."), Dkt. No. 109; Stuart Decl. at ¶ 48, Dkt. No. 107.

**DEFENDANTS' RESPONSE:** This statement is an undisputed, but immaterial, fact.

**PLAINTIFFS' CONTENTION OF UNDISPUTED MATERIAL FACT NUMBER 17:**

A physician should have the discretion to be able to choose in what way he or she obtains informed consent from a patient. *See* Bowes Dep. at 73:8-12, Dkt. No. 133-1.

**DEFENDANTS' RESPONSE:** Incomplete paraphrase of testimony; immaterial.

**PLAINTIFFS' CONTENTION OF UNDISPUTED MATERIAL FACT NUMBER 18:**

Also, a physician should be able to exercise his or her medical judgment so that he or she "can provide individualized medicine based on a patient's particular needs and circumstances." *See* Bowes Dep. at 161:7-15, Dkt. No. 113-1.

**DEFENDANTS' RESPONSE:** Undisputed that Bowes said this, but immaterial.

**PLAINTIFFS' CONTENTION OF UNDISPUTED MATERIAL FACT NUMBER 19:**

In general, a physician should not act over the objection of a competent patient. *See* Bowes Dep. at 62:21-23, Dkt. No. 113-1; Bowes Exp. Report at 1, Dkt. No. 117-1.

**DEFENDANTS' RESPONSE:** This statement is an undisputed, but immaterial, fact.

**PLAINTIFFS' CONTENTION OF UNDISPUTED MATERIAL FACT NUMBER 20:**

Healthcare practitioners also have an ethical obligation to avoid harming their patients. *See* Declaration of Anne Drapkin Lyerly, M.D., M.A., In Support of Plaintiffs' Motion for Summary Judgment at ¶ 26 (Sept. 30, 2012) (the "Lyerly Decl."), Dkt. No. 108; Shores Decl. at ¶ 18, Dkt. No. 112; Weil Decl. at ¶ 20, Dkt. No. 109.

**DEFENDANTS' RESPONSE:** This statement is an undisputed, but immaterial, fact.

**PLAINTIFFS' CONTENTION OF UNDISPUTED MATERIAL FACT NUMBER 21:**

Plaintiffs must comply with the Display of Real-Time View Requirement even if they believe that (i) acting over the patient's objection will harm the patient or violate medical ethics, or (ii) doing so is contrary to the physician's medical judgment. Dingfelder Decl. at ¶ 14, Dkt. No. 111; Stuart Decl. at ¶¶ 24, 42, Dkt. No. 107; Shores Decl. at ¶ 12, Dkt. No. 112; Weil Decl. at ¶ 16, Dkt. No. 109.

**DEFENDANTS' RESPONSE:** This statement is an undisputed, but immaterial, fact.

**PLAINTIFFS' CONTENTION OF UNDISPUTED MATERIAL FACT NUMBER 22:**

There is "a meaningful difference" between, on the one hand, a physician "offering a woman the ability to view [an] ultrasound and hear [a] simultaneous explanation" and, on the other hand, a physician "placing [a] screen in her view even over her objection and describing the ultrasound even over her objection" because "one says the physician. . . must do this. The other says they would just offer it." Bowes Dep. at 91:19-92:3, Dkt. No. 133-1.

**DEFENDANTS' RESPONSE:** Undisputed that Bowes said this, but immaterial.

**PLAINTIFFS' CONTENTION OF UNDISPUTED MATERIAL FACT NUMBER 23:**

It is the medical judgment of Plaintiff physicians that forcing them to display and describe ultrasound images to their patients seeking abortions, even if the patient does not want to see the images or hear the description, will expose those patients to distress and potential psychological harm. *See, e.g.*, Stuart Decl. at ¶ 28, Dkt. No. 107; Dingfelder Decl. at ¶ 20, Dkt. No. 111; *see also* Declaration of Nada Logan Stotland, M.D., MPH, In Support of Plaintiffs' Motion for Summary Judgment at ¶¶ 16-20 (Sept. 21, 2012) (the "Stotland Decl."), Dkt. No. 115.

**DEFENDANTS' RESPONSE:** This statement is an undisputed, but immaterial, fact.

**PLAINTIFFS' CONTENTION OF UNDISPUTED MATERIAL FACT NUMBER 24:**

It is the medical judgment of Plaintiff physicians that the Display of Real-Time View Requirement will be especially harmful for patients who are seeking abortions because of fetal anomalies, maternal health indications, or in cases of rape or incest. *See, e.g.*, Dingfelder Decl. at ¶ 22, Dkt. No. 111; Stuart Decl. at ¶¶ 28, 29, Dkt. No. 107. *See also* Declaration of Carolyn Jones, In Support of

Plaintiffs' Motion for Summary Judgment at ¶ 5 (Oct. 1, 2012), Dkt. No. 114; Stotland Decl. at ¶ 18, Dkt. No. 115.

**DEFENDANTS' RESPONSE:** This statement is an undisputed, but immaterial, fact.

**PLAINTIFFS' CONTENTION OF UNDISPUTED MATERIAL FACT NUMBER 25:**

It does not improve the quality of informed consent to require physicians to comply with the Display of Real-Time View Requirement and display and describe ultrasound images to patients who do not want to see the images or hear the description. *See, e.g.*, Bowes Dep. at 140:5-13, Dkt. No. 113-1; Stuart Decl. at ¶ 23, Dkt. No. 107.

**DEFENDANTS' RESPONSE:** Disagree only slightly as to wording, not substance.

Respectfully submitted this 21st day of August 2013.

                                             */S/ I. Faison Hicks*
                                               I. Faison Hicks
                                       North Carolina State Bar No. 10672
                                       *Attorney for the State of North Carolina*

                                       Special Deputy Attorney General
                                       North Carolina Department of Justice
                                       114 West Edenton Street
                                       Office number 349
                                       Raleigh, North Carolina 27603
                                       Post Office Box 629
                                       Raleigh, North Carolina 27602-0629
                                       Telephone number: 919/716-6629
                                       Facsimile number: 919/716-6763
                                       Email address: fhicks@ncdoj.gov

# CERTIFICATE OF SERVICE

This is to certify that, on the 21st day of August 2013, I caused a copy of the foregoing to be electronically filed with the Office of the Clerk of the United States District Court for the Middle District of North Carolina using the CM/ECF filing system, which will automatically provide notice and service of the foregoing to all counsel of record herein.

                                                                               */S/ I. Faison Hicks*
                                                                                     I. Faison Hicks