IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| GRETCHEN S. STUART, M.D., et al., | ) | |
|---|---|---|
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:11-CV-804 |
| | ) | |
| RALPH C. LOOMIS, M.D., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

This matter comes before the Court on Plaintiffs' motion to strike the declarations of proposed expert-doctors John Thorp, Gregory Brannon, and Martin McCaffrey and portions of the declarations of Chimere Collins, Danelle Hallenbeck, and Tracie Johnson. (CM-ECF Doc. 128.) Because Defendants did not comply with the disclosure requirements of Federal Rule of Civil Procedure 26(a)(2), the Court will grant Plaintiffs' motion as to the expert declarations. As to the lay affidavits, the Court will grant the motion to the extent it seeks to strike certain inadmissible lay opinion testimony and deny the motion to the extent it seeks to strike permissible opinion testimony and certain statements as hearsay.

### BACKGROUND

The affidavits at issue were filed in connection with affiants' motion to intervene. (Docs. 44, 45.) The motion to intervene was thereafter denied. *See Stuart v. Huff*, No. 1:11-cv-804, 2011 WL 6740400 (M.D.N.C. Dec. 22, 2011), *aff'd*, 706 F.3d 345 (4th Cir. 2013). In their motion for summary judgment, the Defendants state that they rely on the affidavits. (Doc. 117.) However, they have cited only a few portions of some of these affidavits in their brief in support

of their motion for summary judgment, (Doc. 118 at 25-26[1]), and have otherwise not referenced the affidavits in dispute.

## ANALYSIS

**I.      Expert Declarations/Drs. Thorp, McCaffrey, and Brannon**

Rule 26(a)(2) of the Federal Rules of Civil Procedure requires a party relying on expert testimony to disclose the identity of all its experts and, if the expert is retained, specially employed to provide expert testimony, or an employee who regularly gives expert testimony, to provide a written report identifying his opinions and the basis for them.  Fed. R. Civ. P. 26(a)(2)(B); *see Indem. Ins. Co. of N. Am. v. Am. Eurocopter LLC*, 227 F.R.D. 421, 423 (M.D.N.C. 2005).  Specifically, the report must contain: (1) the witness's opinions and the bases and reasons for them; (2) the facts the witness considered in forming his opinions; (3) any exhibits the witness will use; (4) the witness's qualifications, "including a list of all publications authored in the previous 10 years"; (5) a list of the cases in the last four years in which the witness has testified as an expert; (6) a statement of the witness's compensation.  Fed. R. Civ. P. 26(a)(2)(B).

A party who does not comply with Rule 26(a) may not use as evidence at trial or on a motion any witness or information not disclosed unless the party shows that the failure to so disclose is "substantially justified" or harmless.  Fed. R. Civ. P. 37(c)(1); *see Carr v. Deeds*, 453 F.3d 593, 602 (4th Cir. 2006), *abrogated on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010).  A district court has broad discretion to determine whether to exclude undisclosed expert evidence and should consider:

---

[1] Pages numbers reference the page number appended by the CM-ECF system, not the page number appended by the litigants.

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

The record reflects that Defendants gave informal notice of their intention to rely on the affidavits filed by the doctors in a May 23, 2012, letter in which they "reserve[d] the right" to rely on all the affidavits of the unsuccessful intervenors. (*See* Doc. 135 at 4.) They never provided a list of the cases in the last four years in which the witness has testified as an expert or a statement of the witness's compensation. *See* Fed. R. Civ. P. 26(a)(2)(B). It is also apparent that the affidavits are so overbroad in connection with the actual issues in this lawsuit that they can hardly be said to function as the kind of report required by the Rule. *See* discussion *infra*. Thus, Defendants did not comply with Rule 26.

Defendants contend that they were not required to file expert reports for Drs. Thorp, Brannon, and McCaffrey because they were not retained or specially employed and they are not employees who regularly give expert testimony. This argument is inconsistent with the expert report requirement, which distinguishes between retained and specially employed experts and those experts who were directly involved in the underlying facts of a case. *See* Fed. R. Civ. P. 26 advisory committee's note to the 1993 amendment, subdiv. (a), ¶ (2)(B) ("A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report."); *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 756-57 (7th Cir. 2004) ("The commentary to Rule 26 supports this textual distinction between retained experts and witnesses providing expert testimony because of their involvement in the facts of the case.").

The proposed experts here are not and were never involved in the litigation. In fact, they have been specifically excluded from involvement in the litigation. *See Stuart*, 2011 WL

6740400, at *1. If Defendants intended to offer the expert testimony of these physicians into evidence, then they were "retained or specially employed" within the meaning of Rule 26. *See Downey v. Bob's Discount Furniture Holdings, Inc.*, 633 F.3d 1, 6-7 (1st Cir. 2011). Once the motion to intervene was denied, Defendants were required to comply with the disclosure requirements of Rule 26(a)(2)(B) in anticipation of their testimony.[2]

Defendants have not shown that their failure to comply with Rule 26(a) was substantially justified or harmless. The affidavits were originally submitted in support of the motion to intervene. As such, they contain large swaths of information that have no bearing on the parties' summary judgment arguments. Defendants' May 2012 letter notifying Plaintiffs that they "reserve[d] the right to rely" on the affidavits, (Doc. 135 at 4), was insufficient to apprise Plaintiffs of which opinions Defendants intended to proffer in support of their arguments. Likewise, Defendants' failure to comply with Rule 26(a) is disruptive to the Court, which would have to sift through the unfocused affidavits and their references with virtually no guidance.

Defendants cite the affidavits in their briefs for only three points. As to Defendants' point about coercion, (Doc. 118 at 25), it is unremarkable and hardly subject to dispute. As to Defendants' point about the time needed to consider the abortion decision, (*id.* at 26), Defendants have other evidence from their expert witness who was properly disclosed. Thus, the evidence is not important to Defendants' case as to these two points, and it will not harm Defendants if this evidence is excluded. *Cf. S. States Rack & Fixture*, 318 F.3d at 598-99 (noting that importance factor "must be viewed from the perspective of both parties" (quotation marks

---

[2] Ordinarily, the Court would not consider evidence proffered by entities who are not parties to the lawsuit. *See Smith v. Pinion*, No. 1:10-CV-29, 2013 WL 3895035, at *1 (M.D.N.C. Jul. 29, 2013). Here, however, Defendants explicitly proffered the affidavits in their summary judgment motion.

omitted)).  This leaves only Defendants' cite, without discussion, to twelve paragraphs of Dr. Thorp's testimony in support of their point that the Act requires the provision of information "relevant to all abortions."  (Doc. 118 at 26.)  This poses the same problem of inexactness as the affidavits in their entirety, but on a smaller scale.  Neither Plaintiffs nor the Court can be expected to guess at how these broad paragraphs might support Defendants' narrow tailoring argument or at how the uncited remainder of the affidavits[3] supports any of Defendants' contentions.

Because neither Defendants' May 2012 letter nor the affidavits themselves put Plaintiffs on notice of the expert opinions on which Defendants intended to rely, Defendants cannot show that their failure to disclose is harmless.  Nor have they offered a substantial justification for their nondisclosure.  To the extent the Court can clearly identify how the evidence might be relevant, the evidence is unimportant.  Accordingly, the Court will grant Plaintiffs' motion as to the purported expert affidavits.

## II. Lay Declarations

Plaintiffs also move to strike certain testimony in the declarations of Chimere Collins, Danelle Hallenbeck, and Tracie Johnson as improper lay opinion testimony or hearsay. Specifically, Plaintiffs seek to strike as improper lay opinion testimony: (1) statements regarding the needs of abortion patients in each witness's declaration, (Doc. 45-4 at ¶¶ 23, 26; Doc. 45-5 at ¶¶ 26-28; Doc. 45-6 at ¶¶ 19-20); (2) statements about the general practices of abortion providers in the declarations of Ms. Collins and Ms. Hallenbeck, (Doc. 45-4 at ¶ 23; Doc. 45-5 at ¶ 22); and (3) medical opinions in the declarations of Ms. Hallenbeck and Ms. Johnson, (Doc. 45-5 at

---

[3] Particularly mystifying is Dr. McCaffrey's affidavit, which Defendants do not cite anywhere in any brief.

5

¶ 11; Doc. 45-6 at ¶¶ 18, 21).  (Doc. 129 at 9 & nn.2, 3, 4.)  Defendants also seek to strike as hearsay: (1) statements by family members, friends, and unidentified staff at medical clinics in each witness's declaration, (Doc. 45-4 at ¶¶ 4-5, 7, 9-11, 13, 15, 17, 22; Doc. 45-5 at ¶¶ 6, 8; Doc. 45-6 at ¶¶ 4, 6, 12); and (2) statements by other women about abortion experiences, (Doc. 45-4 at ¶ 19; Doc. 45-5 at ¶¶ 13, 15-21, 25-28).  (Doc. 129 at 11 & nn.5, 6.)

The Court notes that while Defendants say they are relying on these three affidavits in their motion for summary judgment, (Doc. 117), they only cite one of these affidavits in their briefing.  (*See* Doc. 118 at 25-26 (citing Ms. Johnson's affidavit).)  Thus it appears that this may largely be an academic point.

### A. Improper Opinion Testimony

A lay witness may only testify as to an opinion if the opinion is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  Fed. R. Evid. 701.  "[L]ay opinion testimony *must* be based on personal knowledge," *United States v. Perkins*, 470 F.3d 150, 155-56 (4th Cir. 2006); however, Rule 701 "'does not interdict all inference drawing by lay witnesses.'"  *Id.* (quoting *United States v. Santos*, 201 F.3d 953, 963 (7th Cir. 2000)).

For example, a lay witness may offer testimony that a substance perceived by the witness appeared to be blood, Fed. R. Evid. 701 advisory committee's note to the 2000 amendment; that there was no "law enforcement reason" for an officer's kicks to a subdued suspect that the witness observed, *Perkins*, 470 F.3d at 153, 156; that defendants who the witness observed fighting with police officers were trying to kill the officers, *United States v. Bogan*, 267 F.3d

614, 619-20 (7th Cir. 2001); and that the driver of a car observed by the witness was "in total control" until the other car struck it, *Robinson v. Bump*, 894 F.2d 758, 762-63 (5th Cir. 1990).

Most of the challenged statements here are inadmissible opinion testimony because they are not rationally based on the witnesses' perceptions. (*See* Doc. 45-4 at ¶¶ 23, 26; Doc. 45-5 at ¶¶ 22, 26-28; Doc. 45-6 at ¶¶ 19-20.) These statements are of an entirely different character than the lay opinion testimony approved of by other courts. In concluding that, for example, "women . . . are not told what an ultrasound examination is revealing," (Doc. 45-4 at ¶ 23; *see also id.* at ¶ 26; Doc. 45-5 at ¶¶ 26-28; Doc. 45-6 at ¶¶ 19-20), and "abortionists in North Carolina . . . do not give women enough information for them to make a truly voluntary and fully informed decision about what an abortion is and what risks and adverse complications can arise from abortion," (Doc. 45-5 at ¶ 22; *see also* Doc. 45-4 at ¶ 23), the witnesses extrapolate from their singular experiences a number of years ago to draw conclusions about the current experiences of abortion patients and providers generally. Such generalized conclusions are not rationally based on the witness's own perception.

Likewise, Ms. Hallenbeck's statement that "I believe the complications that I endured [during my third pregnancy] were a direct result of my abortion," (Doc. 45-5 at ¶ 11), is a conclusion not based on her own perception and amounts to medical causation testimony requiring specialized knowledge and expert qualification. *See* Fed. R. Evid. 701(c), 702; *United States v. York*, 600 F.3d 347, 360-61 (5th Cir. 2010) (concluding testimony about brain damage caused by defendant's birth required specialized medical knowledge and was "not the type of opinion that one could reach as a process of everyday reasoning"). Ms. Johnson's statement that "a woman can be too sedated to make a truly voluntary and informed decision about what an abortion is and what risks and adverse complications can arise from abortion," (Doc. 45-6 at ¶

7

21), either falls into these same categories, or is so broad as to be obvious and not helpful to any factfinder.

Plaintiffs also seek to strike Ms. Johnson's statement that "[b]ased upon my own experiences . . . , I believe that I did not give a truly voluntary and fully informed consent to the abortion of my second child," (Doc. 45-6 at ¶ 18), grouping it together with the other inadmissible medical opinions. (*See* Doc. 129 at 10 & n.4.) The Court finds this testimony distinguishable. Here, Ms. Johnson draws a conclusion about her ability to consent based on her own abortion experience and her perception of the events surrounding it. The average person in everyday life is capable of determining whether she made a voluntary decision, based on her own perception. *See United States v. Garcia*, 413 F.3d 201, 215 (2d Cir. 2005); *see also York*, 600 F.3d at 360-61. Ms. Johnson did not need scientific, technical, or other specialized knowledge to come to this conclusion. Lay opinion testimony is admissible when it consists of conclusions drawn from and based on what the witness actually experienced.

Accordingly the Court will grant the motion as to the various general opinions and those requiring specialized knowledge, (Doc. 45-4 at ¶¶ 23, 26; Doc. 45-5 at ¶¶ 11, 22, 26-28; Doc. 45-6 at ¶¶ 19-20, 21), and will deny the motion as to Ms. Johnson's statement quoted above regarding her consent to an abortion. (Doc. 45-6 at ¶ 18.)

### B. Hearsay

Federal Rule of Evidence 802 prohibits hearsay testimony, subject to certain exceptions. Hearsay is defined as "a statement . . . the declarant does not make while testifying . . . offer[ed] in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c).

The vast majority of the statements Plaintiffs seek to strike are not hearsay, as they are not offered for the truth of the matter asserted. All of the statements Plaintiffs want stricken

from the declarations of Ms. Collins and Ms. Johnson and several of the statements from Ms. Hallenbeck's declaration appear to be offered to explain their abortion experiences and what they knew about the abortion process. *See Cloaninger ex rel. Estate of Cloaninger v. McDevitt*, 555 F.3d 324, 328 n.2 (4th Cir. 2009) (holding that deposition testimony that a doctor had told 911 dispatcher about suicide threat was not inadmissible hearsay because it was offered to explain officers' subsequent conduct); *United States v. Safari*, 849 F.2d 891, 894 (4th Cir. 1988) (concluding letters were not hearsay where they were admitted to show defendant's knowledge that package contained drugs). In fact, Defendants would undoubtedly concede that some of the declarations are completely untrue. (*See, e.g.*, Doc. 45-4 at ¶ 5; *id.* at ¶ 7 ("My cousin then told them that my 'mother' had already consented to my abortion over the telephone . . . .")); *cf. United States v. Pratt*, 239 F.3d 640, 644 (4th Cir. 2001) (holding that challenged statements were not hearsay because they were not offered for the truth and were not, in fact, true). Accordingly, the Court will deny Plaintiffs' motion to strike these statements.[4]

Ms. Hallenbeck's declaration contains several statements that appear to be offered for their truth. Ms. Hallenbeck refers to other unfiled affidavits of North Carolina women whom she says claim to have been harmed by their abortions; she appears to quote testimony describing those affiants' own abortion experiences. (Doc. 45-5 at ¶¶ 16-20.) Defendants have not identified a hearsay exclusion or exception under which these statements might fall, and the Court does not see one. Thus, to the extent Defendants offer these statements for their truth, the Court will not consider them. However, to the extent Defendants offer these statements to show what Ms. Hallenbeck knew or knows about abortion, her testimony is not hearsay. Given that

---

[4] To the extent Defendants offer these statements to prove the truth of the matter asserted, the Court will not consider them for that purpose.

Defendants do not cite Ms. Hallenbeck's testimony at any place in their summary judgment briefing, however, it does not appear that this testimony is relevant.

It is therefore **ORDERED** that:

1) Plaintiffs' motion to strike, (Doc. 128), is **GRANTED** in part and **DENIED** in part;

2) The affidavits of Drs. Thorp, (Doc. 45-1), Brannon, (Doc. 45-2), and McCaffrey, (Doc. 45-3), are stricken in their entirety;

3) The lay opinion testimony in the declarations of Ms. Collins, Ms. Johnson, and Ms. Hallenbeck, (Doc. 45-4 at ¶¶ 23, 26; Doc. 45-5 at ¶¶ 11, 22, 26-28; Doc. 45-6 at ¶¶ 19-20, 21), is stricken; and

4) The Court will consider the affiants' statements in Ms. Hallenbeck's declaration, (Doc. 45-5 at ¶¶ 16-20), only to the extent they are not offered for their truth.

This the 17th day of January, 2014.

_____
UNITED STATES DISTRICT JUDGE