IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| GRETCHEN S. STUART, M.D., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | |
| CHERYL WALKER-MCGILL, M.D., et al., ) | Case No. 1:11-cv-00804 |
| ) | |
| Defendants. ) | |

# DECLARATION OF ANDREW BECK, ESQ., IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

ANDREW BECK, ESQ., declares under penalty of perjury that the following statements are true and correct:

1. I submit this declaration in support of Plaintiffs' motion, under 42 U.S.C. § 1988, for attorneys' fees and litigation expenses in this matter.

2. I have worked as an attorney on this case since its inception in 2011, including researching and drafting pleadings in support of Plaintiffs' First Amendment claim and developing the factual record in support of that claim.

3. I currently serve as a Staff Attorney with Reproductive Freedom Project of the American Civil Liberties Union ("ACLU"). The ACLU is a national organization dedicated to the defense of civil liberties. The Reproductive Freedom Project ("RFP"), which is based out of the ACLU's New York office, specializes in litigating reproductive rights cases in state and federal court throughout the United States. For more than three decades, RFP attorneys have participated in nearly every critical reproductive rights case before the Supreme Court. In addition to our reproductive rights work, the ACLU has nearly a century of experience litigating

1

a wide range of civil liberties issues, including First Amendment issues.

4. I graduated magna cum laude and Phi Beta Kappa from Haverford College in 2000 and magna cum laude and Order of the Coif from New York University School of Law in 2007. I was admitted to the bar of the State of New York in 2009 and remain a member in good standing. I am also admitted to the bar of multiple federal courts, including the U.S. Courts of Appeal for the First, Third, Fourth, Ninth, and Eleventh Circuits.

5. Following graduation from law school, I served as a law clerk for three years: first for two years as a clerk for the Hon. Jerome B. Simandle, U.S. District Judge for the District of New Jersey, and second for the Hon. Julio M. Fuentes of the U.S. Court of Appeals for the Third Circuit.

6. Since completing my clerkships, I have worked at the ACLU, where my work has focused exclusively on reproductive rights litigation. That work has included a substantial First Amendment practice challenging laws restricting access to reproductive healthcare—including *Planned Parenthood v. Daugaard*, No. 11-4071 (D.S.D.); *Planned Parenthood v. Brnovich*, No. 15-1022 (D. Ariz.); and the present case. It also encompasses more general experience with constitutional and statutory challenges to laws regulating access to reproductive healthcare, including but not limited to *West Alabama Women's Center v. Williamson*, No. 15-497 (M.D. Ala.); *Reproductive Health Services v. Strange*, No. 14-1014 (M.D. Ala.); *Planned Parenthood Southeast v. Strange*, No. 13-405 (M.D. Ala.); *Planned Parenthood Arizona v. Betlach*, No. 12-1533 (D. Ariz.); *Planned Parenthood of the Great Northwest v. Alaska*, No. S-15010 (Alaska); *American Civil Liberties Union of Kansas and Western Missouri v. Praeger*, No. 11-2462 (D. Kan.); and *American Civil Liberties Union of Massachusetts v. Sebelius*, No. 09-10038 (D. Ma.).

7. The ACLU is one of only three organizations responsible for nearly all of the

2

litigation nationwide on behalf of abortion providers challenging restrictions on access to abortion; the other two organizations are the Center for Reproductive Rights and Planned Parenthood Federation of America, both participants in this lawsuit. In light of our organization's experience in the areas of reproductive rights and First Amendment litigation, it was reasonable for our clients to choose the ACLU to represent them in this matter.

8. Attached to this declaration as Exhibit 1 is a table detailing the hours I have worked on this case since August 2011. The entries in Exhibit 1 show the date legal services were performed, the type of work done, and the amount of time expended. These entries reflect my contemporaneous time records. The total amount of time for which I am seeking compensation is 274 hours.

9. I respectfully request that the Court award an hourly rate of $400 for the legal work I conducted in this case. This rate reflects a substantial reduction from the hourly rates that would be charged for attorneys with similar qualifications and years of experience by major law firms in the New York City market, as reflected in the declarations from Anton Metlitsky and Kimberly Parker.

10. In preparing this fee request, I have exercised reasonable billing judgment and have omitted multiple categories of time entries to ensure that the fee request does not include unnecessary or duplicative entries. For example, during this litigation, multiple senior lawyers at the ACLU reviewed and helped draft pleadings, and participated in discussions of litigation strategy; these senior attorneys include Steven Shapiro, the ACLU's Legal Director, Jennifer Dalven, the Legal Director of RFP, and Talcott Camp, the Deputy Legal Director of RFP. This request excludes time entries for these attorneys. The request likewise excludes time entries for all work on this fee application, all work related to the successful opposition to the motion for

3

intervention, and all work by the ACLU's paralegals.

11. The ACLU represented the clients in this case on a pro bono basis, and thereby assumed the risk that we would receive no compensation for our time and expenses if we did not prevail.

12. For all of the reasons explained above, I believe that the total number of hours and the hourly rate requested are reasonable. Therefore, I respectfully request that the sum of $109,600 be considered the lodestar figure for the attorney's fees award for the work I conducted in this case. The amount was calculated by multiplying 274 hours by the hourly rate of $400.

13. I further request an award of $1,916.98 for expenses incurred by the ACLU in this case. These expenses are set forth in Exhibit 2, which contains a correct account of expenses that were necessarily and actually incurred in furtherance of the litigation of this case. The expenses consist solely of reasonable transportation, lodging, and food costs for one attorney from the ACLU to attend and participate in argument before this Court on the parties' cross-motions for summary judgment, and for one attorney from the ACLU to second-chair the argument on the appeal of this case before the Fourth Circuit.

Andrew Beck, Esq.

Dated: September 10, 2015

4