IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| GRETCHEN S. STUART, M.D., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | |
| CHERYL WALKER-MCGILL, M.D., et al., ) | Case No. 1:11-cv-00804 |
| ) | |
| Defendants. ) | |

### DECLARATION OF KIMBERLY A. PARKER, ESQ., IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES UNDER 42 U.S.C. § 1988(b)

KIMBERLY A. PARKER declares and states the following:

1. I am an attorney admitted to practice in the District of Columbia since 1999 and in the State of New York since 1998. I am a member in good standing of the bars of the United States District Court for the Southern District of New York, several United States Courts of Appeals, and the United States Supreme Court. I submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees and Expenses. It is made upon personal knowledge or information provided to me by Plaintiffs' counsel that I believe to be true.

2. I graduated *magna cum laude* from Princeton University in 1992. In 1996, I received my law degree *magna cum laude* from Harvard Law School, where I served as the Articles Editor of the *Harvard Law Review*. After law school, I worked as a law clerk for the Honorable Alfred T. Goodwin of the United States Court of Appeals for the Ninth Circuit.

1

3. Following my clerkship, from 1997 to 1998, I was a Staff Attorney Fellow at the Reproductive Freedom Project of the American Civil Liberties Union. During my fellowship, I worked on numerous challenges to state laws that restricted and regulated access to abortion.

4. In 1998, I became an associate at the firm then-known as Wilmer, Cutler & Pickering, which merged with Hale and Dorr in May 2004 to become Wilmer Cutler Pickering Hale and Dorr LLP ("Wilmer"). In January 2005, I was elected Partner in the firm. My practice focuses on internal corporate investigations, white-collar criminal matters, and matters involving the Foreign Corrupt Practices Act. I also work on complex civil matters at the trial and appellate levels, including in the United States Supreme Court. I currently co-lead Wilmer's Foreign Corrupt Practices Act and Anti-Corruption Practice, and am the co-chair of the firm's Pro Bono and Community Service Committee.

5. During my tenure at Wilmer, I have continued to work on reproductive-rights litigation. For example, I was a member of the trial team that brought one of several cases challenging a federal ban on a particular abortion procedure. *See Nat'l Abortion Fed. v. Ashcroft*, 330 F. Supp. 2d 436 (S.D.N.Y. 2004). I have also served as counsel in (i) a challenge to an Alabama law requiring physicians at abortion clinics to have admitting privileges at a local hospital, *Planned Parenthood Southeast, Inc. v. Strange*, 33 F. Supp. 3d 1330 (M.D. Ala. 2014); (ii) a challenge to Kentucky's abortion-procedure ban, *Eubanks v. Stengel*, 224 F.3d 576 (6th Cir. 2000); (iii) a case challenging a prohibition on abortion-related advertising on Atlanta's mass transit system, *Nat'l Abortion Fed. v. Metro. Atlanta Rapid Transit Auth.*, 112 F. Supp. 2d 1320 (N.D. Ga. 2000); and (iv) a case challenging a 2011 North Carolina law that sought to prohibit a Planned Parenthood affiliate from receiving government funding, which was held unconstitutional, *Planned Parenthood of Cent. N.C. v. Cansler*, 877 F. Supp. 2d 310 (M.D.N.C. 2012). In

addition, I have filed numerous *amicus* briefs in reproductive-rights cases on behalf of medical and public-health organizations, including in this case and other cases that have involved First Amendment compelled-speech claims.

6. Given my significant and continued involvement in reproductive-rights litigation, I have worked with and am familiar with the high degree of expertise, skill, and reputation in the field of reproductive rights that many of the attorneys that worked on this case possess, in particular attorneys from the Center for Reproductive Rights ("CRR") (including Bebe Anderson and Julie Rikelman), Planned Parenthood Federation of America ("PPFA") (including Helene Krasnoff and Diana Salgado), and the ACLU Reproductive Freedom Project ("ACLU RFP") (including Andrew Beck), who litigate cases all over the country to preserve individuals' civil and constitutional rights to provide and receive reproductive health care. These attorneys are extremely well-qualified to perform work on this litigation.

7. I am aware of O'Melveny & Myers LLP's and Walter Dellinger's reputation in the Washington, D.C. and New York City legal communities, and although I have not been involved in litigation with O'Melveny or Mr. Dellinger, both are well regarded and highly credentialed in the fields of constitutional and appellate law. O'Melveny attorneys and Mr. Dellinger are extremely well-qualified to perform work on this litigation.

8. As an attorney active in complex civil litigation at a Washington, D.C. firm, I am familiar with the range of hourly rates charged by skilled and accomplished attorneys in the community. In addition, as a Partner at my firm, which also has an office in New York City, I am also familiar with the range of hourly rates charged by skilled and accomplished attorneys in the New York City community.

3

9. Between 2011 and present, Wilmer's paying clients have paid between approximately $385 and $690 per hour for Washington, D.C. and New York City-based attorneys with less than five years of experience.

10. Between 2011 and present, Wilmer's paying clients have paid between approximately $650 and $855 per hour for Washington, D.C. and New York City-based attorneys with five to eight years of experience.

11. Between 2011 and present, Wilmer's paying clients have paid between approximately $655 and $1255 per hour for Washington, D.C. and New York City-based attorneys with nine or more years of experience.

12. I have some familiarity with this litigation and the work involved and produced by Plaintiffs' counsel. Because I have been involved in several constitutional challenges to state and federal statutes, I am aware of the unique challenges associated with litigating similar cases.

13. I have reviewed draft declarations by Ms. Rikelman, Ms. Salgado, Mr. Beck, Anton Metlitsky (O'Melveny & Myers LLP) and Christopher Brook (American Civil Liberties Union of North Carolina Legal Foundation), and am of the opinion that the hours devoted by counsel to the successful prosecution of this case are well within the range of hours which I would consider reasonable for the work involved in this case.

14. In my opinion, the 2011 to present prevailing New York City market rate for an attorney with skill, experience, and reputation comparable to Jennifer Sokoler's and Hillary Schneller's (CRR) and Leah Godesky's (O'Melveny) to perform similar work is greater than $250. In addition, in my opinion, the 2011 to present prevailing New York City market rate for an attorney with skill, experience, and reputation comparable to Ms. Salgado's, Mr. Beck's, and Anton Metlitsky's (O'Melveny) to perform similar work is much greater than $400. Similarly,

4

in my opinion, the 2011 to present prevailing New York City market rate for an attorney with skill, experience, and reputation comparable to Ms. Anderson's and Ms. Rikelman's to perform similar work is much greater than $550. Finally, in my opinion, the 2011 to present prevailing Washington, D.C. market rate for an attorney with skill, experience, and reputation comparable to Ms. Krasnoff's and Mr. Dellinger's to perform similar work is much greater than $550.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 11, 2015
Washington, D.C.

Kimberly A. Parker

5