IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| GRETCHEN S. STUART, M.D., et al | )<br>) |
| Plaintiffs | )<br>) |
| v. | )    1:11-cv-804 |
| CHERYL WALKER-MCGILL, M.D., et al | )<br>)<br>) |
| Defendants | ) |

## DECLARATION OF KATHERINE LEWIS PARKER

I, KATHERINE LEWIS PARKER, pursuant to 28 U.S.C. § 1746, declare as follows:

1. My name is Katherine Lewis Parker. I make this declaration in support of Plaintiffs' *Motion for Attorneys' Fees.*

2. I have been licensed to practice law since 2000. I was licensed in the State of Georgia in 2000, in the State of Florida in 2001, and in the State of North Carolina in 2007. I have been continuously practicing in North Carolina since 2007 and have been admitted to practice before the United States District Courts in all three districts in North Carolina, the United States Court of Appeals for the Fourth Circuit, and the United States Supreme Court.

3. I received my J.D., *cum laude,* from the University of Georgia School of Law in 1999, where I was a Notes Editor on the *Georgia Law Review.*

4. After law school, I served as a law clerk to the Honorable John F. Nangle, of the U.S. District Court for the Southern District of Georgia. After my clerkship and prior to joining the ACLU of North Carolina in 2006, I worked for five years as a media and commercial litigation associate for Holland & Knight, LLP, in Jacksonville and Tallahassee, Florida. I left the ACLU

of North Carolina in May 2012 and am now a partner with Tin Fulton Walker & Owen, PLLC, in Wilmington, North Carolina. *See,* Katherine Lewis Parker Resume, attached hereto as Exhibit 1.

## Hours Expended in Litigation

5. I served as attorney for Plaintiffs Gretchen S. Stuart, M.D., James R. Dingfelder, David A. Grimes, M.D., Amy Bryant, M.D., Serena Floyd, M.D., Decker & Watson, Inc., d/b/a Piedmont Carolina Medical Clinic, Planned Parenthood of Central North Carolina, A Woman's Choice of Raleigh, Inc., Planned Parenthood Health Systems, Inc., Takey Crist, M.D., and Takey Crist, M.D., P.A., d/b/a Crist Clinic for Women. I worked on this case from May 2011 until I left my position as Legal Director of the ACLU of North Carolina in May 2012.

6. Attached to the Declaration of Christopher Brook as Exhibit 2 is a document that reflects the time claimed by Plaintiffs for my work in connection with the litigation of this case. Exhibit 2 is a document created from time records I kept in this case, adjusted to reflect careful billing judgment. All time expended was reasonably related to the advancement of Plaintiffs' interest in this litigation.

7. I endeavored in good faith to exclude from the "fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v Eckerhart,* 461 U.S. 424, 434 (1983). The records reflect a conservative account of the actual number of hours I expended in the litigation to date: 174.6 hours. I characterize this number as conservative because, in recording my time as is my usual practice, I discounted the hours actually expended, taking into account the nature of the work, whether it was duplicative, whether the hours worked were excessive in any way, and whether the task would ordinarily be billed to a client. I made these billing judgments based on my knowledge and understanding of the legal profession and billing matters obtained over my years as an associate in private practice, as well as my experience in my current position.

8. These hours include the investigation of the case, legal research, preliminary injunction and summary judgment litigation, and discovery proceedings.

9. I delegated tasks on occasion to the ACLU-NC's paralegal, Emily-Mary Brown. These tasks included assisting in the preparation of the complaint, corporate disclosure, and the motions and briefs relating to the requests for a temporary restraining order and preliminary injunction. Delegating these tasks to her reduced the overall cost of the litigation as she bills her time at a lower hourly rate than I and, otherwise, these tasks would have fallen to me.

### Nature of Case

10. This case, like many cases brought under Title 42 U.S.C. § 1983, has posed unique, difficult challenges. These cases served strong public policies by protecting First Amendment rights from government violation. However, the case would have been undesirable for many attorneys because of the fees and expenses necessarily fronted in this litigation.

11. The facts of the case might be viewed as undesirable by many attorneys. Though the key legal dispute centers on the First Amendment, the current controversy also touches on the exceptionally divisive abortion debate, and the named defendants are government officials. Many attorneys would have been loath to take on such a controversial matter, particularly without a fee.

12. As a direct result of the time required to successfully prosecute this case, I lost the opportunity to take other work on behalf of other potential clients in North Carolina in other constitutional matters.

13. For all of these reasons, most attorneys in the Middle District of North Carolina would not have accepted employment in this case.

14. Often during the course of this litigation the ACLU-NC had only one attorney

licensed and practicing in North Carolina. The ACLU-NC never had more than two attorneys licensed and practicing in North Carolina during the course of this litigation. This individual or these two attorneys were responsible for all civil liberty-related legal matters implicating the mission of the ACLU-NC in our office. None of these attorneys had particular expertise in abortion-related provisions impacting physicians' First Amendment Rights. Given our office's limited resources and experience as well as the complexity and duration of this litigation, the ACLU-NC could not have handled this litigation by itself.

15. I am not aware of attorneys in the North Carolina market that have the same or similar level of expertise in reproductive-rights-related constitutional challenges as Plaintiffs' attorneys at the Center for Reproductive Rights, Planned Parenthood Federation of America, and the ACLU's Reproductive Rights Project.

## Hourly Rates

16. My standard hourly rate for work of this nature is $250/hr. This is the hourly rate I would charge to a paying client for the type of work I performed in this case.

17. In my opinion, the prevailing market rate in the Middle District of North Carolina for an attorney of my skill, experience and reputation to perform the work I performed in this case is equal to or in excess of the $250/hr. requested.

18. In my opinion, the prevailing market rate in the Middle District of North Carolina for an attorney of Christopher A. Brook's skill, experience, and reputation to perform the work performed in this case is equal to or in excess of the $250/hr. requested.

19. In my opinion, the prevailing market rate in the Middle District of North Carolina for a paralegal of Emily-Mary Brown's skill, experience, and reputation to perform the work performed in this case is equal to or in excess of the $125/hr. requested.

20. In further support of these opinions, included as Exhibit 3 to the Declaration of Christopher Brook is a copy of the "Laffey Matrix" – an official statement of market-supported reasonable attorney fee rates.

21. The hourly rates requested by Plaintiffs' Motion for Christopher A. Brook, Emily-Mary Brown, and myself are all significantly lower than the reasonable hourly rates listed on the Laffey Matrix.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Katherine Lewis Parker

Executed this 10th day of September, 2015.