IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| GRETCHEN S. STUART, M.D., et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | 1:11-cv-804 |
| | ) | |
| CHERYL WALKER-MCGILL, M.D., et al | ) | |
| | ) | |
| Defendants | ) | |

## DECLARATION OF JONATHAN D. SASSER

I, Jonathan D. Sasser, pursuant to 28 U.S.C. § 1746, declare as follows:

1. My name is Jonathan D. Sasser. I make this declaration in support of Plaintiffs' *Motion for Attorneys' Fees*.

2. I am an attorney-at-law, and have been licensed to practice law in North Carolina since 1981. I have been licensed to practice law in New York since 1983. I am a partner at Ellis & Winters, LLP, in Raleigh, North Carolina. I am admitted to practice before the United States District Courts in all three districts in North Carolina as well as the Northern District of Texas, the Southern and Eastern Districts of New York, the United States Court of Appeals for the Fourth and Ninth Circuits, and the United States Supreme Court. I have practiced extensively in federal and state courts, both within and without North Carolina, and have been involved in many jury trials.

3. I was honored this year as North Carolina's foremost business litigator by *Business*

*North Carolina* magazine and by Legal Elite as Raleigh's "Lawyer of the Year" for Bet-the-Company Litigation. Since 2013, I have been voted by my peers as one of *Super Lawyers'* top three attorneys in North Carolina.

4. I have been involved in litigation with Katherine Lewis Parker and know that she is skilled, experienced, and extremely well-qualified to perform the work that she did in the subject litigation.

5. I have been involved in litigation with Christopher A. Brook and know that he is skilled, experienced, and extremely well-qualified for perform the work that he did in the subject action.

6. I have some familiarity with the subject case and with the work involved and produced by the Plaintiffs' counsel.

7. Having tried several actions challenging the constitutionality of governmental actions or restrictions under Title 42 U.S.C. § 1983, I am aware of the unique and difficult challenges such an action presents.

8. I have read a draft of Ms. Parker's and Mr. Brook's declarations and concur with their conclusions that this case would have been viewed as undesirable for the reasons stated therein.

9. I concur with Ms. Parker and Mr. Brook that, as a result of the time required to successfully prosecute this case, they lost the opportunity to take on work on behalf of other clients over the pendency of this litigation.

10. For the reasons set forth in their declarations, most attorneys in North Carolina would not have accepted the representation in the subject case.

11. I am of the opinion that the hours devoted by counsel to the prosecution of the subject

case, which resulted in success, are well within the range of hours which I would consider reasonable for the work involved in this case.

12. I am of the opinion that the hours devoted by the ACLU-NC's paralegal, Emily-Mary Brown, to the prosecution of the subject case are reasonable and would customarily be billed to a client.

13. I agree with the methodology utilized by Ms. Parker and Mr. Brook in excluding all hours that were excessive, redundant, or otherwise unnecessary to the prosecution of the claim upon which the Plaintiffs were ultimately successful.

14. My hourly rate is currently $625.00. I am aware of other Raleigh lawyers with similar experience, clients, and sophistication of practice who charge a similar hourly rate.

15. In my opinion, the prevailing market rate in the Middle District of North Carolina for an attorney of Ms. Parker's skill, experience, and reputation to perform the work she performed in the subject case is equal to or in excess of the $250/hr. requested.

16. In my opinion, the prevailing market rate in the Middle District of North Carolina for an attorney of Mr. Brook's skill, experience, and reputation to perform the work he performed in the subject case is equal to or in excess of the $250/hr. requested.

17. In my opinion, the prevailing market rate in the Middle District of North Carolina for a paralegal of Emily-Mary Brown's skill, experience, and reputation to perform the work she performed in this case is equal to or in excess of the $125/hr. requested.

18. Often during the course of this litigation the ACLU-NC had only one attorney licensed and practicing in North Carolina. The ACLU-NC never had more than two attorneys licensed and practicing in North Carolina during the course of this litigation. I understand that none of these attorneys had particular expertise in abortion-related provisions impacting physicians' First

Amendment rights. This one or these two attorneys were responsible for all civil liberty related legal matters implicating the mission of the ACLU-NC in its office. I am familiar with the work of the ACLU-NC and can state these are sizable responsibilities, especially in recent years. Given ACLU-NC's limited resources and experience as well as the complexity and duration of this litigation, it is my opinion that the ACLU-NC could not have handled this litigation without further expert litigation assistance.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Jonathan D. Sasser

Executed this 7th day of September, 2015.