IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| GRETCHEN S. STUART, M.D., et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | 1:11-cv-804 |
| | ) | |
| CHERYL WALKER-MCGILL, M.D., et al., | ) | |
| | ) | |
| Defendants | ) | |

**DECLARATION OF MARK SIGMON**

I, Mark Sigmon, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      My name is Mark Sigmon.  I make this declaration in support of Plaintiffs'
*Motion for Attorneys' Fees.*

2.      I graduated *summa cum laude* from Duke Law School in 2005.  I then clerked for
the Honorable Patrick E. Higginbotham on the United States Court of Appeals for the Fifth
Circuit from 2005-2007.

3.      I am admitted to practice before the United States District Courts in all three
districts in North Carolina, the United States Courts of Appeals for the Fourth and Fifth Circuits,
and the United States Supreme Court.

4.      I have been involved in litigation with Katherine Lewis Parker and know that she
is skilled, experienced, and well-qualified to perform the work that she did in the subject
litigation.

5.      I have been involved in litigation with Christopher A. Brook and know that he is
skilled, experienced, and well-qualified for perform the work that he did in the subject action.

6.	In particular, I litigated a First Amendment case with Ms. Parker and Mr. Brook, challenging a speech restriction imposed by the Town of Cary, North Carolina. I have represented other individuals *pro bono* in civil rights matters in federal court.

7.	I have some familiarity with the subject case and with the work involved and produced by the Plaintiffs' counsel.

8.	Having tried an action challenging the constitutionality of a governmental speech restriction under Title 42 U.S.C. § 1983, I am aware of the unique and difficult challenges such an action presents. Similarly, having represented clients in civil rights matters *pro bono*, I am aware of the paucity of pro bono counsel for such labor intensive matters in the state.

9.	I have read a draft of Ms. Parker's and Mr. Brook's declarations and concur with their conclusions that this case would have been viewed as undesirable for the reasons stated therein.

10.	I concur with Ms. Parker and Mr. Brook that, as a result of the time required to successfully prosecute this case, they lost he opportunity to take on work on behalf of other clients over the pendency of this litigation.

11.	For the reasons set forth in their declarations, most attorneys in North Carolina would not have accepted the representation in the subject case.

12.	I am of the opinion that the hours devoted by counsel to the prosecution of the subject case, which resulted in success, are well within the range of hours that I would consider reasonable for the work involved in this case.

13.	I am of the opinion that the hours devoted by the ACLU-NC's paralegal, Emily-Mary Brown, to the prosecution of the subject case are reasonable and would customarily be billed to a client.

14.     I agree with the methodology utilized by Ms. Parker and Mr. Brook in excluding all hours that were excessive, redundant, or otherwise unnecessary to the prosecution of the claim upon which the Plaintiffs were ultimately successful.

15.     In my opinion, the prevailing market rate in the Middle District of North Carolina for an attorney of Ms. Parker's skill, experience, and reputation to perform the work she performed in the subject case is equal to or in excess of the $250/hr. requested.

16.     In my opinion, the prevailing market rate in the Middle District of North Carolina for an attorney of Mr. Brook's skill, experience, and reputation to perform the work he performed in the subject case is equal to or in excess of the $250/hr. requested.

17.     In my opinion, the prevailing market rate in the Middle District of North Carolina for a paralegal of Emily-Mary Brown's skill, experience, and reputation to perform the work she performed in this case is equal to or in excess of the $125/hr. requested.

18.     Often during this litigation the ACLU-NC had only one attorney licensed and practicing in North Carolina.  The ACLU-NC never had more than two attorneys licensed and practicing in North Carolina during this case.  None of these attorneys had particular expertise in abortion-related provisions impacting physicians' First Amendment rights.  This individual attorney or these two attorneys were responsible for all civil liberty-related legal matters implicating the mission of the ACLU-NC in its office.  I am familiar with the ACLU-NC's work and can state these are sizable responsibilities, especially of late.  Given its limited resources and experience as well as the complexity and duration of this litigation, it is my opinion that the ACLU-NC could not have handled this litigation without further expert litigation assistance.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _9ᵗʰ_ day of September, 2015.

_Mark Sigmon_ (signature)

Mark Sigmon

Sworn to and subscribed before me
this the _9ᵗʰ_ day of September, 2015.

_Jessica H. Glendenning_ (signature)

Notary Public

My Commission Expires: 11/30/2016

JESSICA H. GLENDENNING
NOTARY PUBLIC
Wake County
North Carolina
My Commission Expires 11/30/2016